## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03013-PAB-KLM

BIAX CORPORATION,

     Plaintiff,

vs.

MOTOROLA, INC.,
HEWLETT-PACKARD COMPANY,
CISCO SYSTEMS, INC.,
CANON U.S.A., INC.,
CANON, INC.,
BROTHER INTERNATIONAL CORPORATION,
BROTHER INDUSTRIES, LTD.,
RICOH AMERICAS CORPORATION, and
RICOH COMPANY, LTD.,

     Defendants.

---

### UNOPPOSED MOTION BY RICOH AMERICAS AND RICOH LTD. FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT

Defendants Ricoh Americas Corporation ("Ricoh Americas") and Ricoh Company, Ltd. ("Ricoh Ltd.") respectfully move the Court for an additional 90 days, to and including April 4, 2011, to answer or otherwise respond to the Complaint.

### Certificate of Compliance with D.C.COLO.LCivR. 7.1(A)

The Undersigned Counsel for these defendants conferred with Joseph Palys, Esq., one of plaintiff's attorneys of record, on December 29, 2010, about the relief sought by this Motion and other matters. On the basis of the compromise described hereinafter, plaintiff has agreed to the extension of time sought herein and Ricoh Ltd. joins as a movant.

**Grounds for Motion**

1. Plaintiff commenced this action on December 13, 2010. (Doc. # 1.)

2. Plaintiff served defendant Ricoh Americas on December 14, 2010. (Doc. # 10.)

3. Plaintiff has not yet served defendant Ricoh Ltd., which is a Japanese national entity headquartered in Japan. Service of process on a Japanese national located outside the United States is a potentially time-consuming and burdensome process.

4. The Undersigned was engaged on December 29 and authorized to seek an extension of time for a response by both Ricoh defendants and in consideration to offer a possible arrangement for accepting service of the summons and complaint for Ricoh Ltd. The Undersigned promptly contacted counsel for plaintiff and the parties' respective counsel reached the following agreement, subject to court approval: both Ricoh defendants would have to and including April 4, 2011, to respond to the Complaint and, in exchange, Ricoh Ltd. would accept service of the summons and complaint through the Undersigned Counsel, reserving all other defenses. The Undersigned has submitted a form of waiver of service by Ricoh Ltd. for approval by counsel for plaintiff.

5. On the basis of this agreement, Ricoh Ltd. joins with Ricoh Americas to move the Court to grant the requested extension as part of the overall resolution. Although 90 days is a longer extension then is regularly sought in civil cases, the Undersigned is informed that extensions of this duration are common for overseas

defendants in patent cases.  Further, the Undersigned has never before represented the Ricoh defendants and requires the additional time to make appropriate arrangements and investigations to prepare and file a response and defend the lawsuit.  These needs are complicated by the fact that Ricoh Ltd. is a Japanese national.

6.      It is appropriate to have a common response date for Ricoh Americas and Ricoh Ltd.  They are affiliated entities.  Plaintiff makes common allegations against them.

7.      Plaintiff is benefitted by this arrangement because it avoids the costs and inconveniences of arranging for international service on a Japanese national and provides a date certain for a response by the Japanese entity.

8.      The Court is benefitted by this arrangement because, in addition to the foregoing, it receives the certainty of a timely appearance and response date for a Japanese national.  Because the case is just beginning, the extended time for a response will not interfere with the progress of this litigation.  The Undersigned believes that the proposed response date is probably the best that would be obtained if plaintiff were required to effect service on Ricoh Ltd. through international channels.

9.      For the reasons stated herein, the Ricoh defendants have shown good cause for the requested extension to April 4, 2011.

10.     Pursuant to D.C.Colo.LCivR 6.1(E), the Undersigned Counsel is simultaneously serving a copy of this motion on the Ricoh client representative(s).

- 4 -

WHEREFORE, Ricoh Americas Corporation and Ricoh Company, Ltd. request that the Court enter an order extending their deadline to answer or otherwise respond to the Complaint to and including April 4, 2011.

DATED:  December 30, 2010.        Respectfully submitted,

*s/ Bruce A. Featherstone*
Bruce A. Featherstone
**FEATHERSTONE PETRIE DESISTO LLP**
600 17th Street, Suite 2400-S
Denver, Colorado  80202-5424
Telephone:  303-626-7100
Facsimile:  303-626-7101
bfeatherstone@featherstonelaw.com

*Attorneys for Defendants*
*Ricoh Americas Corporation and Ricoh Company, Ltd.*

- 5 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 30, 2010, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Edward J. Naidich | ed.naidich@finnegan.com |
| Joseph E. Palys | joseph.palys@finnegan.com |

       *s/ Rose Cusack*
       Rose Cusack