IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:10-cv-03013-PAB-KLM

BIAX CORPORATION,

       Plaintiff,

   v.

MOTOROLA, INC.,
HEWLETT-PACKARD COMPANY,
CISCO SYSTEMS, INC.,
CANON U.S.A., INC.,
CANON, INC.,
BROTHER INTERNATIONAL CORPORATION,
BROTHER INDUSTRIES, LTD.,
RICOH AMERICAS CORPORATION, and
RICOH COMPANY, LTD.,

       Defendants.

---

## BIAX CORPORATION'S ANSWER TO COUNTERCLAIMS OF DEFENDANT HEWLETT-PACKARD COMPANY

---

Plaintiff BIAX Corporation ("BIAX") for its Answer to the Counterclaims of Defendant Hewlett-Packard Company ("Hewlett-Packard"), states as follows:

1.     BIAX states that paragraph 100 alleges what appears to be an incorrect zip code for Hewlett-Packard's principal place of business but otherwise admits the allegations of paragraph 100 of Hewlett-Packard's Counterclaims.

2.     BIAX admits the allegations of paragraph 101 of Hewlett-Packard's Counterclaims.

3.    BIAX admits that Hewlett-Packard purports to assert counterclaims that arise under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and 28 U.S.C. § 1498 (a). BIAX denies that a declaration of rights under those counterclaims is required by this Court.

4.    BIAX admits the allegations of paragraph 103 of Hewlett-Packard's Counterclaims.

5.    BIAX admits the allegations of paragraph 104 of Hewlett-Packard's Counterclaims.

6.    BIAX admits the allegations of paragraph 105 of Hewlett-Packard's Counterclaims.

7.    BIAX admits the allegations of paragraph 106 of Hewlett-Packard's Counterclaims.

8.    BIAX admits the allegations of paragraph 107 of Hewlett-Packard's Counterclaims.

9.    BIAX denies that the Complaint limits Hewlett-Packard's accused products to "certain HP printers," but otherwise admits the allegations of paragraph 108 of Hewlett-Packard's Counterclaims.

10.    BIAX incorporates its responses to paragraphs 100 through 108 of Hewlett-Packard's Counterclaims in response to the allegations of paragraph 109 of Hewlett-Packard's Counterclaims.

{00897769 / 1}

11.    BIAX admits the allegations of paragraph 110 of Hewlett-Packard's
       Counterclaims.

12.    BIAX admits the allegations of paragraph 111 of Hewlett-Packard's
       Counterclaims.

13.    BIAX admits the allegations of paragraph 112 of Hewlett-Packard's
       Counterclaims.

14.    BIAX admits the allegations of paragraph 113 of Hewlett-Packard's
       Counterclaims.

15.    BIAX denies the allegations of paragraph 114 of Hewlett-Packard's
       Counterclaims.

16.    BIAX denies the allegations of paragraph 115 of Hewlett-Packard's
       Counterclaims.

17.    BIAX denies the allegations of paragraph 116 of Hewlett-Packard's
       Counterclaims.

18.    BIAX incorporates its responses to paragraphs 100 through 116 of Hewlett-
       Packard's Counterclaims in response to the allegations of paragraph 117 of
       Hewlett-Packard's Counterclaims.

19.    BIAX admits the allegations of paragraph 118 of Hewlett-Packard's
       Counterclaims.

20.    BIAX admits the allegations of paragraph 119 of Hewlett-Packard's
       Counterclaims.

21.    BIAX   denies   the   allegations   of   paragraph   120   of   Hewlett-Packard's Counterclaims.

22.    BIAX   denies   the   allegations   of   paragraph   121   of   Hewlett-Packard's Counterclaims.

23.    BIAX   denies   the   allegations   of   paragraph   122   of   Hewlett-Packard's Counterclaims.

24.    BIAX   denies   the   allegations   of   paragraph   123   of   Hewlett-Packard's Counterclaims.

25.    BIAX   denies   the   allegations   of   paragraph   124   of   Hewlett-Packard's Counterclaims.

26.    BIAX   denies   the   allegations   of   paragraph   125   of   Hewlett-Packard's Counterclaims.

27.    BIAX   admits   the   allegations   of   paragraph   126   of   Hewlett-Packard's Counterclaims.

28.    BIAX states that the file history of the referenced application speaks for itself and, except as so stated, denies the allegations of paragraph 127 of Hewlett-Packard's Counterclaims.

