**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:10-cv-03013-PAB-KLM

BIAX CORPORATION,

       Plaintiff,

v.

MOTOROLA SOLUTIONS, INC.,
MOTOROLA MOBILITY, INC.,
HEWLETT-PACKARD COMPANY,
CISCO SYSTEMS, INC.,
CANON U.S.A., INC.,
CANON, INC.,
BROTHER INTERNATIONAL CORPORATION,
BROTHER INDUSTRIES, LTD.,
RICOH AMERICAS CORPORATION, and
RICOH COMPANY, LTD.,

       Defendants.

---

**BIAX CORPORATION'S ANSWER TO COUNTERCLAIMS OF DEFENDANTS**
**RICOH AMERICAS CORPORATION AND RICOH COMPANY, LTD.**

---

Plaintiff BIAX Corporation ("BIAX") for its Answer to the Counterclaims of Defendant Ricoh Americas Corporation and Ricoh Company, Ltd. (collectively "Ricoh"), states as follows:

1. BIAX admits the allegations of paragraph 1 of Ricoh's Counterclaims.

2. BIAX admits the allegations of paragraph 2 of Ricoh's Counterclaims.

3. BIAX admits that this Court has jurisdiction over the subject matter of Ricoh's Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202, and that venue for Ricoh's Counterclaims is proper in this District, but

   denies that a declaration of rights under those Counterclaims is required by this Court in response to the allegations of paragraph 3 of Ricoh's Counterclaims.

4. BIAX admits the allegations of paragraph 4 of Ricoh's Counterclaims.

5. BIAX admits the allegations of paragraph 5 of Ricoh's Counterclaims.

6. BIAX denies the allegations of paragraph 6 of Ricoh's Counterclaims.

7. BIAX denies the allegations of paragraph 7 of Ricoh's Counterclaims.

8. BIAX incorporates its responses to paragraphs 1-7 of Ricoh's Counterclaims in response to the allegations of paragraph 8 of Ricoh's Counterclaims.

9. BIAX denies the allegations of paragraph 9 of Ricoh's Counterclaims.

10. BIAX denies the allegations of paragraph 10 of Ricoh's Counterclaims.

11. BIAX denies the allegations of paragraph 11 of Ricoh's Counterclaims.

12. BIAX incorporates its responses to paragraphs 1-11 of Ricoh's Counterclaims in response to the allegations of paragraph 12 of Ricoh's Counterclaims.

13. BIAX denies the allegations of paragraph 13 of Ricoh's Counterclaims.

14. BIAX denies the allegations of paragraph 14 of Ricoh's Counterclaims.

15. BIAX denies the allegations of paragraph 15 of Ricoh's Counterclaims.

16. BIAX incorporates its responses to paragraphs 1-15 of Ricoh's Counterclaims in response to the allegations of paragraph 16 of Ricoh's Counterclaims.

17. BIAX denies the allegations of paragraph 17 of Ricoh's Counterclaims.

18. BIAX denies the allegations of paragraph 18 of Ricoh's Counterclaims.

19. BIAX denies the allegations of paragraph 19 of Ricoh's Counterclaims.

20. BIAX incorporates its responses to paragraphs 1-19 of Ricoh's Counterclaims in response to the allegations of paragraph 20 of Ricoh's Counterclaims.

21. BIAX denies the allegations of paragraph 21 of Ricoh's Counterclaims.

22. BIAX denies the allegations of paragraph 22 of Ricoh's Counterclaims.

23. BIAX denies the allegations of paragraph 23 of Ricoh's Counterclaims.

24. BIAX incorporates its responses to paragraphs 1-23 of Ricoh's Counterclaims in response to the allegations of paragraph 24 of Ricoh's Counterclaims.

25. BIAX denies the allegations of paragraph 25 of Ricoh's Counterclaims.

26. BIAX states that the findings of the Initial Determination to which paragraph 26 of Ricoh's Counterclaims refer were never adopted by the International Trade Commission ("ITC") in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those findings in its determination. Accordingly, those portions are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 26 of Ricoh's Counterclaims.

