**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:10-cv-03013-PAB-KLM

BIAX CORPORATION,

        Plaintiff,

v.

MOTOROLA SOLUTIONS, INC.,
MOTOROLA MOBILITY, INC.,
HEWLETT-PACKARD COMPANY,
CISCO SYSTEMS, INC.,
CANON U.S.A., INC.,
CANON, INC.,
BROTHER INTERNATIONAL CORPORATION,
BROTHER INDUSTRIES, LTD.,
RICOH AMERICAS CORPORATION, and
RICOH COMPANY, LTD.,

        Defendants.

---

**BIAX CORPORATION'S ANSWER TO COUNTERCLAIMS OF DEFENDANT
CISCO SYSTEMS, INC.**

---

Plaintiff BIAX Corporation ("BIAX") for its Answer to the Counterclaims of Defendant Cisco Systems, Inc. ("Cisco"), states as follows:

1.    BIAX admits the allegations of paragraph 1 of Cisco's Counterclaims.

2.    BIAX admits the allegations of paragraph 2 of Cisco's Counterclaims.

3.    BIAX admits that this Court has jurisdiction over the subject matter of Cisco's Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202, and that venue for Cisco's Counterclaims is proper in this District, but

        denies that a declaration of rights under those Counterclaims is required by this Court in response to the allegations of paragraph 3 of Cisco's Counterclaims.

4.     BIAX admits the allegations of paragraph 4 of Cisco's Counterclaims.

5.     BIAX admits that in its Complaint, BIAX asserts that Cisco has or continues to infringe one or more claims of U.S. Patent Nos. 5,517,628 (the "'628 patent") and 6,253,313 (the "'313 patent) in response to the allegations of paragraph 5 of Cisco's Counterclaims.

6.     BIAX denies the allegations of paragraph 6 of Cisco's Counterclaims.

7.     BIAX denies that the '628 and '313 patents are not infringed by Cisco, invalid, and unenforceable, but otherwise admits the allegations of paragraph 7 of Cisco's Counterclaims.

8.     BIAX incorporates its responses to paragraphs 1-7 of Cisco's Counterclaims in response to the allegations of paragraph 8 of Cisco's Counterclaims.

9.     BIAX admits the allegations of paragraph 9 of Cisco's Counterclaims.

10.    BIAX denies the allegations of paragraph 6 of Cisco's Counterclaims.

11.    BIAX denies the allegations of paragraph 11 of Cisco's Counterclaims.

12.    BIAX incorporates its responses to paragraphs 1-11 of Cisco's Counterclaims in response to the allegations of paragraph 12 of Cisco's Counterclaims.

13.    BIAX denies the allegations of paragraph 13 of Cisco's Counterclaims.

14.    BIAX denies the allegations of paragraph 14 of Cisco's Counterclaims.

15.    BIAX denies the allegations of paragraph 15 of Cisco's Counterclaims.

16. BIAX incorporates its responses to paragraphs 1-15 of Cisco's Counterclaims in response to the allegations of paragraph 16 of Cisco's Counterclaims.

17. BIAX admits the allegations of paragraph 17 of Cisco's Counterclaims.

18. BIAX denies the allegations of paragraph 18 of Cisco's Counterclaims.

19. BIAX denies the allegations of paragraph 19 of Cisco's Counterclaims.

20. BIAX incorporates its responses to paragraphs 1-19 of Cisco's Counterclaims in response to the allegations of paragraph 20 of Cisco's Counterclaims.

21. BIAX denies the allegations of paragraph 21 of Cisco's Counterclaims.

22. BIAX denies the allegations of paragraph 22 of Cisco's Counterclaims.

23. BIAX denies the allegations of paragraph 23 of Cisco's Counterclaims.

24. BIAX incorporates its responses to paragraphs 1-23 of Cisco's Counterclaims in response to the allegations of paragraph 24 of Cisco's Counterclaims.

