**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:10-cv-03013-PAB-KLM

BIAX CORPORATION,

        Plaintiff,

v.

MOTOROLA SOLUTIONS, INC.,
MOTOROLA MOBILITY, INC.,
HEWLETT-PACKARD COMPANY,
CISCO SYSTEMS, INC.,
CANON U.S.A., INC.,
CANON, INC.,
BROTHER INTERNATIONAL CORPORATION,
BROTHER INDUSTRIES, LTD.,
RICOH AMERICAS CORPORATION, and
RICOH COMPANY, LTD.,

        Defendants.

---

**BIAX CORPORATION'S ANSWER TO COUNTERCLAIMS OF DEFENDANT**
**MOTOROLA SOLUTIONS, INC.**

---

Plaintiff BIAX Corporation ("BIAX") for its Answer to the Counterclaims of Defendant

Motorola Solutions, Inc. ("Motorola Solutions"), states as follows:

1.      BIAX admits the allegations of paragraph 1 of Motorola Solutions'
Counterclaims.

2.      BIAX admits the allegations of paragraph 2 of Motorola Solutions'
Counterclaims.

3.      BIAX admits that this Court has subject matter jurisdiction over Motorola
Solutions' Counterclaims pursuant to 28 U.S.C. §§ 1131, 1338, 2201, and 2202,

but denies that a declaration of rights under those Counterclaims is required by this Court in response to the allegations of paragraph 3 of Motorola Solutions' Counterclaims.

4.      BIAX admits the allegations of paragraph 4 of Motorola Solutions' Counterclaims.

5.      BIAX admits the allegations of paragraph 5 of Motorola Solutions' Counterclaims.

6.      BIAX admits the allegations of paragraph 6 of Motorola Solutions' Counterclaims.

7.      BIAX admits the allegations of paragraph 7 of Motorola Solutions' Counterclaims.

8.      BIAX admits the allegations of paragraph 8 of Motorola Solutions' Counterclaims.

9.      BIAX incorporates its responses to paragraphs 1-8 of Motorola Solutions' Counterclaims in response to the allegations of paragraph 9 of Motorola Solutions' Counterclaims.

10.     BIAX admits the allegations of paragraph 10 of Motorola Solutions' Counterclaims.

11.     BIAX denies the allegations of paragraph 11 of Motorola Solutions' Counterclaims.

12.     BIAX denies the allegations of paragraph 12 of Motorola Solutions' Counterclaims.

13.     BIAX denies the allegations of paragraph 13 of Motorola Solutions' Counterclaims.

14.     BIAX denies the allegations of paragraph 14 of Motorola Solutions' Counterclaims.

15.     BIAX incorporates its responses to paragraphs 1-14 of Motorola Solutions' Counterclaims in response to the allegations of paragraph 15 of Motorola Solutions' Counterclaims.

16.     BIAX admits the allegations of paragraph 16 of Motorola Solutions' Counterclaims.

17.     BIAX denies the allegations of paragraph 17 of Motorola Solutions' Counterclaims.

18.     BIAX denies the allegations of paragraph 18 of Motorola Solutions' Counterclaims.

19.     BIAX denies the allegations of paragraph 19 of Motorola Solutions' Counterclaims.

20.     BIAX denies the allegations of paragraph 20 of Motorola Solutions' Counterclaims.

21.     BIAX incorporates its responses to paragraphs 1-20 of Motorola Solutions' Counterclaims in response to the allegations of paragraph 21 of Motorola Solutions' Counterclaims.

22.     BIAX denies the allegations of paragraph 22 of Motorola Solutions' Counterclaims.

23.     BIAX states that the findings or portions of the Initial Determination to which paragraph 23 of Motorola Solutions' Counterclaims refer were never adopted by the International Trade Commission ("ITC") in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those findings in its determination.   Accordingly, those portions attached as Exhibit A to Motorola Solutions' Counterclaims are of no legal effect and are irrelevant to this lawsuit.   Except as so stated, BIAX denies the allegations of paragraph 23 of Motorola Solutions' Counterclaims.

24.     BIAX denies the allegations of paragraph 24 of Motorola Solutions' Counterclaims.

25.     BIAX admits that Gordon Morrison, Christopher Brooks, and Frederick Gluck, all of MCC Development, Ltd., were the named inventors of the '221 application filed with the U.S. Patent & Trademark Office on October 31, 1985, and except as so stated, denies the allegations of paragraph 25 of Motorola Solutions' Counterclaims.

