# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:10-cv-03013-PAB-KLM

BIAX CORPORATION,

       Plaintiff,

  v.

MOTOROLA SOLUTIONS, INC.,
MOTOROLA MOBILITY, INC.,
HEWLETT-PACKARD COMPANY,
CISCO SYSTEMS, INC.,
CANON U.S.A., INC.,
CANON, INC.,
BROTHER INTERNATIONAL CORPORATION,
BROTHER INDUSTRIES, LTD.,
RICOH AMERICAS CORPORATION, and
RICOH COMPANY, LTD.,

       Defendants.

---

## BIAX CORPORATION'S OPPOSITION TO BROTHER INTERNATIONAL CORPORATION'S AND BROTHER INDUSTRIES, LTD.'S MOTIONS TO DISMISS PLAINTIFF'S CLAIMS FOR INDIRECT INFRINGEMENT

---

Plaintiff BIAX Corporation ("BIAX") hereby opposes Defendant Brother International Corporation's and Brother Industries, LTD.'s ("Brother") motions to dismiss claims for indirect infringement for failure to state a claim upon which relief can be granted. (Dkt. Nos. 81 and 82).[1]

---

[1] The motions to dismiss filed by the two Brother entities are substantially identical. In this opposition, BIAX cites to page numbers in the motion filed by Brother Industries, Dkt. No. 81. ("Brother Mot.")

## I. INTRODUCTION

Out of the ten defendants in this case, only the two Brother entities moved to dismiss BIAX's claims for induced and contributory infringement under Fed. R. Civ. P. 12(b)(6). The reason is simple: the Complaint pleads BIAX's indirect infringement claims with the specificity required by the Federal Rules of Civil Procedure and places Brother on notice of what it must defend. Contrary to Brother's assertion, BIAX has properly alleged that Brother actively and knowingly aids and abets others to infringe, and that Brother provides printers which have no substantial non-infringing uses to its customers, whose use of those printers constitutes direct infringement of the Patents-in-Suit. Not only do such allegations pass muster according to the consensus of cases throughout the country following *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), but they also satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8 and Form 18, the model patent infringement pleading. BIAX's indirect infringement claims state facts that are both sufficient and appropriate for this stage of the litigation and give Brother proper notice as to what it needs to defend. Thus, the Court should deny Brother's request for dismissal of BIAX's indirect infringement claims.[2]

## II. LEGAL STANDARD

In the Tenth Circuit, "[a] motion to dismiss for failure to state a claim 'is viewed with disfavor, and is rarely granted.'" *Lone Star Indus. v. Horman Family Trust*, 960 F.2d 917, 920 (10th Cir. 1992), citing *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). The Supreme Court has explained what is necessary for a claimant to state a claim:

---

[2] Brother does not move to dismiss the Complaint's claims of direct infringement.

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the ground upon which it rests."

*Twombly,* 550 U.S. at 555 (citation omitted). Thus, to properly state a claim, a plaintiff "does not need detailed factual allegations," but instead need only allege facts that "raise a right to relief above the speculative level." *Id.* The *Twombly* Court accordingly made clear that it was not imposing a heightened pleading standard. *Id*. at 570 ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.") In *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009), the Court reiterated that "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Furthermore, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

Following *Twombly*, the Federal Circuit confirmed that, as before, "a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007) (reversing dismissal of a patent infringement complaint where the complaint specified the types of products accused of infringement and "pointed to the specific parts of the patent law invoked.") Thus, "a plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent." *Id.*

### III. ARGUMENT

#### A. Induced Infringement

##### 1. BIAX's Complaint Properly Alleges That Brother Actively and Knowingly Aided and Abetted Others to Directly Infringe

