**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

FILED-CLERK
DISTRICT COURT

06 MAR -1  PM 4: 41

TX EASTERN-MARSHALL

BY_____

| | | |
|---|---|---|
| AGERE SYSTEMS INC. | § | |
| | § | |
| Plaintiff | § | |
| | § | CASE NO.   2 - 0 6 C V - 7 9 |
| vs. | § | |
| | § | |
| SONY CORPORATION, | § | |
| SONY COMPUTER ENTERTAINMENT INC., | § | |
| SONY COMPUTER ENTERTAINMENT | § | |
| AMERICA, and | § | JURY TRIAL DEMANDED |
| SONY ELECTRONICS INC. | § | |
| | § | |
| Defendants | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Agere Systems Inc. ("Agere") hereby alleges for its Complaint against

Sony Corporation ("Sony Japan"), Sony Computer Entertainment Inc ("SCE Japan"),

Computer Entertainment America ("SCE America"), and Sony Electronics Inc. ("SEI")

(collectively "Defendants"), on personal knowledge as to its own activities and on information

and belief as to the activities of others, as follows:

### I.

### THE PARTIES

1.      Agere is a Delaware corporation with its principal place of business at Lehigh

Valley Central Campus, 1110 American Parkway NE, Allentown, Pennsylvania 18109. Agere

has offices in Austin, Texas and Irving, TX. Agere is an innovative technology company, which

owns and licenses patents in the semiconductor, wireless communications, audio, optical

electronics, and other high technology fields.

**EXHIBIT A**

2.    Upon information and belief, Sony Japan is a corporation of Japan with its principal place of business at Osaki East Technology CenterGate City Osaki 1-11-1 Osaki, Shinagawa-ku, Tokyo, 141-0032 Japan, and a registered office at 7-35 Kitashinagawa 6-chome, Shinagawa-ku, Tokyo 141-0001, Japan. Upon information and belief, Sony Japan, directly or indirectly through its wholly owned subsidiaries, imports into the United States and distributes and sells and/or offers to sell throughout the United States, including in the State of Texas and in particular in the Eastern District of Texas, electronic equipment including audio, video, television, game, computer, and communication equipment, as well as semiconductors and other components used in such equipment. Said electronic equipment, semiconductors and components include, but are not limited to, Sony PlayStation® 2 and PlayStation® Portable, various Sony Walkman® models, various models of Sony's VAIO® computers, Sony LocationFree™ TV, Sony VAIO VG-X-XLI Digital Living System™, Sony Handycam® Camcorders, Sony Memory Stick Duo® flash memories, and Sony Mavica® cameras, all of which are covered by one or more claims of Agere's Patents-in-Suit. Said products are sold and/or offered for sale in Sony Style Stores in Texas, online at www.sonystyle.com and thus are available for purchase in the Eastern District of Texas and at retail stores in the Eastern District of Texas such as Best Buy, Circuit City, Wal-Mart, Target, and GameStop. Sony Japan has voluntarily and purposely placed these products into the stream of commerce with the expectation that they will be offered for sale and sold in the State of Texas, including in the Eastern District of Texas. Furthermore, Sony Japan has engaged in activity for the launch of its PlayStation®3 throughout the United States, including in the State of Texas and, more particularly, in the Eastern District of Texas.