29.    BIAX states that the file history of the referenced application speaks for itself and, except as so stated, denies the allegations of paragraph 128 of Hewlett-Packard's Counterclaims.

30.   BIAX states that the file history of the referenced application speaks for itself and, except as so stated, denies the allegations of paragraph 129 of Hewlett-Packard's Counterclaims.

31.   BIAX states that the file history of the referenced application speaks for itself and, except as so stated, denies the allegations of paragraph 130 of Hewlett-Packard's Counterclaims.

32.   BIAX states that the "findings" to which paragraph 131 of Hewlett-Packard's Counterclaims refer were never adopted by the International Trade Commission ("ITC") in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those "findings" in its determination. Accordingly, those "findings" are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 131 of Hewlett-Packard's Counterclaims.

33.   BIAX states that the portions of the Initial Determination to which paragraph 132 of Hewlett-Packard's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 132 of Hewlett-Packard's Counterclaims.

34.   BIAX states that the portions of the Initial Determination to which paragraph 133 of Hewlett-Packard's Counterclaims refers were never adopted by the ITC in its

determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 133 of Hewlett-Packard's Counterclaims.

35.   BIAX states that the portions of the Initial Determination to which paragraph 134 of Hewlett-Packard's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 134 of Hewlett-Packard's Counterclaims.

36.   BIAX states that the portions of the Initial Determination to which paragraph 135 of Hewlett-Packard's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 135 of Hewlett-Packard's Counterclaims.

37.   BIAX states that the portions of the Initial Determination to which paragraph 136 of Hewlett-Packard's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically

declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 136 of Hewlett-Packard's Counterclaims.

38.    BIAX states that the portions of the Initial Determination to which paragraph 137 of Hewlett-Packard's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 137 of Hewlett-Packard's Counterclaims.

39.    BIAX states that the portions of the Initial Determination to which paragraph 138 of Hewlett-Packard's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 138 of Hewlett-Packard's Counterclaims.

40.    BIAX states that the portions of the Initial Determination to which paragraph 139 of Hewlett-Packard's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those

portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 139 of Hewlett-Packard's Counterclaims.

41.     BIAX states that the portions of the Initial Determination to which paragraph 140 of Hewlett-Packard's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 140 of Hewlett-Packard's Counterclaims.

42.     BIAX states that the portions of the Initial Determination to which paragraph 141 of Hewlett-Packard's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 141 of Hewlett-Packard's Counterclaims.

43.     BIAX states that the portions of the Initial Determination to which paragraph 142 of Hewlett-Packard's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this

lawsuit. Except as so stated, BIAX denies the allegations of paragraph 142 of Hewlett-Packard's Counterclaims.

44.     BIAX states that the portions of the Initial Determination to which paragraph 143 of Hewlett-Packard's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 143 of Hewlett-Packard's Counterclaims.

45.     BIAX states that the portions of the Initial Determination to which paragraph 144 of Hewlett-Packard's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 144 of Hewlett-Packard's Counterclaims.

46.     BIAX states that the portions of the Initial Determination to which paragraph 145 of Hewlett-Packard's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this

lawsuit.  Except as so stated, BIAX denies the allegations of paragraph 145 of Hewlett-Packard's Counterclaims.

47.    BIAX states that the portions of the Initial Determination to which paragraph 146 of Hewlett-Packard's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination.   Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit.  Except as so stated, BIAX denies the allegations of paragraph 146 of Hewlett-Packard's Counterclaims.

48.    BIAX states that the portions of the Initial Determination to which paragraph 147 of Hewlett-Packard's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination.   Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit.  Except as so stated, BIAX denies the allegations of paragraph 147 of Hewlett-Packard's Counterclaims.

49.    BIAX states that the portions of the Initial Determination to which paragraph 148 of Hewlett-Packard's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination.   Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this

lawsuit.  Except as so stated, BIAX denies the allegations of paragraph 148 of Hewlett-Packard's Counterclaims.

50.     BIAX states that the portions of the Initial Determination to which paragraph 149 of Hewlett-Packard's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination.  Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit.  Except as so stated, BIAX denies the allegations of paragraph 149 of Hewlett-Packard's Counterclaims.