27. BIAX denies the allegations of paragraph 27 of Ricoh's Counterclaims.

28. BIAX states that the file history of the referenced application speaks for itself and, except as so stated, denies the allegations of paragraph 28 of Ricoh's Counterclaims.

29. BIAX states that the file history of the referenced application speaks for itself and, except as so stated, denies the allegations of paragraph 29 of Ricoh's Counterclaims.

30. BIAX states that the file history of the referenced application speaks for itself and, except as so stated, denies the allegations of paragraph 30 of Ricoh's Counterclaims.

31. BIAX states that the file history of the referenced application speaks for itself and, except as so stated, denies the allegations of paragraph 31 of Ricoh's Counterclaims.

32. BIAX states that the findings of the Initial Determination to which paragraph 32 of Ricoh's Counterclaims refer were never adopted by the International Trade Commission ("ITC") in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those findings in its determination. Accordingly, those portions are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 32 of Ricoh's Counterclaims.

33. BIAX states that the portions of the Initial Determination to which paragraph 33 of Ricoh's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 33 of Ricoh's Counterclaims.

34. BIAX states that the portions of the Initial Determination to which paragraph 34 of Ricoh's Counterclaims refers were never adopted by the ITC in its

determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 34 of Ricoh's Counterclaims.

35. BIAX states that the portions of the Initial Determination to which paragraph 35 of Ricoh's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 35 of Ricoh's Counterclaims.

36. BIAX states that the portions of the Initial Determination to which paragraph 36 of Ricoh's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 36 of Ricoh's Counterclaims.

37. BIAX states that the portions of the Initial Determination to which paragraph 37 of Ricoh's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically

        declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 37 of Ricoh's Counterclaims.

38. BIAX states that the portions of the Initial Determination to which paragraph 38 of Ricoh's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 38 of Ricoh's Counterclaims.

39. BIAX states that the portions of the Initial Determination to which paragraph 39 of Ricoh's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 39 of Ricoh's Counterclaims.

40. BIAX states that the portions of the Initial Determination to which paragraph 40 of Ricoh's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those

portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 40 of Ricoh's Counterclaims.

41. BIAX states that the portions of the Initial Determination to which paragraph 41 of Ricoh's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 41 of Ricoh's Counterclaims.

42. BIAX states that the portions of the Initial Determination to which paragraph 42 of Ricoh's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 42 of Ricoh's Counterclaims.

43. BIAX states that the portions of the Initial Determination to which paragraph 43 of Ricoh's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this

      lawsuit. Except as so stated, BIAX denies the allegations of paragraph 43 of Ricoh's Counterclaims.

44. BIAX states that the portions of the Initial Determination to which paragraph 44 of Ricoh's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 44 of Ricoh's Counterclaims.

45. BIAX states that the portions of the Initial Determination to which paragraph 45 of Ricoh's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 45 of Ricoh's Counterclaims.

46. BIAX states that the portions of the Initial Determination to which paragraph 46 of Ricoh's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this

        lawsuit.  Except as so stated, BIAX denies the allegations of paragraph 46 of Ricoh's Counterclaims.

47. BIAX states that the portions of the Initial Determination to which paragraph 47 of Ricoh's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination.  Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit.  Except as so stated, BIAX denies the allegations of paragraph 47 of Ricoh's Counterclaims.

48. BIAX states that the portions of the Initial Determination to which paragraph 48 of Ricoh's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination.  Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit.  Except as so stated, BIAX denies the allegations of paragraph 48 of Ricoh's Counterclaims.

49. BIAX states that the portions of the Initial Determination to which paragraph 49 of Ricoh's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination.  Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this

lawsuit. Except as so stated, BIAX denies the allegations of paragraph 49 of Ricoh's Counterclaims.

50. BIAX states that the portions of the Initial Determination to which paragraph 50 of Ricoh's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 50 of Ricoh's Counterclaims.

51. BIAX states that the portions of the Initial Determination to which paragraph 51 of Ricoh's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 51 of Ricoh's Counterclaims.