25. BIAX denies the allegations of paragraph 25 of Cisco's Counterclaims.

26. BIAX states that the findings to which paragraph 26 of Cisco's Counterclaims refer were never adopted by the International Trade Commission ("ITC") in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those findings in its determination.  Accordingly, those findings are of no legal effect and are irrelevant to this lawsuit.  Except as so stated, BIAX denies the allegations of paragraph 26 of Cisco's Counterclaims.

27. BIAX states that the file history of the referenced application speaks for itself and, except as so stated, denies the allegations of paragraph 27 of Cisco's Counterclaims.

28. BIAX states that the file history of the referenced application speaks for itself and, except as so stated, denies the allegations of paragraph 28 of Cisco's Counterclaims.

29. BIAX states that the file history of the referenced application speaks for itself and, except as so stated, denies the allegations of paragraph 29 of Cisco's Counterclaims.

30. BIAX states that the file history of the referenced application speaks for itself and, except as so stated, denies the allegations of paragraph 30 of Cisco's Counterclaims.

31. BIAX states that the file history of the referenced application speaks for itself and, except as so stated, denies the allegations of paragraph 31 of Cisco's Counterclaims.

32. BIAX states that the "findings" to which paragraph 32 of Cisco's Counterclaims refer were never adopted by the International Trade Commission ("ITC") in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those "findings" in its determination. Accordingly, those "findings" are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 32 of Cisco's Counterclaims.

33. BIAX states that the portions of the Initial Determination to which paragraph 33 of Cisco's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those

        portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 33 of Cisco's Counterclaims.

34. BIAX states that the portions of the Initial Determination to which paragraph 34 of Cisco's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 34 of Cisco's Counterclaims.

35. BIAX states that the portions of the Initial Determination to which paragraph 35 of Cisco's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 35 of Cisco's Counterclaims.

36. BIAX states that the portions of the Initial Determination to which paragraph 36 of Cisco's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this

       lawsuit.  Except as so stated, BIAX denies the allegations of paragraph 36 of Cisco's Counterclaims.

37. BIAX states that the portions of the Initial Determination to which paragraph 37 of Cisco's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination.  Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit.  Except as so stated, BIAX denies the allegations of paragraph 37 of Cisco's Counterclaims.

38. BIAX states that the portions of the Initial Determination to which paragraph 38 of Cisco's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination.  Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit.  Except as so stated, BIAX denies the allegations of paragraph 38 of Cisco's Counterclaims.

39. BIAX states that the portions of the Initial Determination to which paragraph 39 of Cisco's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination.  Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this

lawsuit. Except as so stated, BIAX denies the allegations of paragraph 39 of Cisco's Counterclaims.

40. BIAX states that the portions of the Initial Determination to which paragraph 40 of Cisco's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 40 of Cisco's Counterclaims.

41. BIAX states that the portions of the Initial Determination to which paragraph 41 of Cisco's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 41 of Cisco's Counterclaims.

42. BIAX states that the portions of the Initial Determination to which paragraph 42 of Cisco's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this

lawsuit. Except as so stated, BIAX denies the allegations of paragraph 42 of Cisco's Counterclaims.

43. BIAX states that the portions of the Initial Determination to which paragraph 43 of Cisco's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 43 of Cisco's Counterclaims.

44. BIAX states that the portions of the Initial Determination to which paragraph 44 of Cisco's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 44 of Cisco's Counterclaims.

45. BIAX states that the portions of the Initial Determination to which paragraph 45 of Cisco's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this

    lawsuit. Except as so stated, BIAX denies the allegations of paragraph 45 of Cisco's Counterclaims.

46.  BIAX states that the portions of the Initial Determination to which paragraph 46 of Cisco's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 46 of Cisco's Counterclaims.

47.  BIAX states that the portions of the Initial Determination to which paragraph 47 of Cisco's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 47 of Cisco's Counterclaims.

48.  BIAX states that the portions of the Initial Determination to which paragraph 48 of Cisco's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this

lawsuit. Except as so stated, BIAX denies the allegations of paragraph 48 of Cisco's Counterclaims.

49. BIAX states that the portions of the Initial Determination to which paragraph 49 of Cisco's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 49 of Cisco's Counterclaims.