26.     BIAX admits the allegations of paragraph 26 of Motorola Solutions' Counterclaims.

27.     BIAX states that the file history of the referenced application speaks for itself and, except as so stated, denies the allegations of paragraph 27 of Motorola Solutions' Counterclaims.

{00921684 / 1}

28.     BIAX states that the file history of the referenced application speaks for itself and, except as so stated, denies the allegations of paragraph 28 of Motorola Solutions' Counterclaims.

29.     BIAX states that the file history of the referenced application speaks for itself and, except as so stated, denies the allegations of paragraph 29 of Motorola Solutions' Counterclaims.

30.     BIAX denies the allegations of paragraph 30 of Motorola Solutions' Counterclaims.

31.     BIAX states that the findings of the Initial Determination to which paragraph 31 of Motorola Solutions' Counterclaims refer were never adopted by the International Trade Commission ("ITC") in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those findings in its determination.  Accordingly, those portions are of no legal effect and are irrelevant to this lawsuit.  Except as so stated, BIAX denies the allegations of paragraph 31 of Motorola Solutions' Counterclaims.

32.     BIAX states that the portions of the Initial Determination to which paragraph 32 of Motorola Solutions' Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination.  Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit.  Except as so stated, BIAX denies the allegations of paragraph 32 of Motorola Solutions' Counterclaims.

33.     BIAX states that the portions of the Initial Determination to which paragraph 33 of Motorola Solutions' Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination.   Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit.   Except as so stated, BIAX denies the allegations of paragraph 33 of Motorola Solutions' Counterclaims.

34.     BIAX states that the portions of the Initial Determination to which paragraph 34 of Motorola Solutions' Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination.   Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit.   Except as so stated, BIAX denies the allegations of paragraph 34 of Motorola Solutions' Counterclaims.

35.     BIAX states that the portions of the Initial Determination to which paragraph 35 of Motorola Solutions' Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination.   Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit.   Except as so stated, BIAX denies the allegations of paragraph 35 of Motorola Solutions' Counterclaims.

36.     BIAX states that the portions of the Initial Determination to which paragraph 36 of Motorola Solutions' Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination.   Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit.   Except as so stated, BIAX denies the allegations of paragraph 36 of Motorola Solutions' Counterclaims.

37.     BIAX states that the portions of the Initial Determination to which paragraph 37 of Motorola Solutions' Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination.   Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit.   Except as so stated, BIAX denies the allegations of paragraph 37 of Motorola Solutions' Counterclaims.

38.     BIAX states that the portions of the Initial Determination to which paragraph 38 of Motorola Solutions' Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination.   Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit.   Except as so stated, BIAX denies the allegations of paragraph 38 of Motorola Solutions' Counterclaims.

39.     BIAX states that the portions of the Initial Determination to which paragraph 39 of Motorola Solutions' Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination.   Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit.   Except as so stated, BIAX denies the allegations of paragraph 39 of Motorola Solutions' Counterclaims.

40.     BIAX states that the portions of the Initial Determination to which paragraph 40 of Motorola Solutions' Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination.   Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit.   Except as so stated, BIAX denies the allegations of paragraph 40 of Motorola Solutions' Counterclaims.

41.     BIAX states that the portions of the Initial Determination to which paragraph 41 of Motorola Solutions' Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination.   Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit.   Except as so stated, BIAX denies the allegations of paragraph 41 of Motorola Solutions' Counterclaims.

42.     BIAX states that the portions of the Initial Determination to which paragraph 42 of Motorola Solutions' Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination.   Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit.   Except as so stated, BIAX denies the allegations of paragraph 42 of Motorola Solutions' Counterclaims.

43.     BIAX states that the portions of the Initial Determination to which paragraph 43 of Motorola Solutions' Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination.   Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit.   Except as so stated, BIAX denies the allegations of paragraph 43 of Motorola Solutions' Counterclaims.

44.     BIAX states that the portions of the Initial Determination to which paragraph 44 of Motorola Solutions' Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination.   Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit.   Except as so stated, BIAX denies the allegations of paragraph 44 of Motorola Solutions' Counterclaims.

45.     BIAX states that the portions of the Initial Determination to which paragraph 45 of Motorola Solutions' Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination.   Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit.   Except as so stated, BIAX denies the allegations of paragraph 45 of Motorola Solutions' Counterclaims.