Brother incorrectly argues that BIAX's claim of induced infringement should be dismissed because BIAX's Complaint fails to adequately allege that Brother had the requisite knowledge of the Patents-in-Suit and the specific intent to encourage another's direct infringement. (Brother Mot. at 6.) To the contrary, BIAX's Complaint specifically alleges that Brother induces infringement under 35 U.S.C. § 271(b) by "actively and *knowingly* aiding and abetting others to infringe, including, but not limited to consumers whose use of such products constitutes direct infringement of one or more claims" of the Patents-in-Suit. (Dkt. No. 1, at ¶¶ 43, 79) (emphasis added). BIAX's Complaint also specifies that Brother itself directly infringes the Patents-in-Suit by, for example, making, using and selling particular products that infringe and/or perform infringing processes. (*Id*., ¶¶ 40, 76). The Complaint also identifies Brother's printers accused of infringement and provides specific examples of accused model numbers. (*Id.*, ¶¶ 41, 77.) These assertions are far more than "the-defendant-unlawfully-harmed-me" accusations that Brother contends. *See Iqbal,* 129 S. Ct. at 1949.

Courts have routinely held in similar circumstances (e.g., where a defendant sells infringing products to customers that use those products) that allegations like those in BIAX's Complaint sufficiently state claims of induced and contributory infringement. *See, e.g., Brocade Comm'n Sys., Inc. v. A10 Networks, Inc.*, 2011 WL 1044899, *6 (N. D. Cal. 2011) (denying motion to dismiss induced and contributory infringement claims because it was sufficient for the patentee to allege that the defendant's products "are accused of infringing the patents-in-suit, . . .

and that any customer who purchases the [accused] products and uses them as intended infringes the patents."); *Intravisual Inc. v. Fujitsu Microelectronics Am. Inc.*, 2011 WL 10048373, *5-*6 (E.D. Tex. 2011) (denying motion to dismiss induced and contributory infringement claims where the patentee alleged that the defendant "[u]pon information and belief, has actively induced others to infringe and contribute to the infringement of one or more claims of the [asserted] patent in violation of 35 U.S.C. § 271(b) and (c) through its marketing, supplying, and sale of video decoders that comply with H.264, including, but not limited to [defendant's] products with the following model numbers . . . ."); *Talarico v. Marathon Shoe Co.*, 182 F. Supp. 2d 102, 106 (D. Me. 2002) (denying motion to dismiss claims of induced and contributory infringement where the patentee "claims that Defendant's product literally infringes his patent, that [Defendant] induces its customers to use the product in an infringing manner, and that Defendant contributes to its customers' infringement by offering [the accused products] for sale for use in a shoe.")[3]

Moreover, Brother obviously cannot dispute that it has had knowledge of the Patents-in-Suit at least as early as the filing of BIAX's Complaint. *See, e.g., Schindler Elevator Corp. v. Otis Elevator Co.*, 2010 WL 1032651, *9–*10 (D.N.J. 2010) (denying Rule 12(b)(6) motion to dismiss an induced infringement counterclaim because the accused infringer had notice of the asserted patents from the service of the complaint and the claim for induced infringement was a

---

[3] *See also, e.g., Fuji Mach. Mfg. Co., Ltd. v. Hover-Davis, Inc.*, 936 F. Supp. 93, 95-96 (W.D.N.Y. 1996) (denying motion to dismiss induced and contributory infringement claims where "[t]he complaint specifically alleges direct infringement by nonparties to this action as a basis for [the patentee's] claims of inducement of infringement and contributory infringement against" the accused infringer.); *Purdue Pharm. Prods. L.P. v. Hospira, Inc.*, 2011 WL 892340, *1 (N.D. Ill. 2011) (denying motion to dismiss induced infringement claim where the complaint alleged that the defendant "has actively induced one more third parties to infringe . . . one or more claims of the [asserted] patent, and [the defendant] knew or should have know that its actions would induce actual infringement of the [asserted] patent.")

{00921711 / 1}

continuing one). BIAX's Complaint similarly states a continuing claim of induced infringement. (*See, e.g.*, Dkt. No. 1, ¶ 43 ("Brother has induced and continues to induce others to infringe . . . .").)

Thus, contrary to Brother's assertion, BIAX's complaint does provide sufficiently detailed allegations of Brother's induced infringement.