3.      Upon information and belief, SCE Japan is a corporation of Japan with its principal place of business at 2-6-21, Minami-Aoyama, Minato-ku, Tokyo, 107-0062, Japan. Upon information and belief, SCE Japan is a wholly owned subsidiary of Sony Japan. Upon information and belief, SCE Japan manufactures and imports into the United States electronic games, as well as semiconductors and other components used in such games. Said electronic games, semiconductors and other components include, but are not limited to, Sony PlayStation®2 and PlayStation® Portable and semiconductors and other components therein, which are covered by one or more claims of Agere's Patents-in-Suit. SCE Japan imports the Sony PlayStation®2 and PlayStation® Portable for the purpose of distribution and sales throughout the United States by and through its wholly owned subsidiary, SCE America. Sony's PlayStation®2 and PlayStation® Portable are sold and/or offered for sale in Sony Style Stores in Texas, online at www.sonystyle.com and thus is available for purchase in the Eastern District of Texas and at other retail stores in the Eastern District of Texas such as Best Buy, Circuit City, Wal-Mart, Target, and GameStop. SCE Japan has voluntarily and purposely placed these products into the stream of commerce with the expectation they will be offered for sale and sold in the State of Texas, including in the Eastern District of Texas. Furthermore, on information and belief, SCE Japan is engaging in activity for the launch of its PlayStation®3 throughout the United States, including in the State of Texas and, more particularly, in the Eastern District of Texas.

4.      Upon information and belief, SCE America is a Delaware corporation with its headquarters at 919 East Hillsdale Boulevard, 2nd Floor, Foster City, California 94404. Upon information and belief, SCE America is a wholly owned subsidiary of SCE Japan and is the marketing and sales apparatus of SCE Japan in the United States. Upon information and belief, SCE America markets, distributes and sells the Sony PlayStation®2 and PlayStation® Portable

throughout the United States, including in the State of Texas, and more particularly, in the Eastern District of Texas. For example, SCE America sells the PlayStation®2 and PlayStation® Portable to GameStop in Grapevine, Texas, for sale in its 1,800 stores nationwide. The PlayStation®2 and PlayStation® Portable are sold and/or offered for sale in Sony Style Stores in Texas. It is sold and/or offered for sale online at www.sonystyle.com and thus available for purchase in the Eastern District of Texas. And, the PlayStation®2 and PlayStation® Portable are offered for sale and sold in retail stores within the Eastern District of Texas such as Best Buy, Circuit City, Wal-Mart, Target, and GameStop. SCE America has voluntarily and purposely placed these products into the stream of commerce with the expectation they will be offered for sale and sold in the State of Texas, including in the Eastern District of Texas. On information and belief, SCE America is engaging in activity for the launch of its PlayStation®3 throughout the United States, including in the State of Texas and, more particularly, in the Eastern District of Texas.

5. Upon information and belief, SEI is a corporation of Delaware with its principal place of business in San Diego, California. Upon information and beleif, SEI is a wholly owned subsidiary of Sony Japan. Upon information and belief, SEI manufactures, markets, distributes and sells in the United States, including in this judicial district, consumer audio and video equipment, computer and peripheral products, semiconductors, and other electronic components, including among other things, Sony Handycam® camcorders, Sony Walkman® personal stereos, Sony Memory Stick Duo® flash memories, Sony VAIO® computers, Sony LocationFree® TV, Sony VAIO® VG-X-XLI Digital Living System, and Sony Mavica® cameras. Said equipment, products, semiconductors and components are sold and/or offered for sale in the State of Texas at Sony Style Stores, online at www.sonystyle.com and thus are available to purchase in the

Eastern District of Texas, and at other retail stores within the Eastern District of Texas such as Best Buy, Circuit City, Wal-Mart, and Target. SEI has voluntarily and purposely placed these products in the stream of commerce with the expectation they will be offered for sale and sold in the State of Texas, including in the Eastern District of Texas.

II.

## JURISDICTION AND VENUE

6.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.      As detailed in paragraphs 2 through 5, above, Defendants regularly and deliberately engage in activities that occur in and/or result in the sales of goods and services in the State of Texas and in this judicial district, which activities result in infringement of United States letters Patents owned by Agere. This Court has personal jurisdiction over Sony Japan, SCE Japan, SCE America and SEI.

8.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c) and (d), and 1400(b).

## III.

## CAUSES OF ACTION

### Infringement of U.S. Patent No. 6,707,867

9.      Agere repeats and re-alleges the allegations of paragraphs 1 through 8 of the Complaint as if fully set forth herein.