51.     BIAX states that the portions of the Initial Determination to which paragraph 150 of Hewlett-Packard's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination.  Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit.  Except as so stated, BIAX denies the allegations of paragraph 150 of Hewlett-Packard's Counterclaims.

52.     BIAX states that the portions of the Initial Determination to which paragraph 151 of Hewlett-Packard's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination.  Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this

lawsuit.  Except as so stated, BIAX denies the allegations of paragraph 151 of Hewlett-Packard's Counterclaims.

53.    BIAX states that the portions of the Initial Determination to which paragraph 152 of Hewlett-Packard's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination.   Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit.  Except as so stated, BIAX denies the allegations of paragraph 152 of Hewlett-Packard's Counterclaims.

54.    BIAX admits the allegations of paragraph 153 of Hewlett-Packard's Counterclaims.

55.    BIAX states that the specifications of the Asserted Patents speak for themselves and, except as so stated, denies the allegations of paragraph 154 of Hewlett-Packard's Counterclaims.

56.    BIAX denies the allegations of paragraph 155 of Hewlett-Packard's Counterclaims.

57.    BIAX denies the allegations of paragraph 156 of Hewlett-Packard's Counterclaims.

WHEREFORE, BIAX requests that judgment in its favor be entered against Hewlett-Packard on its Counterclaims and that BIAX be granted the relief requested in its Complaint.

## DEFENSES

1.      Hewlett-Packard's Counterclaims fail to state a claim upon which relief can be

granted.

2.      Hewlett-Packard fails to plead its claims of inequitable conduct with the

particularity required by Rule 9(b), Federal Rules of Civil Procedure.

## JURY DEMAND

BIAX demands a trial by jury.

Dated this 24th day of February, 2011.

Respectfully submitted,

*s/ Scott M. Browning*
Charles Goldberg
Scott Browning
ROTHGERBER JOHNSON &
LYONS LLP
1200 Seventeenth Street
Denver, Colorado 80202
Telephone: 303.628.9000
Facsimile: 303.623.9222
E-mail: cgoldberg@rothgerber.com
        sbrowning@rothgerber.com

OF COUNSEL:

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP

Edward J. Naidich
901 New York Ave., NW
Washington, DC 20001
Telephone: 202.408.4365
Facsimile: 202.408.4400
E-mail: ed.naidich@finnegan.com

Joseph E. Palys
11955 Freedom Drive
Reston, VA 20190
Telephone: 571.203.2713
Facsimile: 202.408.4400
E-mail: joseph.palys@finnegan.com

*Attorneys for BIAX Corporation*

{00897769 / 1}

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of February, 2011, I electronically filed the foregoing BIAX CORPORATION'S ANSWER TO COUNTERCLAIMS OF DEFENDANT HEWLETT-PACKARD COMPANY with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Kenneth H. Lyman
Sarah Jane Mitchell
Hall & Evans, LLC-Denver
1125 17th Street, #600
Denver CO  80202-2052
Fax: 303-628-3368
lymank@hallevans.com
mitchellj@hallevans.com

David Jack Levy
Preetam Ashok Shingavi
Rick L. Rambo
Morgan Lewis & Bockius, LLP-Houston
1000 Louisiana Street, #4000
Houston TX  77002
Fax: 713-890-5001
dlevy@morganlewis.com
pshingavi@morganlewis.com
rrambo@morganlewis,com

Jonathan Bernhardt
Roger P. Thomasch
Ballard Spahr, LLP-Denver
1225 Seventeenth Street, #2300
Denver CO  80202-5596
Fax: 303-296-3956
bernhardt@ballardspahr.com
thomasch@ballardspahr.com

Kurt Max Pankratz
Baker Botts, LLP-Dallas
2001 Ross Avenue, #600
Dallas TX  75201-2980
Fax: 214-661-4584
kurt.pankratz@bakerbotts.com

John R. Edwards
Kirkland & Ellis, LLP-Palo Alto
P.O. Box 51827
950 Page Mill Road
Palo Alto CA  94303
Fax: 650-859-7500
john.edwards@kirkland.com

Bruce A. Featherstone
Featherstone Petrie DeSisto, LLP
600 17th Street, #2400 South
Denver CO  80202-5424
Fax: 303-626-7101
bfeatherstone@featherstonelaw.com

*s/ Scott M. Browning*