52. BIAX states that the portions of the Initial Determination to which paragraph 52 of Ricoh's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this

lawsuit. Except as so stated, BIAX denies the allegations of paragraph 52 of Ricoh's Counterclaims.

53. BIAX states that the portions of the Initial Determination to which paragraph 53 of Ricoh's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 53 of Ricoh's Counterclaims.

54. BIAX admits that the '313 and '628 patents claim priority to the '221 application that issued as the '755 patent, and those patents issued from a series of continuation and divisional applications relating to the '221 application, and that the file histories and specifications of the '313 and '628 patents speak for themselves in response to the allegations of paragraph 54 of Ricoh's Counterclaims.

55. BIAX states that the file history of the referenced application speaks for itself and, except as so stated, denies the allegations of paragraph 55 of Ricoh's Counterclaims.

56. BIAX states that the Manual of Patent Examining Procedure ("MPEP") § 2001.06(c) speaks for itself and except as so stated, BIAX denies the allegations of paragraph 56 of Ricoh's Counterclaims.

11

57. BIAX states that the file histories of the reexamination proceedings referenced in paragraph 57 speak for themselves and except as so stated, BIAX denies the allegations of paragraph 57 of Ricoh's Counterclaims.

58. BIAX admits that the Initial Determination to which paragraph 58 of Ricoh's Counterclaims refers was issued during the time that the '628 and '313 Patent reexamination proceedings were pending and, except as so admitted, denies the allegations of paragraph 58 of Ricoh's Counterclaims.

59. BIAX admits that the parties in the Philips ITC Investigation petitioned the ITC for review of that Initial Determination, states that the file histories of the reexamination proceedings referenced in paragraph 59 of Ricoh's Counterclaims speak for themselves, and state that the portions of that Initial Determination relating to (1) the interpretation of § 1337(a)(1)(B)(i), (2) new matter and written description (including infringement relating to the "processor elements" limitation), and (3) enforceability, were never adopted by the ITC in its determination of the Philips ITC Investigation; indeed, the ITC specifically declined to include those portions in its determination.  Except as so admitted and stated, BIAX denies the allegations of paragraph 59 of Ricoh's Counterclaims.

60. BIAX states that the file histories of the reexamination proceedings referenced in paragraph 60 of Ricoh's Counterclaims speak for themselves and except as so stated, BIAX denies the allegations of paragraph 60 of Ricoh's Counterclaims.

61. BIAX denies the allegations of paragraph 61 of Ricoh's Counterclaims.

62. BIAX denies the allegations of paragraph 62 of Ricoh's Counterclaims.

63. BIAX states that the file histories of the reexamination proceedings referenced in paragraph 63 of Ricoh's Counterclaims speak for themselves and, except as so stated, denies the allegations of paragraph 63 of Ricoh's Counterclaims.

64. BIAX states that the file histories of the reexamination proceedings referenced in paragraph 64 of Ricoh's Counterclaims speak for themselves and, except as so stated, denies the allegations of paragraph 64 of Ricoh's Counterclaims.

65. BIAX states that the file histories of the reexamination proceedings referenced in paragraph 65 of Ricoh's Counterclaims speak for themselves and, except as so stated, denies the allegations of paragraph 65 of Ricoh's Counterclaims.

66. BIAX states that the file histories of the reexamination proceedings referenced in paragraph 66 of Ricoh's Counterclaims speak for themselves and, except as so stated, denies the allegations of paragraph 66 of Ricoh's Counterclaims.

67. BIAX denies the allegations of paragraph 67 of Ricoh's Counterclaims.

68. BIAX states that the MPEP § 2001.06(b) speaks for itself and except as so stated, BIAX denies the allegations of paragraph 68 of Ricoh's Counterclaims.

69. BIAX states that the file histories of the referenced applications speak for themselves and, except as so stated, denies the allegations of paragraph 69 of Ricoh's Counterclaims.

70. BIAX states that the file histories of the referenced applications speak for themselves and, except as so stated, denies the allegations of paragraph 70 of Ricoh's Counterclaims.