50. BIAX states that the portions of the Initial Determination to which paragraph 50 of Cisco's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 50 of Cisco's Counterclaims.

51. BIAX states that the portions of the Initial Determination to which paragraph 51 of Cisco's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this

lawsuit. Except as so stated, BIAX denies the allegations of paragraph 51 of Cisco's Counterclaims.

52. BIAX states that the portions of the Initial Determination to which paragraph 52 of Cisco's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 52 of Cisco's Counterclaims.

53. BIAX states that the portions of the Initial Determination to which paragraph 53 of Cisco's Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 53 of Cisco's Counterclaims.

54. BIAX admits that the '313 and '628 patents claim priority to the '221 application that issued as the '755 patent, and those patents issued from a series of continuation and divisional applications relating to the '221 application, and that the file histories and specifications of the'313 and '628 patents speak for themselves in response to the allegations of paragraph 54 of Cisco's Counterclaims.

55. BIAX denies the allegations of paragraph 55 of Cisco's Counterclaims.

56. BIAX states that the Manual of Patent Examining Procedure ("MPEP") § 2001.06(c) speaks for itself and except as so stated, BIAX denies the allegations of paragraph 56 of Cisco's Counterclaims.

57. BIAX states that the file histories of the reexamination proceedings referenced in paragraph 57 speak for themselves and except as so stated, BIAX denies the allegations of paragraph 57 of Cisco's Counterclaims.

58. BIAX admits that the Initial Determination to which paragraph 58 of Cisco's Counterclaims refers was issued during the time that the '628 and '313 Patent reexamination proceedings were pending, but otherwise denies the allegations of paragraph 58 of Cisco's Counterclaims.

59. BIAX admits that the parties in the Philips ITC Investigation petitioned the ITC for review of that Initial Determination, states that the file histories of the reexamination proceedings referenced in paragraph 59 of Cisco's Counterclaims speak for themselves, and state that the portions of that Initial Determination relating to (1) the interpretation of § 1337(a)(1)(B)(i), (2) new matter and written description (including infringement relating to the "processor elements" limitation), and (3) enforceability, were never adopted by the ITC in its determination of the Philips ITC Investigation; indeed, the ITC specifically declined to include those portions in its determination. Except as so admitted and stated, BIAX denies the allegations of paragraph 59 of Cisco's Counterclaims.

60. BIAX states that the file histories of the reexamination proceedings referenced in paragraph 60 of Cisco's Counterclaims speak for themselves and except as so stated, BIAX denies the allegations of paragraph 60 of Cisco's Counterclaims.

61. BIAX denies the allegations of paragraph 61 of Cisco's Counterclaims.

62. BIAX denies the allegations of paragraph 62 of Cisco's Counterclaims.

63. BIAX states that the file histories of the reexamination proceedings referenced in paragraph 63 of Cisco's Counterclaims speak for themselves and, except as so stated, denies the allegations of paragraph 63 of Cisco's Counterclaims.

64. BIAX states that the file histories of the reexamination proceedings referenced in paragraph 64 of Cisco's Counterclaims speak for themselves and, except as so stated, denies the allegations of paragraph 64 of Cisco's Counterclaims.

65. BIAX states that the file histories of the reexamination proceedings referenced in paragraph 65 of Cisco's Counterclaims speak for themselves and, except as so stated, denies the allegations of paragraph 65 of Cisco's Counterclaims.

66. BIAX states that the file histories of the reexamination proceedings referenced in paragraph 66 of Cisco's Counterclaims speak for themselves and, except as so stated, denies the allegations of paragraph 66 of Cisco's Counterclaims.

67. BIAX denies the allegations of paragraph 67 of Cisco's Counterclaims.

68. BIAX states that the MPEP § 2001.06(b) speaks for itself and except as so stated, BIAX denies the allegations of paragraph 68 of Cisco's Counterclaims.

69. BIAX states that the file histories of the referenced applications speak for themselves and, except as so stated, denies the allegations of paragraph 69 of Cisco's Counterclaims.