46.     BIAX states that the portions of the Initial Determination to which paragraph 46 of Motorola Solutions' Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination.   Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit.   Except as so stated, BIAX denies the allegations of paragraph 46 of Motorola Solutions' Counterclaims.

47.     BIAX states that the portions of the Initial Determination to which paragraph 47 of Motorola Solutions' Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination.   Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit.   Except as so stated, BIAX denies the allegations of paragraph 47 of Motorola Solutions' Counterclaims.

48.     BIAX states that the portions of the Initial Determination to which paragraph 48 of Motorola Solutions' Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination.   Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit.   Except as so stated, BIAX denies the allegations of paragraph 48 of Motorola Solutions' Counterclaims.

49.     BIAX states that the portions of the Initial Determination to which paragraph 49 of Motorola Solutions' Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination.   Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit.   Except as so stated, BIAX denies the allegations of paragraph 49 of Motorola Solutions' Counterclaims.

50.     BIAX states that the portions of the Initial Determination to which paragraph 50 of Motorola Solutions' Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination.   Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit.   Except as so stated, BIAX denies the allegations of paragraph 50 of Motorola Solutions' Counterclaims.

51. BIAX states that the portions of the Initial Determination to which paragraph 51 of Motorola Solutions' Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination.  Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit.  Except as so stated, BIAX denies the allegations of paragraph 51 of Motorola Solutions' Counterclaims.

52. BIAX states that the portions of the Initial Determination to which paragraph 52 of Motorola Solutions' Counterclaims refers were never adopted by the ITC in its determination of Investigation Number 337-TA-559; indeed, the ITC specifically declined to include those portions in its determination.  Accordingly, those portions of the Initial Determination are of no legal effect and are irrelevant to this lawsuit.  Except as so stated, BIAX denies the allegations of paragraph 52 of Motorola Solutions' Counterclaims.

53. BIAX admits the allegations of paragraph 53 of Motorola Solutions' Counterclaims.

54. BIAX states that the file histories and specifications of the applications referenced in paragraph 54 of Motorola Solutions' Counterclaims speak for themselves and, except as so admitted, denies the allegations of paragraph 54 of Motorola Solutions' Counterclaims.

55. BIAX denies the allegations of paragraph 55 of Motorola Solutions' Counterclaims.

56.     BIAX denies the allegations of paragraph 56 of Motorola Solutions' Counterclaims.

57.     BIAX denies the allegations of paragraph 57 of Motorola Solutions' Counterclaims.

58.     BIAX states that the URAA speaks for itself and, except as so stated, denies the allegations of paragraph 58 of Motorola Solutions' Counterclaims.

59.     BIAX admits that it filed the '691 Application on June 7, 1995, states that the file history of that application speaks for itself and, except as so admitted and stated, denies the allegations of paragraph 59 of Motorola Solutions' Counterclaims.

60.     BIAX denies the allegations of paragraph 60 of Motorola Solutions' Counterclaims.

61.     BIAX states that the file history of the referenced application speaks for itself and, except as so stated, denies the allegations of paragraph 61 of Motorola Solutions' Counterclaims.

62.     BIAX states that the file histories of the referenced applications speak for themselves and, except as so stated, denies the allegations of paragraph 62 of Motorola Solutions' Counterclaims.

63.     BIAX states that the file history of the referenced application speaks for itself and, except as so stated, denies the allegations of paragraph 63 of Motorola Solutions' Counterclaims.

64.     BIAX states that the file history of the referenced application speaks for itself and, except as so stated, denies the allegations of paragraph 64 of Motorola Solutions' Counterclaims.

65.     BIAX states that the file history of the referenced application speaks for itself and, except as so stated, denies the allegations of paragraph 65 of Motorola Solutions' Counterclaims.

66.     BIAX states that the file history of the referenced application speaks for itself and, except as so stated, denies the allegations of paragraph 66 of Motorola Solutions' Counterclaims.

67.     BIAX states that the file histories of the referenced applications speak for themselves and, except as so stated, denies the allegations of paragraph 67 of Motorola Solutions' Counterclaims.

68.     BIAX denies the allegations of paragraph 68 of Motorola Solutions' Counterclaims.

69.     BIAX states that the file history of the referenced application speaks for itself and, except as so stated, denies the allegations of paragraph 69 of Motorola Solutions' Counterclaims.