### 2. BIAX's Allegations of Induced Infringement Satisfy the Pleading Requirements of the Federal Rules, Including Form 18

Brother's argument that BIAX fails to allege detailed facts concerning Brother's knowledge of the Patents-in-Suit and specific intent to induce infringement—despite that BIAX's Complaint alleges that Brother "knowingly" aided and abetted others to infringe—should also be rejected because such a detailed recitation of Brother's knowledge and intent is not required by the Federal Rules of Civil Procedure. In particular, the Federal Rules' Appendix of Forms contains examples of pleadings that comply with the rules. *See* Fed. R. Civ. P. 84 ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate."). Form 18 in the Appendix of the Federal Rules serves as a guideline for complaints for patent infringement and specifies the limited amount of factual detail that must be provided, such as statements that the plaintiff owns the patent and that the defendant has been infringing the patent "by making, selling, and using [the device] embodying the patent." In *McZeal*, the Federal Circuit held that a complaint that tracks Form 18[4] "contains

---

[4] *McZeal* refers to "Form 16" instead of "Form 18." The forms were renumbered in the 2007 amendments to the Federal Rules, without changing their content.

enough detail to allow the defendants to answer and thus meets the notice pleading required to survive a Rule 12(b)(6) motion." 501 F.3d at 1357.

Relying on *McZeal*, courts have found Form 18 sufficient for direct, contributory, and induced infringement claims, and accordingly rejected arguments that patentees must specifically allege knowledge of the asserted patents or provide details about the accused infringer's intent. *See e.g., Intravisual*, 2011 WL 1004873 at \*5-\*6 (rejecting argument that the patentee was required to allege that the accused infringer knew its products were especially adapted to infringe the asserted patent because "'neither the patent infringement pleading form nor the holdings from the Federal Circuit require the pleading of each individual element of a claim for indirect infringement.'"); *CBT Flint Partners, LLC v. Goodmail Sys., Inc.,* 529 F.Supp 2d 1376, 1380 (N.D. Ga. 2007) ("Although the Form only provides a model for pleading direct infringement, there is no principled reason . . . for requiring more factual detail when the claim is one for contributory infringement as opposed to direct infringement."); *LML Patent Corp. v. Texas Nat'l Heritage Bank*, 2011 WL 1478517, \*2 (E.D. Tex. 2011) (denying motion to dismiss claims of contributory and induced infringement based on Form 18).

BIAX's claims of indirect infringement far exceed the requirements of Form 18. Its complaint: (i) identifies the specific parts of the patent law invoked (i.e., 35 U.S.C. §§ 271(b) and (c)) (Dkt. No. 1, ¶¶ 42, 43); (ii) alleges that Brother actively and knowingly aids and abets others to infringe (*id.*, ¶43); and (iii) alleges that Brother provides accused products that have no substantial non-infringing uses to its customers whose use constitutes direct infringement (*id.*, ¶42). *See McZeal*, 501 F.3d at 1357 (recognizing that the complaint's "point[ing] to the specific parts of the patent law invoked ('35 U.S.C. § 271')" coupled with other general allegations

specified in Form 18 was "enough detail to allow the defendants to answer and thus [met] the notice pleading required to survive a Rule 12(b)(6) motion.").

Brother's reliance on *In re Bill of Lading Transmission*, 695 F. Supp. 2d 680 (S.D. Ohio 2010), is misplaced. (Brother Mot. at 7.) In that case, the patentee asserted a patent having method claims reciting certain steps to be performed by a user of a portable scanner (e.g. "using a portable document scanner to scan an image . . .") and other steps to be performed by a remote processing center (e.g. "utilizing said documentation data at said remote processing center to prepare a loading manifest . . . ."). *Id.* at 682. After the patentee "readily admit[ted] that it is not alleging that any of the moving Defendants directly infringe the patent," *id.* at 683, the court concluded that the Defendants' mere sale of a scanner "does not plausibly support the allegation that [the Defendant] is specifically intending its scanner to be used by anyone in performing *all* the steps of [the patentee's] method patent," *id.* at 685 (emphasis added).