10.      United States Patent No. 6,707,867, entitled "Wireless Local Area Network Apparatus" (hereafter "the '867 Patent"), was duly and legally issued on March 16, 2004, to

Wilhelmus J. M. Diepstraten, Hendrik van Bokhorst and Hans van Driest. A true and correct copy of the '867 Patent is attached hereto as Exhibit A.

11. The '867 Patent has been in full force and effect since its issuance. Agere owns by assignment the entire right, title, and interest in and to the '867 Patent, including the right to sue for past, present, and future infringements thereof. Agere has provided and Defendants have received actual notice of the '867 Patent.

12. Defendants have directly infringed, and/or have induced others to infringe, and/or have committed acts of contributory infringement of one or more claims of the '867 Patent in violation of 35 U.S.C. § 271, *et seq.* Defendants have committed acts of infringement by making, using, selling, and/or offering to sell products within the United States, and/or importing products into the United States, including, but not limited to, Sony PlayStation Portable, at least the VAIO computers FE series, TX series, SZI series, and FJ series, various external and internal wireless LAN cards for computers, Sony LocationFree TV, and Sony VAIO XGX-XL1 Digital Living System. And based upon Sony's announced specifications for the Sony PlayStation 3, that product will infringe when launched.

13. Defendants' activities have been without express, or implied, license by Agere.

14. Defendants will continue to infringe the '867 Patent unless enjoined by this Court. As a result of the infringing conduct of each Defendant, Agere has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Accordingly, Agere is entitled to temporary, preliminary, and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

15. As a result of the infringement of the '867 Patent by each Defendant, Agere has been damaged, and will be further damaged, and is entitled to be compensated for such damages

pursuant to 35 U.S.C. § 284 in an amount that presently cannot be ascertained, but that will be determined at trial.

16.     Agere believes that each Defendant's past infringement and/or continuing infringement has been deliberate and willful, and that this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees to Agere in accordance with 35 U.S.C. § 285.

**Infringement of U.S. Patent No. 6,452,958**

17.     Agere repeats and re-alleges the allegations of paragraphs 1 through 8 of the Complaint as if fully set forth herein.

18.     United States Patent No 6,452,958, entitled "Digital Modulation System Using Extended Code Set" (hereafter "the '958 Patent"), was duly and legally issued to Richard D. J. van Nee on September 17, 2002. A true and correct copy of the '958 Patent is attached hereto as Exhibit B.

19.     The '958 Patent has been in full force and effect since its issuance. Agere owns by assignment the entire right, title, and interest in and to the '958 Patent, including the right to sue for past, present, and future infringements thereof. Agere has provided and Defendants have received actual notice of the '958 Patent.

20.     Defendants have directly infringed, and/or have induced others to infringe, and/or have committed acts of contributory infringement of one or more claims of the '958 Patent in violation of 35 U.S.C. § 271, *et seq*. Defendants have committed acts of infringement by making, using, selling, and/or offering to sell products within the United States, and/or importing products into the United States, including, but not limited to, Sony PlayStation Portable, at least the VAIO computers FE series, TX series, SZI series, and FJ series, various external and internal

wireless LAN cards for computers, Sony LocationFree TV, and Sony VAIO XGX-XL1 Digital Living System. And based upon Sony's announced specifications for the Sony PlayStation 3, that product will infringe when launched.

21.     Defendants' activities have been without express, or implied, license by Agere.

22.     Defendants will continue to infringe the '958 Patent unless enjoined by this Court. As a result of the infringing conduct of each Defendant, Agere has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Accordingly, Agere is entitled to temporary, preliminary, and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

23.     As a result of the infringement of the '958 Patent by each Defendant, Agere has been damaged, and will be further damaged, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be ascertained, but that will be determined at trial.

24.     Agere believes that each Defendant's past infringement and/or continuing infringement has been deliberate and willful, and that this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees to Agere in accordance with 35 U.S.C. § 285.