71. BIAX states that the file histories of the referenced applications speak for themselves and, except as so stated, denies the allegations of paragraph 71 of Ricoh's Counterclaims.

72. BIAX states that the file histories of the referenced applications speak for themselves and, except as so stated, denies the allegations of paragraph 72 of Ricoh's Counterclaims.

73. BIAX denies the allegations of paragraph 73 of Ricoh's Counterclaims.

74. BIAX states that the file histories of the referenced applications speak for themselves and, except as so stated, denies the allegations of paragraph 74 of Ricoh's Counterclaims.

75. BIAX states that the file history and specification of the referenced application and contents of the Agerwala reference speak for themselves and, except as so stated, denies the allegations of paragraph 75 of Ricoh's Counterclaims.

76. BIAX denies the allegations of paragraph 76 of Ricoh's Counterclaims.

77. BIAX denies the allegations of paragraph 77 of Ricoh's Counterclaims.

78. BIAX denies the allegations of paragraph 78 of Ricoh's Counterclaims.

79. BIAX denies the allegations of paragraph 79 of Ricoh's Counterclaims.

80. BIAX denies the allegations of paragraph 80 of Ricoh's Counterclaims.

81. BIAX denies the allegations of paragraph 81 of Ricoh's Counterclaims.

82. BIAX incorporates its responses to paragraphs 1-81 of Ricoh's Counterclaims in response to the allegations of paragraph 82 of Ricoh's Counterclaims.

83. BIAX denies the allegations of paragraph 83 of Ricoh's Counterclaims.

84. BIAX states that the reasons to which paragraph 84 of Ricoh's Counterclaims refer were never adopted by the International Trade Commission ("ITC") in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those reasons in its determination. Accordingly, those reasons are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 84 of Ricoh's Counterclaims.

85. BIAX denies the allegations of paragraph 85 of Ricoh's Counterclaims.

86. BIAX denies the allegations of paragraph 86 of Ricoh's Counterclaims.

87. BIAX denies the allegations of paragraph 87 of Ricoh's Counterclaims.

88. BIAX incorporates its responses to paragraphs 1-87 of Ricoh's Counterclaims in response to the allegations of paragraph 88 of Ricoh's Counterclaims.

89. BIAX admits that Ricoh purports to deny claims of the '628 and '313 patents are enforceable, and that Ricoh purports to assert such patents' claims are unenforceable, in whole or in part, pursuant to the doctrine of latches and estoppels, and BIAX incorporates its responses to paragraphs 1-88 of Ricoh's Counterclaims in response to the allegations of paragraph 89 of Ricoh's Counterclaims. Except as so stated, BIAX denies the allegations of paragraph 89 of Ricoh's Counterclaims.

90. BIAX denies the allegations of paragraph 90 of Ricoh's Counterclaims

WHEREFORE, BIAX requests that judgment in its favor be entered against Ricoh on its Counterclaims and that BIAX be granted the relief requested in its Complaint.

## DEFENSES

1. Ricoh's Counterclaims fail to state a claim upon which relief can be granted.

2. Ricoh fails to plead its claims of inequitable conduct with the particularity required by Rule 9(b), Federal Rules of Civil Procedure.

## JURY DEMAND

BIAX demands a trial by jury.

Dated this 28th day of April, 2011.

                Respectfully submitted,

                *s/ Trevor G. Bartel*
                Charles Goldberg
                Scott M. Browning
                Trevor G. Bartel
                ROTHGERBER JOHNSON & LYONS LLP
                1200 Seventeenth Street
                Denver, Colorado 80202
                Telephone: 303.628.9000
                Facsimile: 303.623.9222
                E-mail: cgoldberg@rothgerber.com
                    sbrowning@rothgerber.com
                    tbartel@rothgerber.com

OF COUNSEL:

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP

Edward J. Naidich
901 New York Ave., NW
Washington, DC 20001
Telephone: 202.408.4365
Facsimile: 202.408.4400
E-mail: ed.naidich@finnegan.com