70. BIAX states that the file histories of the referenced applications speak for themselves and, except as so stated, denies the allegations of paragraph 70 of Cisco's Counterclaims.

71. BIAX states that the file histories of the referenced applications speak for themselves and, except as so stated, denies the allegations of paragraph 71 of Cisco's Counterclaims.

72. BIAX states that the file histories of the referenced applications speak for themselves and, except as so stated, denies the allegations of paragraph 72 of Cisco's Counterclaims.

73. BIAX denies the allegations of paragraph 73 of Cisco's Counterclaims.

74. BIAX states that the file histories of the referenced applications speak for themselves and, except as so stated, denies the allegations of paragraph 74 of Cisco's Counterclaims.

75. BIAX states that the file history of the referenced application and contents of the Agerwala reference speak for themselves and, except as so stated, denies the allegations of paragraph 75.

76. BIAX denies the allegations of paragraph 76 of Cisco's Counterclaims.

77. BIAX denies the allegations of paragraph 77 of Cisco's Counterclaims.

78. BIAX denies the allegations of paragraph 78 of Cisco's Counterclaims.

79. BIAX denies the allegations of paragraph 79 of Cisco's Counterclaims.

80. BIAX denies the allegations of paragraph 80 of Cisco's Counterclaims.

81. BIAX denies the allegations of paragraph 81 of Cisco's Counterclaims.

82. BIAX incorporates its responses to paragraphs 1-81 of Cisco's Counterclaims in response to the allegations of paragraph 82 of Cisco's Counterclaims.

83. BIAX denies the allegations of paragraph 83 of Cisco's Counterclaims.

84. BIAX states that the reasons to which paragraph 84 of Cisco's Counterclaims refer were never adopted by the International Trade Commission ("ITC") in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those reasons in its determination. Accordingly, those reasons are of no legal effect and are irrelevant to this lawsuit. Except as so stated, BIAX denies the allegations of paragraph 84 of Cisco's Counterclaims.

85. BIAX denies the allegations of paragraph 85 of Cisco's Counterclaims.

86. BIAX denies the allegations of paragraph 86 of Cisco's Counterclaims.

87. BIAX denies the allegations of paragraph 87 of Cisco's Counterclaims.

88. BIAX incorporates its responses to paragraphs 1-87 of Cisco's Counterclaims in response to the allegations of paragraph 87 of Cisco's Counterclaims.

89. BIAX admits that Cisco purports to deny claims of the '628 and '313 patents are enforceable, and that Cisco purports to assert such patents' claims are unenforceable, in whole or in part, pursuant to the doctrine of latches and estoppels, and BIAX incorporates its responses to paragraphs 1-88 of Cisco's Counterclaims in response to the allegations of paragraph 89 of Cisco's

Counterclaims.  Except as so stated, BIAX denies the allegations of paragraph 89 of Cisco's Counterclaims.

90. BIAX denies the allegations of paragraph 90 of Cisco's Counterclaims.

WHEREFORE, BIAX requests that judgment in its favor be entered against Cisco on its Counterclaims and that BIAX be granted the relief requested in its Complaint.

## DEFENSES

1. Cisco's Counterclaims fail to state a claim upon which relief can be granted.

2. Cisco fails to plead its claims of inequitable conduct with the particularity required by Rule 9(b), Federal Rules of Civil Procedure.

## JURY DEMAND

BIAX demands a trial by jury.

Dated this 28th day of April, 2011.