70.     BIAX denies the allegations of paragraph 70 of Motorola Solutions' Counterclaims.

71.     BIAX denies the allegations of paragraph 71 of Motorola Solutions' Counterclaims.

72.   BIAX denies the allegations of paragraph 72 of Motorola Solutions' Counterclaims.

73.   BIAX admits that counsel prosecuting the referenced patent applications was aware of the referenced applications and, except as so admitted, denies the allegations of paragraph 73 of Motorola Solutions' Counterclaims.

74.   BIAX denies the allegations of paragraph 74 of Motorola Solutions' Counterclaims.

75.   BIAX states that the file history of the referenced application speaks for itself and, except as so stated, denies the allegations of paragraph 75 of Motorola Solutions' Counterclaims.

76.   BIAX denies the allegations of paragraph 76 of Motorola Solutions' Counterclaims.

77.   BIAX denies the allegations of paragraph 77 of Motorola Solutions' Counterclaims.

78.   BIAX denies the allegations of paragraph 78 of Motorola Solutions' Counterclaims.

79.   BIAX denies the allegations of paragraph 79 of Motorola Solutions' Counterclaims.

80.   BIAX denies the allegations of paragraph 80 of Motorola Solutions' Counterclaims.

81.   BIAX denies the allegations of paragraph 81 of Motorola Solutions' Counterclaims.

82.    BIAX admits the allegations of paragraph 82 of Motorola Solutions' Counterclaims.

83.    BIAX admits that Intel Corporation filed a Request for Ex Parte Reexamination of the '313 Patent, states that the Request and file history of the reexamination proceeding referenced in paragraph 83 of Motorola Solutions' Counterclaims speak for themselves and, except as so admitted and stated, denies the allegations of paragraph 83 of Motorola Solutions' Counterclaims.

84.    BIAX states that the Request and file history of the reexamination proceeding referenced in paragraph 84 of Motorola Solutions' Counterclaims speak for themeselves and, except as so stated, denies the allegations of paragraph 84 of Motorola Solutions' Counterclaims.

85.    BIAX states that the file history of the reexamination proceeding referenced in paragraph 85 of Motorola Solutions' Counterclaims speaks for itself and, except as so stated, denies the allegations of paragraph 85 of Motorola Solutions' Counterclaims.

86.    BIAX admits the allegations of paragraph 86 of Motorola Solutions' Counterclaims.

87.    BIAX admits that Intel Corporation filed a second Request for Ex Parte Reexamination of the '313 Patent, states that the Request and the file history of the reexamination proceeding referenced in paragraph 87 of Motorola Solutions' Counterclaims speak for themselves and, except as so admitted and stated, denies the allegations of paragraph 87 of Motorola Solutions' Counterclaims.

88.     BIAX states that the file history of the reexamination proceeding referenced in paragraph 88 of Motorola Solutions' Counterclaims speaks for itself and, except as so stated, denies the allegations of paragraph 88 of Motorola Solutions' Counterclaims.

89.     BIAX states that the file history of the reexamination proceeding referenced in paragraph 89 of Motorola Solutions' Counterclaims speaks for itself and, except as so stated, denies the allegations of paragraph 89 of Motorola Solutions' Counterclaims.

90.     BIAX states that the file histories of the reexamination proceedings referenced in paragraph 90 of Motorola Solutions' Counterclaims speaks for themselves and, except as so stated, denies the allegations of paragraph 90 of Motorola Solutions' Counterclaims.

91.     BIAX admits that Intel Corporation file a Request for Ex Parte Reexamination of the '628 Patent, states that the Request and the file history of the reexamination proceeding referenced in paragraph 91 of Motorola Solutions' Counterclaims speak for themselves and, except as so admitted and stated, denies the allegations of paragraph 91 of Motorola Solutions' Counterclaims.

92.     BIAX states that the Request and the file history of the reexamination proceeding referenced in paragraph 92 of Motorola Solutions' Counterclaims speak for themselves and, except as so stated, denies the allegations of paragraph 92 of Motorola Solutions' Counterclaims.

93.     BIAX states that the file history of the reexamination proceeding referenced in paragraph 93 of Motorola Solutions' Counterclaims speaks for itself and, except as so stated, denies the allegations of paragraph 93 of Motorola Solutions' Counterclaims.