Unlike *Bill of Lading*, BIAX's complaint is not based on an allegation that Brother provides a device that only performs one step in a multi-step method claim. To the contrary, BIAX's Complaint specifically alleges that Brother itself is directly infringing the Patents-in-Suit (Dkt. No. 1, ¶¶ 40, 76), that Brother provides those products to its customers, whose use of the products also constitutes direct infringement (*id.*, ¶¶ 43, 79), and that Brother actively and "knowingly" aids and abets those consumers to directly infringe (*id.*). Thus, *Bill of Lading* has no relevance to BIAX's complaint in this case.

The other cases cited by Brother (Mot. at 7) are similarly inapt. In *Bender v. Motorola, Inc.*, 2010 WL 726739, *1, *3, (N.D. Cal. 2010), the court dismissed claims of direct and indirect infringement (although granted the patentee leave to amend its complaint to cure the

{00921711 / 1}

deficiencies) because the patentee failed to identify any particular devices accused of infringement, and also failed to allege that the alleged infringer "knowingly" induced infringement. In contrast, Brother cannot dispute that BIAX's Complaint identifies the accused infringing products—including providing specific examples of printer model numbers accused of infringement—and alleges that Brother knowingly induced infringement. (Dkt. No. 1, ¶¶ 41, 43, 77, 79). And in *Mallinckrodt Inc. v. E-Z-EM Inc.*, 670 F. Supp. 2d 349, 354 (D. Del. 2009), the court dismissed a claim of induced infringement where the patentee failed to "allege any intent to induce infringement," unlike BIAX's complaint, which alleges that Brother "actively and *knowingly* aid[s] and abet[s] others to infringe, including . . . consumers whose use of such products constitutes direct infringement" of the asserted patents (Dkt. No. 1, ¶¶ 43, 79). And to the extent that any of these cases is interpreted as requiring a Complaint to explicitly state that the defendant had knowledge of the asserted patents before the filing of the Complaint, then such an interpretation would run counter to the great weight of authority discussed above.

Thus, Brother's motion to dismiss BIAX's induced infringement claims should also be rejected because BIAX's Complaint more than exceeds the pleading requirements of the Federal Rules, including Form 18.

### B. Contributory Infringement

Brother also argues that the Court should dismiss BIAX's contributory infringement claims because BIAX does not allege prior knowledge of the Patents-in-Suit or that Brother's products are "especially made or especially adapted for use" in an infringement of the Patents-in-Suit. (Brother Mot. at 7-8.) Brother's argument should be rejected for all of the reasons discussed above with respect to induced infringement. Brother's argument should also be

rejected because, although BIAX does not use the precise words "especially made or especially adapted for use" in an infringement, BIAX does allege the same substance. In particular, BIAX's Complaint alleges that Brother makes, uses, and sells products that infringe and/or perform infringing processes (Dkt. No. 1, ¶¶ 40, 76), that those products have no substantial non-infringing uses (*id.*, ¶¶ 42, 78), and that Brother provides those products to its customers, whose use of those products constitutes direct infringement (*id.*).

Brother's reliance on *Bill of Lading* is again misplaced. (Brother Mot. at 8.) The court in that case concluded that the patentee had failed to state a proper claim for contributory infringement because it did not allege the lack of substantial noninfringing use for the portable scanners, which the court found to be a "key element of contributory infringement." *Id.* at 686-67. In contrast, BIAX's complaint clearly includes such an allegation. (Dkt. No. 1, ¶¶ 42, 78.) Thus, Brother's motion to dismiss BIAX's claims of contributory infringement should be rejected for similar reasons to those discusses above with respect to induced infringement.

### C. BIAX's Indirect Infringement Claims Meet or Exceed Similar Allegations Commonly Recited in Patent Infringement Complaints

BIAX's Complaint alleges indirect infringement in a manner that is very common and appropriate. For example, the ten most recently filed complaints alleging indirect infringement in this District plead induced and contributory infringement with similar or less specificity than that found in BIAX's Complaint.[5] And as discussed above, courts have routinely rejected