### Infringement of U.S. Patent No. 6,992,972

25     Agere repeats and re-alleges the allegations of paragraphs 1 through 8 of the Complaint as if fully set forth herein.

26.     United States Patent No. 6,992,972, entitled "Frequency Division Multiplexing System With Selectable Rate" (hereafter "the '972 Patent"), was duly and legally issued to

Richard van Nee on January 31, 2006. A true and correct copy of the '972 Patent is attached hereto as Exhibit C.

27.　　The '972 Patent has been in full force and effect since its issuance. Agere owns by assignment the entire right, title, and interest in and to the '972 Patent, including the right to sue for past, present, and future infringements thereof. Agere has provided and Defendants have received actual and/or constructive notice of the '972 Patent.

28.　　At least Sony Japan and SEI have directly infringed, and/or have induced others to infringe, and/or have committed acts of contributory infringement of one or more claims of the '972 Patent in violation of 35 U.S.C. § 271, *et seq.* Defendants have committed acts of infringement by making, using, selling, and/or offering to sell products within the United States, and/or importing products into the United States, including, but not limited to, at least the VAIO computers FE series, TX series, SZI series, various external and internal wireless LAN cards for computers, Sony LocationFree TV, and Sony VAIO VGX-XL1 Digital Living System. And based upon Sony's announced specifications for the Sony PlayStation 3, that product will infringe when launched.

29.　　Defendants' activities have been without express, or implied, license by Agere.

30.　　Defendants will continue to infringe the '972 Patent unless enjoined by this Court. As a result of the infringing conduct of each Defendant, Agere has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Accordingly, Agere is entitled to temporary, preliminary, and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

31.　　As a result of the infringement of the '972 Patent by each Defendant, Agere has been damaged, and will be further damaged, and is entitled to be compensated for such damages

pursuant to 35 U.S.C. § 284 in an amount that presently cannot be ascertained, but that will be
determined at trial.

32.     Agere believes that each Defendant's past infringement and/or continuing
infringement has been deliberate and willful, and that this case is therefore an exceptional case,
which warrants an award of treble damages and attorneys' fees to Agere in accordance with 35
U.S.C. § 285.

**Infringement of U.S. Patent No. 5,989,637**

33.     Agere repeats and re-alleges the allegations of paragraphs 1 through 8 of the
Complaint as if fully set forth herein.

34.     United States Patent No. 5,989,637, entitled "Method For Preventing Facet
Coating Overspray" (hereafter "the '637 Patent"), was duly and legally issued on November 23,
1999, to John S. Rizzo, Edward Derkits, Jr., Raymond Frank Gruszka, and John E. Boyd. A true
and correct copy of the '637 Patent is attached hereto as Exhibit D.

35.     The '637 Patent has been in full force and effect since its issuance. Agere owns
by assignment the entire right, title, and interest in and to the '637 Patent, including the right to
sue for past, present, and future infringements thereof. Agere has provided and Defendants have
received actual notice of the '867 Patent.

36.     At least Sony Japan, SCE Japan and SCE America have directly infringed, and/or
have induced others to infringe, and/or have committed acts of contributory infringement of one
or more claims of the '637 Patent in violation of 35 U.S.C. § 271, *et seq.* Defendants have
committed acts of infringement by selling, offering to sell products within the United States,

and/or importing products into the United States, including, but not limited to, Sony PlayStation Portable and PlayStation 2.

37.     Defendants' activities have been without express, or implied, license by Agere.

38.     Defendants will continue to infringe the '637 Patent unless enjoined by this Court. As a result of the infringing conduct of each Defendant, Agere has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Accordingly, Agere is entitled to temporary, preliminary, and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

39.     As a result of the infringement of the '637 Patent by each Defendant , Agere has been damaged, and will be further damaged, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be ascertained, but that will be determined at trial.