Joseph E. Palys
11955 Freedom Drive
Reston, VA 20190
Telephone: 571.203.2713
Facsimile: 202.408.4400
E-mail: joseph.palys@finnegan.com

                *Attorneys for BIAX Corporation*

# CERTIFICATE OF SERVICE

       I hereby certify that on the 28th day of April, 2011, I electronically filed the foregoing BIAX CORPORATION'S ANSWER TO COUNTERCLAIMS OF DEFENDANTS RICOH AMERICAS CORPORATION AND RICOH COMPANY, LTD. with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Kenneth H. Lyman  
Sarah Jane Mitchell  
Hall & Evans, LLC-Denver  
1125 17th Street, #600  
Denver CO  80202-2052  
Fax:  303-628-3368  
lymank@hallevans.com  
mitchellj@hallevans.com  

Kurt Max Pankratz  
Baker Botts, LLP-Dallas  
2001 Ross Avenue, #600  
Dallas TX  75201-2980  
Fax:  214-661-4584  
kurt.pankratz@bakerbotts.com  

Rick L. Rambo  
David Jack Levy  
Preetam Ashok Shingavi  
Morgan Lewis & Bockius, LLP-Houston  
1000 Louisiana Street, #4000  
Houston TX  77002  
Fax:  713-890-5001  
dlevy@morganlewis.com  
pshingavi@morganlewis.com  
rrambo@morganlewis,com  

John R. Edwards  
Kirkland & Ellis, LLP-Palo Alto  
P.O. Box 51827  
950 Page Mill Road  
Palo Alto CA  94303  
Fax:  650-859-7500  
john.edwards@kirkland.com  

Jonathan Bernhardt  
Roger P. Thomasch  
Ballard Spahr, LLP-Denver  
1225 Seventeenth Street, #2300  
Denver CO  80202-5596  
Fax:  303-296-3956  
bernhardt@ballardspahr.com  
thomasch@ballardspahr.com  

Bruce A. Featherstone  
Featherstone Petrie DeSisto, LLP  
600 17th Street, #2400 South  
Denver CO  80202-5424  
Fax:  303-626-7101  
bfeatherstone@featherstonelaw.com  

{00921671 / 1}

| | |
|---|---|
| David Lawrence Witcoff<br>Marc Scott Blackman<br>Jones Day<br>77 West Wacker Drive, #3500<br>Chicago, IL  60601-1692<br>Telephone: 312.269.4259<br>Facsimile:  312.782.8585<br>E-mail: dlwitcoff@jonesday.com<br>        msblackman@jonesday.com | Donald E. Daybell<br>Orrick, Herrington & Sutcliffe, LLP<br>4 Park Plaza, #1600<br>Irving, CA  92614-2558<br>Telephone: 949.567.6700<br>Facsimile:  949.567.6710<br>E-Mail: ddaybell@orrick.com |
| Joseph Anthony Calvaruso<br>Rodger Andrew Sadler<br>Orrick, Herrington & Sutcliffe, LLP<br>51 West 52nd Street<br>New York, NY  10019-6142<br>Telephone: 212.506.5140<br>Facsimile:  212.506.5151<br>Email: jcalvaruso@orrick.com<br>        rsdaler@orrick.com | Daniel M. Reilly<br>Jason M. Lynch<br>Reilly Pozner, L.L.P.<br>1900 16th Street, #1700<br>Denver, CO  80202<br>Telephone: 303.893.6100<br>Facsimile:  303.893.6110<br>E-Mail: dreilly@rplaw.com<br>        jlynch@rplaw.com |
| David Rokach<br>Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, IL  60654<br>Telephone: 312-862-3169<br>Facsimile:  312-862-2200<br>Email: david.rokach@kirkland.com | David M. Schlitz<br>Baker Botts, L.L.P.<br>The Warner<br>1299 Pennsylvania Ave., NW<br>Washington, DC  20004<br>Telephone: 202-639-7700<br>Email:  david.schlitz@bakerbotts.com |

*s/ Trevor G. Bartel*
Trevor G. Bartel

{00921671 / 1}