          Respectfully submitted,

          *s/ Trevor G. Bartel*
          Charles Goldberg
          Scott M. Browning
          Trevor G. Bartel
          ROTHGERBER JOHNSON &
          LYONS LLP
          1200 Seventeenth Street
          Denver, Colorado 80202
          Telephone: 303.628.9000
          Facsimile: 303.623.9222
          E-mail: cgoldberg@rothgerber.com
                  sbrowning@rothgerber.com
                  tbartel@rothgerber.com

OF COUNSEL:

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP

Edward J. Naidich
901 New York Ave., NW
Washington, DC 20001
Telephone: 202.408.4365
Facsimile: 202.408.4400
E-mail: ed.naidich@finnegan.com

Joseph E. Palys
11955 Freedom Drive
Reston, VA 20190
Telephone: 571.203.2713
Facsimile: 202.408.4400
E-mail: joseph.palys@finnegan.com

          *Attorneys for BIAX Corporation*

{00921691 / 1}

17

## **CERTIFICATE OF SERVICE**

       I hereby certify that on the 28th day of April, 2011, I electronically filed the foregoing BIAX CORPORATION'S ANSWER TO COUNTERCLAIMS OF DEFENDANT CISCO SYSTEMS, INC. with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Kenneth H. Lyman
Sarah Jane Mitchell
Hall & Evans, LLC-Denver
1125 17th Street, #600
Denver CO  80202-2052
Fax:  303-628-3368
lymank@hallevans.com
mitchellj@hallevans.com

Kurt Max Pankratz
Baker Botts, LLP-Dallas
2001 Ross Avenue, #600
Dallas TX  75201-2980
Fax:  214-661-4584
kurt.pankratz@bakerbotts.com

Rick L. Rambo
David Jack Levy
Preetam Ashok Shingavi
Morgan Lewis & Bockius, LLP-Houston
1000 Louisiana Street, #4000
Houston TX  77002
Fax:  713-890-5001
dlevy@morganlewis.com
pshingavi@morganlewis.com
rrambo@morganlewis,com

John R. Edwards
Kirkland & Ellis, LLP-Palo Alto
P.O. Box 51827
950 Page Mill Road
Palo Alto CA  94303
Fax:  650-859-7500
john.edwards@kirkland.com

Jonathan Bernhardt
Roger P. Thomasch
Ballard Spahr, LLP-Denver
1225 Seventeenth Street, #2300
Denver CO  80202-5596
Fax: 303-296-3956
bernhardt@ballardspahr.com
thomasch@ballardspahr.com

Bruce A. Featherstone
Featherstone Petrie DeSisto, LLP
600 17th Street, #2400 South
Denver CO  80202-5424
Fax:  303-626-7101
bfeatherstone@featherstonelaw.com

| | |
|---|---|
| David Lawrence Witcoff<br>Marc Scott Blackman<br>Jones Day<br>77 West Wacker Drive, #3500<br>Chicago, IL  60601-1692<br>Telephone: 312.269.4259<br>Facsimile:  312.782.8585<br>E-mail: dlwitcoff@jonesday.com<br>          msblackman@jonesday.com | Donald E. Daybell<br>Orrick, Herrington & Sutcliffe, LLP<br>4 Park Plaza, #1600<br>Irving, CA  92614-2558<br>Telephone: 949.567.6700<br>Facsimile:  949.567.6710<br>E-Mail: ddaybell@orrick.com |
| Joseph Anthony Calvaruso<br>Rodger Andrew Sadler<br>Orrick, Herrington & Sutcliffe, LLP<br>51 West 52nd Street<br>New York, NY  10019-6142<br>Telephone: 212.506.5140<br>Facsimile:  212.506.5151<br>Email: jcalvaruso@orrick.com<br>         rsdaler@orrick.com | Daniel M. Reilly<br>Jason M. Lynch<br>Reilly Pozner, L.L.P.<br>1900 16th Street, #1700<br>Denver, CO  80202<br>Telephone: 303.893.6100<br>Facsimile:  303.893.6110<br>E-Mail: dreilly@rplaw.com<br>          jlynch@rplaw.com |
| David Rokach<br>Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, IL  60654<br>Telephone: 312-862-3169<br>Facsimile:  312-862-2200<br>Email: david.rokach@kirkland.com | David M. Schlitz<br>Baker Botts, L.L.P.<br>The Warner<br>1299 Pennsylvania Ave., NW<br>Washington, DC  20004<br>Telephone: 202-639-7700<br>Email:  david.schlitz@bakerbotts.com |

*s/ Trevor G. Bartel*
Trevor G. Bartel

{00921691 / 1}