94.     BIAX admits the allegations of paragraph 94 of Motorola Solutions' Counterclaims.

95.     BIAX denies the allegations of paragraph 95 of Motorola Solutions' Counterclaims.

96.     BIAX admits the allegations of paragraph 96 of Motorola Solutions' Counterclaims.

97.     BIAX states that the portions of that Initial Determination relating to (1) the interpretation of § 1337(a)(1)(B)(i), (2) new matter and written description (including infringement relating to the "processor elements" limitation), and (3) enforceability, were never adopted by the ITC in its determination of the Philips ITC Investigation; indeed, the ITC specifically declined to include those portions in its determination.  Accordingly, those portions are of no legal effect and are irrelevant to this lawsuit and the referenced reexamination proceedings.  Except as so admitted and stated, BIAX denies the allegations of paragraph 97 of Motorola Solutions' Counterclaims.

98.     BIAX states that the portions of that Initial Determination relating to (1) the interpretation of § 1337(a)(1)(B)(i), (2) new matter and written description (including infringement relating to the "processor elements" limitation), and (3)

enforceability, were never adopted by the ITC in its determination of the Philips ITC Investigation; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions are of no legal effect and are irrelevant to this lawsuit and the referenced reexamination proceedings. Except as so admitted and stated, BIAX denies the allegations of paragraph 98 of Motorola Solutions' Counterclaims.

99.     BIAX states that the portions of that Initial Determination relating to (1) the interpretation of § 1337(a)(1)(B)(i), (2) new matter and written description (including infringement relating to the "processor elements" limitation), and (3) enforceability, were never adopted by the ITC in its determination of the Philips ITC Investigation; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions are of no legal effect and are irrelevant to this lawsuit and the referenced reexamination proceedings. Except as so admitted and stated, BIAX denies the allegations of paragraph 99 of Motorola Solutions' Counterclaims.

100.    BIAX states that the portions of that Initial Determination relating to (1) the interpretation of § 1337(a)(1)(B)(i), (2) new matter and written description (including infringement relating to the "processor elements" limitation), and (3) enforceability, were never adopted by the ITC in its determination of the Philips ITC Investigation; indeed, the ITC specifically declined to include those portions in its determination. Accordingly, those portions are of no legal effect and are irrelevant to this lawsuit and the referenced reexamination proceedings. Except as

so admitted and stated, BIAX denies the allegations of paragraph 100 of Motorola Solutions' Counterclaims.

101.     BIAX states that the portions of that Initial Determination relating to (1) the interpretation of § 1337(a)(1)(B)(i), (2) new matter and written description (including infringement relating to the "processor elements" limitation), and (3) enforceability, were never adopted by the ITC in its determination of the Philips ITC Investigation; indeed, the ITC specifically declined to include those portions in its determination.  Accordingly, those portions are of no legal effect and are irrelevant to this lawsuit and the referenced reexamination proceedings.  Except as so admitted and stated, BIAX denies the allegations of paragraph 101 of Motorola Solutions' Counterclaims.

102.     BIAX states that the portions of that Initial Determination relating to (1) the interpretation of § 1337(a)(1)(B)(i), (2) new matter and written description (including infringement relating to the "processor elements" limitation), and (3) enforceability, were never adopted by the ITC in its determination of the Philips ITC Investigation; indeed, the ITC specifically declined to include those portions in its determination.  Accordingly, those portions are of no legal effect and are irrelevant to this lawsuit and the referenced reexamination proceedings.  Except as so admitted and stated, BIAX denies the allegations of paragraph 102 of Motorola Solutions' Counterclaims.

103.     BIAX states that the portions of that Initial Determination relating to (1) the interpretation of § 1337(a)(1)(B)(i), (2) new matter and written description

(including infringement relating to the "processor elements" limitation), and (3) enforceability, were never adopted by the ITC in its determination of the Philips ITC Investigation; indeed, the ITC specifically declined to include those portions in its determination.  Accordingly, those portions are of no legal effect and are irrelevant to this lawsuit and the referenced reexamination proceedings.  Except as so admitted and stated, BIAX denies the allegations of paragraph 103 of Motorola Solutions' Counterclaims.