---

[5] *See, e.g., Arrivalstar S.A. et al. v. Cartasite, Inc.*, No. 1:11-cv-01067-MSK, (D. Colo. 2011), Dkt. No. 1, ¶¶ 11-12; *Apogee Scientific, Inc. v. Tekran Instruments Corp.*, No. 1:11-cv-00873-WJM-KLM, (D. Colo. 2011), Dkt. No. 1, ¶¶ 23-24; *Thule Org. Solutions, Inc. v. Kensington Computer Prod. Group*, No. 1:11-cv-00845-REB, (D. Colo. 2011), Dkt. No. 1, ¶¶ 14-15; *Selflink, LLC v. Textron Sys. Corp. et al.*, No. 1:11-cv-00618-PAB, (D. Colo. 2011), Dkt. No. 1, ¶¶ 15 and 17; *Thule Org. Solutions, Inc. v. Kroousa, Inc.*, No. 1:11-cv-00386-CMA-CBS, (D. Colo. 2011), Dkt. No. 1, ¶¶ 17-18; *Alcohol Monitoring Sys., Inc. v. BI Inc.*, No. 1:11-cv-

motions to dismiss complaints with comparable or less specific indirect infringement allegations. Even Brother's lead counsel in this matter, David Schlitz, files complaints alleging induced and contributory infringement using language with less specificity than that found in BIAX's Complaint:

> 28. At least Sony Japan and SEI have directly infringed, and/or have induced others to infringe, and/or have committed acts of contributory infringement of one or more claims of the '972 patent in violation of 35 U.S.C. § 271, et seq. Defendants have committed acts of infringement by making, using, selling, and/or offering to sell products within the United States, and/or importing products into the United States, including, but not limited to, at least the VAIO computers FE series, TX series, SZI series, various external and internal wireless LAN cards for computers, Sony LocationFree TV, and Sony VAIO VGX-XL1 Digital Living System. And based upon Sony's announced specifications for the Sony PlayStation 3, that product will infringe when launched.

(Exh. A at ¶ 28, Schlitz Complaint, *Agere Sys. Inc. v. Sony Corp.*, No. 2:06-cv-00079, (E.D. Tex. 2006), Dkt. No. 1.) Notably, Mr. Schlitz's indirect infringement claims lack any allegation of the accused infringer's knowledge of the Patent-in-Suit, or even an allegation that the accused infringer "knowingly" aided and abetted the infringement of others, like the allegation in BIAX's complaint. Thus, a review of the complaints filed in other cases and by Brother's own counsel demonstrates that BIAX's indirect infringement claims in its Complaint provides sufficient detail to put Brother on notice as to what it must defend.

---

00301-DME-CBS, Dkt. No. 1, (D. Colo. 2011), ¶ 27; *Foothills Creations Ltd. v. Billy Bob Teeth, Inc.*, No. 1:11-cv-00059-REB, (D. Colo. 2011), Dkt. No. 1, ¶¶ 33-34 and 38-39; *Muth Pump, LLC v. Eagle Innovations, Inc.*, No. 1:10-cv-02850-REB, (D. Colo. 2010), Dkt. No. 1, ¶¶ 9-10; *Arnold v. Manning NavComp, Inc.*, No. 10-cv-02704-WJM-BNB, (D. Colo. 2010), Dkt. No. 1, ¶¶ 21-22; and *Propex Operating Company, LLC v. Western Excelsior Corp.*, No. 1:10-cv-02289-MSK-MJW, (D. Colo. 2010), Dkt. No. 1, ¶¶ 38-39.

## IV. CONCLUSION

For the foregoing reasons, BIAX's Complaint states sufficient facts to support its claims for contributory and induced infringement. Thus, BIAX respectfully requests that Brother's Motion to Dismiss Plaintiff's Claims for Indirect Infringement be denied.

Dated this 28th day of April, 2011.