40.     Agere believes that each Defendant's past infringement and/or continuing infringement has been deliberate and willful, and that this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees to Agere in accordance with 35 U.S.C. § 285.

### Infringement of U.S. Patent No. 5,670,730

41.     Agere repeats and re-alleges the allegations of paragraphs 1 through 8 of the Complaint as if fully set forth herein.

42.     United States Patent No. 5,670,730, entitled "Data Protocol and Method for Segmenting Memory for a Music Chip" (hereafter "the '730 Patent"), was duly and legally issued on September 23, 1997, to Anthony James Grewe and Kevin Alan Shelby. A true and correct copy of the '730 Patent is attached hereto as Exhibit E.

43.    The '730 Patent has been in full force and effect since its issuance. Agere owns by assignment the entire right, title, and interest in and to the '730 Patent, including the right to sue for past, present, and future infringements thereof. Agere has provided and Defendants have received actual notice of the '867 Patent.

44.    Defendants have directly infringed, and/or have induced others to infringe, and/or have committed acts of contributory infringement of one or more claims of the '730 Patent in violation of 35 U.S.C. § 271, *et seq.* Defendants have committed acts of infringement by making, using, selling, and/or offering to sell products within the United States, and/or importing products into the United States, including, but not limited to, various Sony Walkman models, Sony PlayStation Portable, and Sony Memory Stick Duo.

45.    Defendants' activities have been without express, or implied, license by Agere.

46.    Defendants will continue to infringe the '730 Patent unless enjoined by this Court. As a result of the infringing conduct of each Defendant, Agere has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Accordingly, Agere is entitled to temporary, preliminary, and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

47.    As a result of the infringement of the '730 Patent by Defendants, jointly and severally, Agere has been damaged, and will be further damaged, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be ascertained, but that will be determined at trial.

48.    Agere believes that each Defendant's past infringement and/or continuing infringement has been deliberate and willful, and that this case is therefore an exceptional case,

which warrants an award of treble damages and attorneys' fees to Agere in accordance with 35 U.S.C. § 285.

### Infringement of U.S. Patent No. 5,599,739

49.     Agere repeats and re-alleges the allegations of paragraphs 1 through 8 of the Complaint as if fully set forth herein.

50.     United States Patent No. 5,599,739, entitled "Barrier Layer Treatments For Tungsten Plug" (hereafter "the '739 Patent"), was duly and legally issued to on February 4, 1997, to Sailesh M. Merchant, Arun K. Nanda, and Pradip K. Roy. A true and correct copy of the '739 Patent is attached hereto as Exhibit F.

51.     The '739 Patent has been in full force and effect since its issuance to Agere. Agere owns by assignment the entire right, title, and interest in and to the '739 Patent, including the right to sue for past, present, and future infringements thereof. Agere has provided and Defendants have received actual notice of the '739 Patent.

52.     Defendants have directly infringed, and/or have induced others to infringe, and/or have committed acts of contributory infringement of one or more claims of the '739 Patent in violation of 35 U.S.C. § 271, *et seq* Defendants have committed acts of infringement by making, using, selling, and/or offering to sell products within the Unites States, and/or importing products into the United States, including, but not limited to, Sony PlayStation 2, PlayStation Portable, Sony Handycam, Sony Mavica, and various Sony VAIO computers.

53.     Defendants' activities have been without express, or implied, license by Agere.

54.     Defendants will continue to infringe the '739 Patent unless enjoined by this Court. As a result of the infringing conduct of each Defendant, Agere has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Accordingly, Agere is

entitled to temporary, preliminary, and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

55. As a result of the infringement of the '739 Patent by each Defendant, Agere has been damaged, and will be further damaged, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be ascertained, but that will be determined at trial.

56. Agere believes that each Defendant's past infringement and/or continuing infringement has been deliberate and willful, and that this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees to Agere in accordance with 35 U.S.C. § 285.