104.   BIAX admits that the parties in the Philips ITC Investigation petitioned the ITC for review of that Initial Determination, states that the file histories of the reexamination proceedings referenced in paragraph 104 of Motorola Solutions' Counterclaims speak for themselves, and state that the portions of that Initial Determination relating to (1) the interpretation of § 1337(a)(1)(B)(i), (2) new matter and written description (including infringement relating to the "processor elements" limitation), and (3) enforceability, were never adopted by the ITC in its determination of the Philips ITC Investigation; indeed, the ITC specifically declined to include those portions in its determination.  Except as so admitted and stated, BIAX denies the allegations of paragraph 104 of Motorola Solutions' Counterclaims.

105.   BIAX admits that it did not appeal the Commission's August 6, 2007, Commission Order in response to the allegations of paragraph 105 of Motorola Solutions' Counterclaims.

106.    BIAX states that the file histories of the reexamination proceedings referenced in paragraph 106 of Motorola Solutions' Counterclaims speak for themselves and, except as so stated, denies the allegations of paragraph 106 of Motorola Solutions' Counterclaims.

107.    BIAX states that the file histories of the reexamination proceedings referenced in paragraph 107 of Motorola Solutions' Counterclaims speak for themselves and, except as so stated, denies the allegations of paragraph 107 of Motorola Solutions' Counterclaims.

108.    BIAX admits the allegations of paragraph 108 of Motorola Solutions' Counterclaims.

109.    BIAX states that the file histories and specifications of the '313 and '628 patents speak for themselves and, except as so admitted, denies the allegations of paragraph 109 of Motorola Solutions' Counterclaims.

110.    BIAX states that paragraph 110 Motorola Solutions' Counterclaims states a conclusion of law as to which no response is required and, except as so stated, denies the allegations of paragraph 110 Motorola Solutions' Counterclaims.

111.    BIAX admits that the '628 and the '313 patents refer to processor elements and, except as so stated, denies the allegations of paragraph 111 Motorola Solutions' Counterclaims.

112.    BIAX denies the allegations of paragraph 112 of Motorola Solutions' Counterclaims.

113.   BIAX denies the allegations of paragraph 113 of Motorola Solutions' Counterclaims.

114.   BIAX states that the file histories of the reexamination proceedings referenced in paragraph 114 of Motorola Solutions' Counterclaims speak for themselves and, except as so stated, denies the allegations of paragraph 114 of Motorola Solutions' Counterclaims.

115.   BIAX states that the file histories of the reexamination proceedings referenced in paragraph 115 of Motorola Solutions' Counterclaims speak for themselves and, except as so stated, denies the allegations of paragraph 115 of Motorola Solutions' Counterclaims.

116.   BIAX states that the file histories of the reexamination proceedings referenced in paragraph 116 of Motorola Solutions' Counterclaims speak for themselves and, except as so stated, denies the allegations of paragraph 116 of Motorola Solutions' Counterclaims.

117.   BIAX states that the file histories of the reexamination proceedings referenced in paragraph 117 of Motorola Solutions' Counterclaims speak for themselves and, except as so stated, denies the allegations of paragraph 117 of Motorola Solutions' Counterclaims.

118.   BIAX states that the file histories of the reexamination proceedings referenced in paragraph 118 of Motorola Solutions' Counterclaims speak for themselves and, except as so stated, denies the allegations of paragraph 118 of Motorola Solutions' Counterclaims.

119.   BIAX states that the application to which paragraph 119 of Motorola Solutions'
Counterclaims refers speaks for itself and, except as so stated, denies the
allegations of paragraph 119 of Motorola Solutions' Counterclaims.

120.   BIAX states that the application to which paragraph 120 of Motorola Solutions'
Counterclaims refers speaks for itself and, except as so stated, denies the
allegations of paragraph 120 of Motorola Solutions' Counterclaims.

121.   BIAX states that the file history of the application to which paragraph 121 of
Motorola Solutions' Counterclaims refers speaks for itself and, except as so
stated, denies the allegations of paragraph 121 of Motorola Solutions'
Counterclaims.

122.   BIAX states that the file history of the application to which paragraph 122 of
Motorola Solutions' Counterclaims refers speaks for itself and, except as so
stated, denies the allegations of paragraph 122 of Motorola Solutions'
Counterclaims.

123.   BIAX admits the allegations of paragraph 123 of Motorola Solutions'
Counterclaims.

124.   BIAX denies the allegations of paragraph 124 of Motorola Solutions'
Counterclaims.

125.   BIAX states that the file history of the application to which paragraph 125 of
Motorola Solutions' Counterclaims refers speaks for itself and, except as so
stated, denies the allegations of paragraph 125 of Motorola Solutions'
Counterclaims.