        Respectfully submitted,

        *s/ Trevor G. Bartel*
        Charles Goldberg
        Scott M. Browning
        Trevor G. Bartel
        ROTHGERBER JOHNSON & LYONS LLP
        1200 Seventeenth Street
        Denver, Colorado 80202
        Telephone: 303.628.9000
        Facsimile: 303.623.9222
        E-mail: cgoldberg@rothgerber.com
              sbrowning@rothgerber.com
              tbartel@rothgerber.com

OF COUNSEL:

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP

Edward J. Naidich
901 New York Ave., NW
Washington, DC 20001
Telephone: 202.408.4365
Facsimile: 202.408.4400
E-mail: ed.naidich@finnegan.com

Joseph E. Palys
11955 Freedom Drive
Reston, VA 20190
Telephone: 571.203.2713
Facsimile: 202.408.4400
E-mail: joseph.palys@finnegan.com

        *Attorneys for BIAX Corporation*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 28th day of April, 2011, I electronically filed the foregoing BIAX CORPORATION'S OPPOSITION TO BROTHER INTERNATIONAL CORPORATION'S AND BROTHER INDUSTRIES, LTD.'S MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR INDIRECT INFRINGEMENT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Kenneth H. Lyman
Sarah Jane Mitchell
Hall & Evans, LLC-Denver
1125 17th Street, #600
Denver CO  80202-2052
Fax:  303-628-3368
lymank@hallevans.com
mitchellj@hallevans.com

Kurt Max Pankratz
Baker Botts, LLP-Dallas
2001 Ross Avenue, #600
Dallas TX  75201-2980
Fax:  214-661-4584
kurt.pankratz@bakerbotts.com

Rick L. Rambo
David Jack Levy
Preetam Ashok Shingavi
Morgan Lewis & Bockius, LLP-Houston
1000 Louisiana Street, #4000
Houston TX  77002
Fax: 713-890-5001
dlevy@morganlewis.com
pshingavi@morganlewis.com
rrambo@morganlewis,com

John R. Edwards
Kirkland & Ellis, LLP-Palo Alto
P.O. Box 51827
950 Page Mill Road
Palo Alto CA  94303
Fax:  650-859-7500
john.edwards@kirkland.com

Jonathan Bernhardt
Roger P. Thomasch
Ballard Spahr, LLP-Denver
1225 Seventeenth Street, #2300
Denver CO  80202-5596
Fax: 303-296-3956
bernhardt@ballardspahr.com
thomasch@ballardspahr.com

Bruce A. Featherstone
Featherstone Petrie DeSisto, LLP
600 17th Street, #2400 South
Denver CO  80202-5424
Fax:  303-626-7101
bfeatherstone@featherstonelaw.com

{00921711 / 1}

| | |
|---|---|
| David Lawrence Witcoff<br>Marc Scott Blackman<br>Jones Day<br>77 West Wacker Drive, #3500<br>Chicago, IL  60601-1692<br>Telephone: 312.269.4259<br>Facsimile:  312.782.8585<br>E-mail: dlwitcoff@jonesday.com<br>            msblackman@jonesday.com | Donald E. Daybell<br>Orrick, Herrington & Sutcliffe, LLP<br>4 Park Plaza, #1600<br>Irving, CA  92614-2558<br>Telephone: 949.567.6700<br>Facsimile:  949.567.6710<br>E-Mail: ddaybell@orrick.com |
| Joseph Anthony Calvaruso<br>Rodger Andrew Sadler<br>Orrick, Herrington & Sutcliffe, LLP<br>51 West 52nd Street<br>New York, NY  10019-6142<br>Telephone: 212.506.5140<br>Facsimile:  212.506.5151<br>Email: jcalvaruso@orrick.com<br>           rsdaler@orrick.com | Daniel M. Reilly<br>Jason M. Lynch<br>Reilly Pozner, L.L.P.<br>1900 16th Street, #1700<br>Denver, CO  80202<br>Telephone: 303.893.6100<br>Facsimile:  303.893.6110<br>E-Mail: dreilly@rplaw.com<br>             jlynch@rplaw.com |
| David Rokach<br>Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, IL  60654<br>Telephone: 312-862-3169<br>Facsimile:  312-862-2200<br>Email: david.rokach@kirkland.com | David M. Schlitz<br>Baker Botts, L.L.P.<br>The Warner<br>1299 Pennsylvania Ave., NW<br>Washington, DC  20004<br>Telephone: 202-639-7700<br>Email:  david.schlitz@bakerbotts.com |

*s/ Trevor G. Bartel*
Trevor G. Bartel

{00921711 / 1}