## Infringement of U.S. Patent No. 6,472,304

57. Agere repeats and re-alleges the allegations of paragraphs 1 through 8 of the Complaint as if fully set forth herein.

58. United States Patent No., 6,472,304 entitled "Wire Bonding to Copper" (hereafter "the '304 Patent"), was duly and legally issued to on October 29, 2002, to Sailesh Chittipeddi and Sailesh Mansinh Merchant. A true and correct copy of the '304 Patent is attached hereto as Exhibit G.

59. The '304 Patent has been in full force and effect since its issuance to Agere. Agere owns by assignment the entire right, title, and interest in and to the '304 Patent, including the right to sue for past, present, and future infringements thereof. Agere has provided and Defendants have received actual notice of the '304 Patent.

60.     At least Sony Japan, SCE Japan and SCE America have directly infringed, and/or have induced others to infringe, and/or have committed acts of contributory infringement of one or more claims of the '304 Patent in violation of 35 U.S.C. § 271, *et seq.* Defendants have committed acts of infringement by making, using, selling, and/or offering to sell products within the Unites States, and/or importing products into the United States, including, but not limited to, Sony PlayStation Portable.

61.     Defendants' activities have been without express, or implied, license by Agere.

62.     Defendants will continue to infringe the '304 Patent unless enjoined by this Court. As a result of the infringing conduct of each Defendant, Agere has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Accordingly, Agere is entitled to temporary, preliminary, and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

63.     As a result of the infringement of the '304 Patent by each Defendant, Agere has been damaged, and will be further damaged, and is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount that presently cannot be ascertained, but that will be determined at trial.

64.     Agere believes that each Defendant's past infringement and/or continuing infringement has been deliberate and willful, and that this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees to Agere in accordance with 35 U.S.C. § 285.

## Infringement of U.S. Patent No. 6,153,543

65.     Agere repeats and re-alleges the allegations of paragraphs 1 through 8 of the Complaint as if fully set forth herein.

66. United States Patent No. 6,153,543, entitled "High Density Plasma Passivation Layer and Method of Application" (hereafter "the '543 Patent"), was duly and legally issued to Daniel P. Chesire, Edward P. Martin, Jr., Leonard J. Olmer, Barbara D. Kotzias, and Rafael N. Barba on November 28, 2000. A true and correct copy of the '543 Patent is attached hereto as Exhibit H.

67. The '543 Patent has been in full force and effect since its issuance. Agere owns by assignment the entire right, title, and interest in and to the '543 Patent, including the right to sue for past, present, and future infringements thereof. Agere has provided and Defendants have received actual notice of the '543 Patent.

68. At least Sony Japan, SCE Japan and SCE America have directly infringed, and/or have induced others to infringe, and/or have committed acts of contributory infringement of one or more claims of the '543 Patent in violation of 35 U.S.C. § 271, *et seq.* Defendants have committed acts of infringement by making, using, selling, and/or offering to sell products within the United States, and/or importing products into the United States, including, but not limited to, Sony PlayStation 2.

69. Defendants' activities have been without express, or implied, license by Agere.

70. Defendants will continue to infringe the '543 Patent unless enjoined by this Court. As a result of the infringing conduct of each Defendant, Agere has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Accordingly, Agere is entitled to temporary, preliminary, and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

71. As a result of the infringement of the '543 Patent by each Defendant, Agere has been damaged, and will be further damaged, and is entitled to be compensated for such damages

pursuant to 35 U.S.C. § 284 in an amount that presently cannot be ascertained, but that will be determined at trial.

72.    Agere believes that each Defendant's past infringement and/or continuing infringement has been deliberate and willful, and that this case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees to Agere in accordance with 35 U.S.C. § 285.