126.   BIAX admits that on June 7, 1995, BIAX filed application no. 08/480, 691, which was a division of application no. 08/254,687, and issued as the '313 patent and, except as so stated, denies the allegations of paragraph 126 of Motorola Solutions' Counterclaims.

127.   BIAX states that the file history of the application to which paragraph 127 of Motorola Solutions' Counterclaims refers speaks for itself and, except as so stated, denies the allegations of paragraph 127 of Motorola Solutions' Counterclaims.

128.   BIAX states that the file history of the application to which paragraph 128 of Motorola Solutions' Counterclaims refers speaks for itself and, except as so stated, denies the allegations of paragraph 128 of Motorola Solutions' Counterclaims.

129.   BIAX states that the file history of the application to which paragraph 129 of Motorola Solutions' Counterclaims refers speaks for itself and, except as so stated, denies the allegations of paragraph 129 of Motorola Solutions' Counterclaims.

130.   BIAX states that the file history of the application to which paragraph 130 of Motorola Solutions' Counterclaims refers speaks for itself and, except as so stated, denies the allegations of paragraph 130 of Motorola Solutions' Counterclaims.

131.   BIAX states that the file history of the application to which paragraph 131 of Motorola Solutions' Counterclaims refers speaks for itself and, except as so

stated, denies the allegations of paragraph 131 of Motorola Solutions' Counterclaims.

132.   BIAX states that the file history of the application to which paragraph 132 of Motorola Solutions' Counterclaims refers speaks for itself and, except as so stated, denies the allegations of paragraph 132 of Motorola Solutions' Counterclaims.

133.   BIAX states that the file history of the application to which paragraph 133 of Motorola Solutions' Counterclaims refers speaks for itself and, except as so stated, denies the allegations of paragraph 133 of Motorola Solutions' Counterclaims.

134.   BIAX states that the file history of the application to which paragraph 134 of Motorola Solutions' Counterclaims refers speaks for itself and, except as so stated, denies the allegations of paragraph 134 of Motorola Solutions' Counterclaims.

135.   BIAX states that the file history of the application to which paragraph 135 of Motorola Solutions' Counterclaims refers speaks for itself and, except as so stated, denies the allegations of paragraph 135 of Motorola Solutions' Counterclaims.

136.   BIAX states that the URAA provisions and the file history of the application to which paragraph 136 of Motorola Solutions' Counterclaims refers speak for themselves and, except as so stated, denies the allegations of paragraph 136 of Motorola Solutions' Counterclaims.

137.    BIAX states that the file history of the application to which paragraph 137 of Motorola Solutions' Counterclaims refers speaks for itself and, except as so stated, denies the allegations of paragraph 137 of Motorola Solutions' Counterclaims.

138.    BIAX states that the file history of the application to which paragraph 138 of Motorola Solutions' Counterclaims refers speaks for itself and, except as so stated, denies the allegations of paragraph 138 of Motorola Solutions' Counterclaims.

139.    BIAX states that the file history of the application to which paragraph 139 of Motorola Solutions' Counterclaims refers speaks for itself and, except as so stated, denies the allegations of paragraph 139 of Motorola Solutions' Counterclaims.

140.    BIAX states that the file history of the application to which paragraph 140 of Motorola Solutions' Counterclaims refers speaks for itself and, except as so stated, denies the allegations of paragraph 140 of Motorola Solutions' Counterclaims.

141.    BIAX denies the allegations of paragraph 141 of Motorola Solutions' Counterclaims.

142.    BIAX denies the allegations of paragraph 142 of Motorola Solutions' Counterclaims.

143.    BIAX denies the allegations of paragraph 143 of Motorola Solutions' Counterclaims.

144.    BIAX denies the allegations of paragraph 144 of Motorola Solutions' Counterclaims.

WHEREFORE, BIAX requests that judgment in its favor be entered against Motorola Solutions on its Counterclaims and that BIAX be granted the relief requested in its Complaint.

## DEFENSES

1.    Motorola Solutions' Counterclaims fail to state a claim upon which relief can be granted.

2.    Motorola Solutions fails to plead its claims of inequitable conduct with the particularity required by Rule 9(b), Federal Rules of Civil Procedure.