## IV.

## PRAYER FOR RELIEF

WHEREFORE, Agere prays for entry of judgment against each Defendant as follows:

A.    That each Defendant has infringed the '730 Patent, the '739 Patent, '958 Patent, and '867 Patent, under 35 U.S.C. §§ 271 *et seq.*;

B.    That injunctions, preliminary and permanent, be issued by this Court restraining each Defendant, their respective officers, agents, servants, directors, and employees, and all persons in active concert or participation with each, from directly or indirectly infringing, or inducing or contributing to the infringement by others of the '730 Patent, the '739 Patent, '958 Patent, and '867 Patent.

C.    At least Sony Japan, SCE Japan and SCE America has infringed the '637 Patent, '304 Patent, and '543 Patent under 35 U.S.C. §§ 271 *et seq.*;

D.    That injunctions, preliminary and permanent, be issued by this Court restraining Sony Japan, SCE Japan and SCE America, their respective officers, agents, servants, directors, and employees, and all persons in active concert or participation with each, from directly or indirectly infringing, or inducing or contributing to the infringement by others of the '637 Patent, the '304 Patent, and '543 Patent.

E.      At least Sony Japan and SEI have infringed the '972 Patent under 35 U.S.C. §§ 271 *et seq.*;

F.      That injunctions, preliminary and permanent, be issued by this Court restraining Sony Japan and SEI and their respective officers, agents, servants, directors, and employees, and all persons in active concert or participation with each, from directly or indirectly infringing, or inducing or contributing to the infringement by others of the '972 Patent.

G.      That each Defendant be required to provide to Agere an accounting of all gains, profits, and advantages derived by each Defendant's infringement of the '730 Patent, the '739 Patent, '958 Patent, and '867 Patent, and that Agere be awarded damages adequate to compensate Agere for the wrongful infringing acts by each Defendant, in accordance with 35 U.S.C. § 284;

H.      That Sony Japan, SCE Japan and SCE America be required to provide to Agere an accounting of all gains, profits, and advantages derived by each Defendant's infringement of '637 Patent, '304 Patent, and '543 Patent and that Agere be awarded damages adequate to compensate Agere for the wrongful infringing acts by each Defendant, in accordance with 35 U.S.C. § 284;

I.      That Sony Japan and SEI be required to provide to Agere an accounting of all gains, profits, and advantages derived by each Defendant's infringement of the '972 Patent and that Agere be awarded damages adequate to compensate Agere for the wrongful infringing acts by each Defendant, in accordance with 35 U.S.C. § 284;

J.      That the damages awarded to Agere with regard to the '867 Patent, '958 Patent, '739 Patent, '730 Patent, '972 Patent, '637 Patent. '543 Patent and '304 Patent be increased up to three times, in view of Defendants' willful infringement, in accordance with 35 U.S.C. § 284;

K.    That this case be declared to be exceptional in favor of Agere under 35 U.S.C. §

285, and that Agere be awarded its reasonable attorneys' fees and other expenses incurred in

connection with this action;

L.    That Agere be awarded its interest and costs of suit incurred in this action; and

M.    That Agere be awarded such other and further relief as this Court may deem just

and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Agere hereby demands a jury trial for

all issues in this case that properly are subject to a jury trial.

Respectfully submitted,

Dated: March 1, 2006

S. Calvin Capshaw
Texas Bar No. 03783900.
BROWN MCCARROLL L.L.P.
P.O. Box 3999
Longview, Texas 75606-3999
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
E-mail: ccapshaw@mailbmc.com
**Attorneys for Plaintiff,**
**AGERE SYSTEMS INC.**

Of Counsel
    Frederick G. Michaud
    David M. Schlitz
    BAKER BOTTS L.L.P.
    The Warner
    1299 Pennsylvania Ave., NW
    Washington, DC 20004
    Telephone: (202) 639-7700
    Facsimile: (202) 639-7890

    Gary M. Butter
    Walter M. Egbert, III
    Van Nguyen
    BAKER BOTTS L.L.P.
    30 Rockefeller Plaza
    New York, New York 10112-4498
    Telephone: (212) 408-2500
    Facsimile: (212) 632-3800