## JURY DEMAND

BIAX demands a trial by jury.

Dated this 28th day of April, 2011.

Respectfully submitted,

*s/ Trevor G. Bartel*
Charles Goldberg
Scott M. Browning
Trevor G. Bartel
ROTHGERBER JOHNSON &
LYONS LLP
1200 Seventeenth Street
Denver, Colorado 80202
Telephone: 303.628.9000
Facsimile: 303.623.9222
E-mail: cgoldberg@rothgerber.com
        sbrowning@rothgerber.com
        tbartel@rothgerber.com

OF COUNSEL:

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP

Edward J. Naidich
901 New York Ave., NW
Washington, DC 20001
Telephone: 202.408.4365
Facsimile: 202.408.4400
E-mail: ed.naidich@finnegan.com

Joseph E. Palys
11955 Freedom Drive
Reston, VA 20190
Telephone: 571.203.2713
Facsimile: 202.408.4400
E-mail: joseph.palys@finnegan.com

*Attorneys for BIAX Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of April, 2011, I electronically filed the foregoing BIAX CORPORATION'S ANSWER TO COUNTERCLAIMS OF DEFENDANT MOTOROLA SOLUTIONS, INC. with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Kenneth H. Lyman
Sarah Jane Mitchell
Hall & Evans, LLC-Denver
1125 17th Street, #600
Denver CO  80202-2052
Fax:  303-628-3368
lymank@hallevans.com
mitchellj@hallevans.com

Kurt Max Pankratz
Baker Botts, LLP-Dallas
2001 Ross Avenue, #600
Dallas TX  75201-2980
Fax:  214-661-4584
kurt.pankratz@bakerbotts.com

Rick L. Rambo
David Jack Levy
Preetam Ashok Shingavi
Morgan Lewis & Bockius, LLP-Houston
1000 Louisiana Street, #4000
Houston TX  77002
Fax:  713-890-5001
dlevy@morganlewis.com
pshingavi@morganlewis.com
rrambo@morganlewis,com

John R. Edwards
Kirkland & Ellis, LLP-Palo Alto
P.O. Box 51827
950 Page Mill Road
Palo Alto CA  94303
Fax:  650-859-7500
john.edwards@kirkland.com

Jonathan Bernhardt
Roger P. Thomasch
Ballard Spahr, LLP-Denver
1225 Seventeenth Street, #2300
Denver CO  80202-5596
Fax:  303-296-3956
bernhardt@ballardspahr.com
thomasch@ballardspahr.com

Bruce A. Featherstone
Featherstone Petrie DeSisto, LLP
600 17th Street, #2400 South
Denver CO  80202-5424
Fax:  303-626-7101
bfeatherstone@featherstonelaw.com

{00921684 / 1}

David Lawrence Witcoff
Marc Scott Blackman
Jones Day
77 West Wacker Drive, #3500
Chicago, IL  60601-1692
Telephone: 312.269.4259
Facsimile:  312.782.8585
E-mail: dlwitcoff@jonesday.com
   msblackman@jonesday.com

Joseph Anthony Calvaruso
Rodger Andrew Sadler
Orrick, Herrington & Sutcliffe, LLP
51 West 52nd Street
New York, NY  10019-6142
Telephone: 212.506.5140
Facsimile:  212.506.5151
Email: jcalvaruso@orrick.com
   rsdaler@orrick.com

David Rokach
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL  60654
Telephone: 312-862-3169
Facsimile:  312-862-2200
Email: david.rokach@kirkland.com

Donald E. Daybell
Orrick, Herrington & Sutcliffe, LLP
4 Park Plaza, #1600
Irving, CA  92614-2558
Telephone: 949.567.6700
Facsimile:  949.567.6710
E-Mail: ddaybell@orrick.com

Daniel M. Reilly
Jason M. Lynch
Reilly Pozner, L.L.P.
1900 16th Street, #1700
Denver, CO  80202
Telephone: 303.893.6100
Facsimile:  303.893.6110
E-Mail: dreilly@rplaw.com
   jlynch@rplaw.com

David M. Schlitz
Baker Botts, L.L.P.
The Warner
1299 Pennsylvania Ave., NW
Washington, DC  20004
Telephone: 202-639-7700
Email:  david.schlitz@bakerbotts.com


*s/ Trevor G. Bartel*
Trevor G. Bartel