# EXHIBIT 1

**PART 1**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

BIAX CORPORATION,

      Plaintiff,

   v.

MOTOROLA, INC.,
HEWLETT-PACKARD COMPANY,
CISCO SYSTEMS, INC.,
CANON U.S.A., INC.,
CANON, INC.,
BROTHER INTERNATIONAL CORPORATION,
BROTHER INDUSTRIES, LTD.,
RICOH AMERICAS CORPORATION,
and RICOH COMPANY, LTD.,

      Defendants.

---

### COMPLAINT FOR PATENT INFRINGEMENT

---

Plaintiff BIAX Corporation ("BIAX"), for its Complaint against defendants Motorola,

Inc., Hewlett-Packard Company, Cisco Systems, Inc., Canon U.S.A., Inc., Canon, Inc., Brother

International Corporation, Brother Industries, Ltd., Ricoh Americas Corporation, and Ricoh

Company, Ltd. (collectively "Defendants"), alleges the following:

### INTRODUCTION

1.     BIAX is a Colorado corporation founded in the early 1980s to design, build, and

market high-performance computer systems. By the 1990s, it had applied for and received

Unites States and several foreign patents relating to inventions its employees had developed.

BIAX brings this action to obtain redress for infringement of two of those patents by the Defendants.

## THE PARTIES

2.      BIAX is a corporation organized and existing under the laws of Colorado with its principal place of business at 1942 Broadway, Suite 404, Boulder, Colorado 80302.

3.      Upon information and belief, Motorola, Inc. ("Motorola") is a corporation organized and existing under the laws of Delaware with its principal place of business at 1303 East Algonquin Road, Schaumburg, Illinois, 60196. Motorola is registered with the Colorado Secretary of State and has appointed The Corporation Company, 1675 Broadway Ste 1200, Denver, Colorado 80202 as its agent for service of process. Upon information and belief, Motorola has one or more offices or facilities within this judicial district, including one located at 6000 Spine Road, Boulder, Colorado, 80301-3323. Upon information and belief, Motorola makes, uses, sells, offers to sell and/or imports products throughout the United States, including in this judicial district and introduces products that perform infringing processes into the stream of commerce knowing that they would be sold in this judicial district and elsewhere in the United States.

4.      Upon information and belief, Hewlett-Packard Company ("Hewlett-Packard") is a corporation organized and existing under the laws of Delaware with its principal place of business at 3000 Hanover Street, Palo Alto, CA, 94304-1185. Hewlett-Packard is registered with the Colorado Secretary of State and has appointed The Corporation Company, 1675 Broadway Ste 1200, Denver, Colorado 80202 as its agent for service of process. Upon information and belief, Hewlett-Packard has one or more offices or facilities within this judicial district, including one located at 301 S. Rockrimmon Blvd., Colorado Springs, Colorado, 80919

2

and other locations located in Colorado, including Boulder, Denver, Ft. Collins, Littleton, and Louisville. Upon information and belief, Hewlett-Packard makes, uses, sells, offers to sell and/or imports products throughout the United States, including in this judicial district and introduces products that perform infringing processes into the stream of commerce knowing that they would be sold in this judicial district and elsewhere in the United States.

5.     Upon information and belief, Cisco Systems, Inc. ("Cisco") is a corporation organized and existing under the laws of California with its principal place of business at 170 West Tasman Dr., San Jose, CA 95134. Cisco is registered with the Colorado Secretary of State and has appointed Prentice-Hall Corp System Inc., 1560 Broadway Ste 2090, Denver, Colorado 80202 as its agent for service of process. Upon information and belief, Cisco has one or more offices or facilities within this judicial district, including one located at 4600 South Ulster Street, Denver, Colorado, 80237 and another located at 5330 Airport Boulevard, Boulder, Colorado, 80301. Upon information and belief, Cisco makes, uses, sells, offers to sell and/or imports products throughout the United States, including in this judicial district and introduces products that perform infringing processes into the stream of commerce knowing that they would be sold in this judicial district and elsewhere in the United States.

6.     Upon information and belief, Canon U.S.A., Inc., ("Canon USA") is a corporation organized and existing under the laws of New York with its principal place of business at One Canon Plaza, Lake Success, New York, 11042. Upon further information and belief, Canon, Inc., a foreign corporation organized and existing under the laws of Japan, with its principal place of business at 30-2, Shimomaruko 3-chome, Ohta-ku,Tokyo 146-8501, Japan. Canon USA is registered with the Colorado Secretary of State and has appointed The Corporation Company, 1600 Broadway, Denver Colorado 80202 as its agent for service of process. Upon further

3

information and belief, Canon USA is a subsidiary of Canon, Inc. and Canon USA is acting as

the agent and/or alter ego of Canon, Inc. in this judicial district and elsewhere throughout the

United States.  Upon information and belief, Canon USA makes, uses, sells, offers to sell and/or

import products throughout the United States, including in this judicial district.  Upon further

information and belief, Canon, Inc. manufacturers and/or distributes printers and/or copiers and

introduced products that perform infringing processes into the stream of commerce knowing that

they would be sold in this judicial district and elsewhere in the United States.  Canon USA and

Canon, Inc. are collectively referred to hereafter as "Canon."

      7.     Upon information and belief, Brother International Corporation is a corporation

organized and existing under the laws of Delaware with its principal place of business at 100

Somerset Corporate Blvd., Bridgewater, New Jersey, 08807-0911.  Upon information and belief,

Brother International Corporation makes, uses, sells, offer to sell, and/or imports products

throughout the United States, including in this judicial district.  Also, upon information and

belief, Brother International Corporation has appointed Corporation Service Company, 2711

Centerville Road, Ste 400, Wilmington, Delaware, 19808 as its agent for service of process.

Upon information and belief, Brother Industries, Ltd. is a foreign corporation organized and

existing under the laws of Japan with its principal place of business in Nagoya, Japan.

      8.     Upon information and belief, Brother Industries, Ltd., owns or controls Brother

International Corporation, and Brother International Corporation is acting as the agent and/or

alter ego of Brother Industries, Ltd. in this judicial district and elsewhere throughout the United

States.  Upon information and belief, Brother Industries, Ltd. also makes, uses, sells, offers to

sell, and/or imports printers and/or copiers and has introduced products that perform infringing

processes into the stream of commerce knowing they would be sold in this judicial district and

elsewhere throughout the United States.  Brother International Corporation and Brother

Industries, Ltd. are collectively referred to hereafter as "Brother."

9.      Upon information and belief, Ricoh Company, Ltd., is a foreign corporation

organized and existing under the laws of Japan, with its principal place of business at Ricoh

Building, 8-13-1 Ginza, Chuo-ku, Tokyo 104-8222, Japan.  Upon further information and belief,

Ricoh Company, Ltd. may be served at 13-1, Ginza 8-Chome Chuo-Ku, Tokyo, TKY 104-8222

Japan via an officer, a managing or general agent, or any other agent authorized by appointment

or by law to receiver service of process.  Upon information and belief, Ricoh Company, Ltd.

makes, uses, sells, offers to sell, and/or imports printers and/or copiers and has introduced

products that perform infringing processes into the stream of commerce knowing they would be

sold in this judicial district and elsewhere throughout the United States.

10.      Upon information and belief, Ricoh Americas Corporation ("Ricoh Americas") is

corporation organized and existing under the laws of Delaware with its principal place of

business at 5 Dedrick Place, West Caldwell, New Jersey, 07006-6398.  Upon information and

belief, Ricoh Americas has one or more offices or facilities within this judicial district, including

one located at 8055 E. Tufts Ave., Ste 100, Denver, Colorado, 80237, and others located at One

Commerce Center 7222 Commerce Center Drive, Suite 237, Colorado Springs, Colorado, 80919,

and 6455 South Yosemite Street, Suite 101, Englewood, CO 80111.  Also, upon information and

belief, Ricoh Americas has appointed The Corporation Trust Company, Corporation Trust

Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

Upon information and belief, Ricoh makes, uses, sells, offers to sell, and/or imports products

throughout the United States, including in this judicial district.  Upon information and belief,

Ricoh Americas is a subsidiary of Ricoh Americas Holdings, Inc., which is a wholly owned

subsidiary of Ricoh Company, Ltd.  Upon information and belief, Ricoh Company, Ltd., owns or

controls Ricoh Americas, and Ricoh Americas is acting as the agent and/or alter ego of Ricoh

Company, Ltd. in this judicial district and elsewhere throughout the United States.  Ricoh

Americas and Ricoh Company, Ltd. are collectively referred to herein as "Ricoh."

## JURISDICTION AND VENUE

11.     This is an action for patent infringement arising under the Patent Laws of the

United States, Title 35 of the United States Code.

12.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

13.     This Court has personal jurisdiction over the Defendants.  Upon information and

belief, each of the Defendants has transacted business in this judicial district directly or indirectly

and has committed, contributed to, and/or induced acts of patent infringement in this judicial

district including, among other things, through the sale of infringing products and/or products

that perform infringing processes directly, or through retailers or other businesses located in

Colorado and this judicial jurisdiction.

14.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## FIRST CLAIM FOR RELIEF
### PATENT INFRINGEMENT OF U.S. PATENT NO. 5,517,628
### (35 U.S.C. § 271)

15.     The allegations set forth in the foregoing paragraphs 1 through 14 are

incorporated into this First Claim for Relief.

16.     On May 14, 1996, U.S. Patent No. 5,517,628 ("the '628 patent"), entitled

"Computer With Instructions That Use An Address Field To Select Among Multiple Condition

Code Registers," was duly and legally issued by the United States Patent and Trademark Office

to inventors Gordon E. Morrison, Christopher B. Brooks, and Frederick Gluck, and has been duly and legally assigned to BIAX. A copy of the '628 patent is attached as Exhibit A.

17.     A request for ex parte reexamination of the '628 patent, assigned control No. 90/008,101, was filed on June 20, 2006, by a third party requester in the U.S. Patent & Trademark Office. On August 18, 2006, the U.S. Patent & Trademark Office issued an order granting the request for ex parte reexamination of the '628 patent. On December 23, 2008, the U.S. Patent & Trademark Office issued a Reexamination Certificate ("the '628 patent Reexamination Certificate") confirming the patentability of claims 1-17 and 25-30 of the '628 patent. The '628 patent Reexamination Certificate also determined claim 18 to be patentable as amended and dependent claims 19-24 dependent on amended claim 18 to be patentable. A copy of the '628 Reexamination Certificate is attached as Exhibit B.

18.     Upon information and belief, Defendant Motorola has infringed and continues to infringe one or more claims of the '628 patent in this judicial district and elsewhere by making, using, selling, offering for sale, and/or importing into the United States without authority products that infringe and/or perform processes that infringe one or more claims of the '628 patent ("Motorola Accused Products for the '628 patent").

19.     Upon information and belief, Motorola Accused Products for the '628 patent include, but are not limited to, products that execute conditional floating point instructions that use condition code registers, and/or products that execute conditional digital signal processing (DSP) extension instructions that use condition code registers, including, for example, Motorola set top boxes, such as, upon information and belief, Motorola's DCX (e.g., DCX 3200, DCX 3501), DCH (e.g. DCH 6412/6416), DCT (e.g., DCT 6412, DCT 3416), and/or QIP series (e.g., QIP 6416, QIP 7216) set top boxes.

20.     On August 28, 2003, Motorola obtained certain rights under the '628 and '313

patents in settlement of a previous litigation between Motorola and BIAX. In a letter dated

December 8, 2004, Motorola notified BIAX that it transferred all of its rights under the '628 and

'313 patents. Upon information and belief, Motorola continues to have knowledge of the claims

of the '628 patent and their coverage of Motorola's Accused Products, but has nevertheless

engaged in the infringing conduct despite an objectively high likelihood that its actions

constituted infringement of a valid patent. This objectively-defined risk was either known or so

obvious that it should have been known to Motorola, and therefore, Motorola's infringement has

been and/or continues to be willful, making this an exceptional case under 35 U.S.C. § 285 and

entitling BIAX to treble damages under 35 U.S.C. § 284.

21.     Upon information and belief, Motorola has committed and continues to commit

acts of contributory infringement of one or more of the claims of the '628 patent under 35 U.S.C.

§ 271(c) in that Motorola has made, used, sold, offered to sell, and/or imported, or continues to

make, use, sell, offer to sell, and/or import products including Motorola Accused Products for the

'628 patent, which have no substantial non-infringing uses, and provides such products to its

customers, whose use of such products constitutes direct infringement of one or more claims of

the '628 patent.

22.     Upon information and belief, Motorola has induced and continues to induce

others to infringe one or more claims of the '628 patent under 35 U.S.C. § 271(b) by, among

other things, actively and knowingly aiding and abetting others to infringe, including, but not

limited to consumers whose use of such products constitutes direct infringement of one or more

claims of the '628 patent.

23.     Because of Motorola's infringement, inducement of infringement, and contributory infringement of the '628 patent, BIAX has suffered damages and will continue to suffer damages in the future.

24.     Upon information and belief, Defendant Hewlett-Packard has infringed and continues to infringe one or more claims of the '628 patent in this judicial district and elsewhere by making, using, selling, offering for sale, and/or importing into the United States without authority products that infringe and/or perform processes that infringe one or more claims of the '628 patent ("Hewlett-Packard Accused Products for the '628 patent").

25.     Hewlett-Packard Accused Products for the '628 patent include, but are not limited to, products that execute conditional floating point instructions that use condition code registers, and/or products that execute conditional digital signal processing (DSP) extension instructions that use condition code registers, including, for example, Hewlett-Packard printers such as Hewlett-Packard's HP Color LaserJet 5550n, 5550dn series, HP Color LaserJet CP6015dn series, HP LaserJet 9040dn series, HP M4345 series, HP Color LaserJet CM6030/6040 MPF series printers.

26.     Upon information and belief, Hewlett-Packard has committed and continues to commit acts of contributory infringement of one or more of the claims of the '628 patent under 35 U.S.C. § 271(c) in that Hewlett-Packard has made, used, sold, offered to sell, and/or and continues to make, use, sell, offer to sell, and/or import products including but not limited to Hewlett-Packard Accused Products for the '628 patent, which have no substantial non-infringing uses, and provides such products to its customers, whose use of such products constitutes direct infringement of one or more claims of the '628 patent.

27.     Upon information and belief, Hewlett-Packard has induced and continues to

induce others to infringe one or more claims of the '628 patent under 35 U.S.C. § 271(b) by,

among other things, actively and knowingly aiding and abetting others to infringe, including, but

not limited to consumers whose use of such products constitutes direct infringement of one or

more claims of the '628 patent.

28.     Because of Hewlett-Packard's infringement, inducement of infringement, and

contributory infringement of the '628 patent, BIAX has suffered damages and will continue to

suffer damages in the future.

29.     Upon information and belief, Defendant Cisco has infringed and continues to

infringe one or more claims of the '628 patent in this judicial district and elsewhere by making,

using, selling, offering for sale, and/or importing into the United States without authority

products that infringe and/or perform processes that infringe one or more claims of the '628

patent ("Cisco Accused Products for the '628 patent").

30.     Upon information and belief, in or around 2006, Cisco acquired Scientific

Atlanta, which upon information and belief, made, used, sold, offered for sale, and/or imported

into the United States, without authority, products that perform processes that infringe one or

more claims of the '628 patent, including but not limited to set top boxes.

31.     Upon information and belief, Cisco Accused Products for the '628 patent include,

but are not limited to, products that execute conditional floating point instructions that use

condition code registers, and/or products that execute conditional digital signal processing (DSP)

extension instructions that use condition code registers, including, for example, Cisco and/or

Scientific Atlanta set top boxes and Cisco Routers, such as Cisco's 7200 series, 7301 series, and

7600 series routers.

32.     Upon information and belief, Cisco has committed and continues to commit acts of contributory infringement of one or more of the claims of the '628 patent under 35 U.S.C. § 271(c) in that Cisco has made, used, sold, offered to sell, and/or imported, or continues to make, use, sell, offer to sell, and/or import products including but not limited to Cisco Accused Products for the '628 patent, which have no substantial non-infringing uses, and provides such products to its customers, whose use of such products constitutes direct infringement of one or more claims of the '628 patent.

33.     Upon information and belief, Cisco has induced and continues to induce others to infringe one or more claims of the '628 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such products constitutes direct infringement of one or more claims of the '628 patent.

34.     Because of Cisco's infringement, inducement of infringement, and contributory infringement of the '628 patent, BIAX has suffered damages and will continue to suffer damages in the future.

35.     Upon information and belief, Canon has infringed and continues to infringe one or more claims of the '628 patent in this judicial district and elsewhere by making, using, selling, offering for sale, and/or importing into the United States without authority products that infringe and/or perform processes that infringe one or more claims of the '628 patent ("Canon Accused Products for the '628 patent").

36.     Canon Accused Products for the '628 patent include, but are not limited to, products that execute conditional floating point instructions that use condition code registers, and/or products that execute conditional digital signal processing (DSP) extension instructions

11

that use condition code registers, including, for example, Canon's LBP 5976, LBP 5970, LBP

5460, and LBP 3560 series copiers.

37.     Upon information and belief, Canon has committed and continues to commit acts

of contributory infringement of one or more of the claims of the '628 patent under 35 U.S.C. §

271(c) in that Canon has made, used, sold, offered to sell, and/or import, or continues to make,

use, sell, offer to sell, and/or import products including but not limited to Canon Accused

Products for the '628 patent, which have no substantial non-infringing uses, and provides such

products to its customers, whose use of such products constitutes direct infringement of one or

more claims of the '628 patent.

38.     Upon information and belief, Canon has induced and continues to induce others to

infringe one or more claims of the '628 patent under 35 U.S.C. § 271(b) by, among other things,

actively and knowingly aiding and abetting others to infringe, including, but not limited to

consumers whose use of such products constitutes direct infringement of one or more claims of

the '628 patent.

39.     Because of Canon's infringement, inducement of infringement, and contributory

infringement of the '628 patent, BIAX has suffered damages and will continue to suffer damages

in the future.

40.     Upon information and belief, Defendant Brother has infringed and continues to

infringe one or more claims of the '628 patent in this judicial district and elsewhere by making,

using, selling, offering for sale, and/or importing into the United States without authority

products that infringe and/or perform processes that infringe one or more claims of the '628

patent ("Brother Accused Products for the '628 patent").

41.    Brother Accused Products for the '628 patent include, but are not limited to,
products that execute conditional floating point instructions that use condition code registers,
and/or products that execute conditional digital signal processing (DSP) extension instructions
that use condition code registers, including, for example, Brother's HL 3040CN, HL 3070CW,
HL 404CDN, HL 4070CDW, MFC 9010CN, DCP 9040CN, DCP 9045CDN, DCP 8080DN,
DCP 8085DN, HL 5240, HL 5470DW, HL 5340D, HL 5370DWT series printers.

42.    Upon information and belief, Brother has committed and continues to commit acts
of contributory infringement of one or more of the claims of the '628 patent under 35 U.S.C. §
271(c) in that Brother has made, used, sold, offered to sell, and/or imported, or continues to
make, use, sell, offer to sell, and/or import products including but not limited to Brother Accused
Products for the '628 patent, which have no substantial non-infringing uses, and provides such
products to its customers, whose use of such products constitutes direct infringement of one or
more claims of the '628 patent.

43.    Upon information and belief, Brother has induced and continues to induce others
to infringe one or more claims of the '628 patent under 35 U.S.C. § 271(b) by, among other
things, actively and knowingly aiding and abetting others to infringe, including, but not limited
to consumers whose use of such products constitutes direct infringement of one or more claims
of the '628 patent.

44.    Because of Brother's infringement, inducement of infringement, and contributory
infringement of the '628 patent, BIAX has suffered damages and will continue to suffer damages
in the future.

45.    Upon information and belief, Defendant Ricoh has infringed and continues to
infringe one or more claims of the '628 patent in this judicial district and elsewhere by making,

13

using, selling, offering for sale, and/or importing into the United States without authority

products that infringe and/or perform processes that infringe one or more claims of the '628

patent ("Ricoh Accused Products for the '628 patent").

46.     Ricoh Accused Products for the '628 patent include, but are not limited to,

products that execute conditional floating point instructions that use condition code registers,

and/or products that execute conditional digital signal processing (DSP) extension instructions

that use condition code registers, including, for example, Ricoh's MP C2050/MP C2550, MP

C2500, MP C3500/C4500, MP 2550B/MP 2550/MP 3350B/MP 3350, MP2851/MP3351, MP

4001/MP5001, MP 4000B/MP5000B, and MP C3000, series printers.

47.     Upon information and belief, Ricoh has committed and continues to commit acts

of contributory infringement of one or more of the claims of the '628 patent under 35 U.S.C. §

271(c) in that Ricoh has made, used, sold, offered to sell, and/or imported, or continues to make,

use, sell, offer to sell, and/or import products including but not limited to Ricoh Accused

Products for the '628 patent, which have no substantial non-infringing uses, and provides such

products to its customers, whose use of such products constitutes direct infringement of one or

more claims of the '628 patent.

48.     Upon information and belief, Ricoh has induced and continues to induce others to

infringe one or more claims of the '628 patent under 35 U.S.C. § 271(b) by, among other things,

actively and knowingly aiding and abetting others to infringe, including, but not limited to

consumers whose use of such products constitutes direct infringement of one or more claims of

the '628 patent.

49.     Because of Ricoh's infringement, inducement of infringement, and contributory

infringement of the '628 patent, BIAX has suffered damages and will continue to suffer damages

in the future.

### SECOND CLAIM FOR RELIEF
### PATENT INFRINGEMENT OF U.S. PATENT NO. 6,253,313
### (35 U.S.C. § 271)

50.     The allegations set forth in the foregoing paragraphs 1 through 49 are

incorporated into this Second Claim for Relief.

51.     On June 26, 2001, U.S. Patent No. 6,253,313 ("the '313 patent"), entitled

"Parallel Processor System For Processing Natural Concurrencies And Method Therefor," was

duly and legally issued by the United States Patent and Trademark Office to inventors Gordon E.

Morrison, Christopher B. Brooks, and Frederick Gluck, and has been duly and legally assigned

to BIAX.  A copy of the '313 patent is attached as Exhibit C.

52.     A request for ex parte reexamination of the '313 patent, assigned control No.

90/007,922, was filed on February 9, 2006, by a third party requester in the U.S. Patent &

Trademark Office.  On March 17, 2006, the U.S. Patent & Trademark Office issued an order

granting the request for ex parte reexamination of the '313 patent.  On May 29, 2008, the U.S.

Patent & Trademark Office issued a Notice of Intent to Issue a Reexamination Certificate ("the

'313 patent NIRC") confirming the patentability of claims 1-25 of the '313 patent, and

determined newly presented claims 26 and 27 to be patentable.  A copy of the '313 patent NIRC

is attached as Exhibit D.

53.     A second request for ex parte reexamination of the '313 patent, assigned control

No. 90/008,156, was filed on August 9, 2006, by a third party requester in the U.S. Patent &

Trademark Office.  On December 22, 2006, the U.S. Patent & Trademark Office issued an order

granting the request for ex parte reexamination of the '313 patent.  On November 11, 2008, the

U.S. Patent & Trademark Office issued a Reexamination Certificate ("the '313 patent

Reexamination Certificate") confirming the patentability of claims 1-25 of the '313 patent.  The

'313 patent Reexamination Certificate also determined newly added claims 26 and 27 to be

patentable.  The '313 patent Reexamination Certificate was issued based on the reexamination

requests assigned control nos. 90/007,922 and 90/008,156.  A copy of the '313 Reexamination

Certificate is attached as Exhibit E.

  54.  Upon information and belief, Defendant Motorola has infringed and continues to

infringe one or more claims of the '313 patent in this judicial district and elsewhere by making,

using, selling, offering for sale, and/or importing into the United States without authority

products that infringe and/or perform processes that infringe one or more claims of the '313

patent ("Motorola Accused Products for the '313 patent").

  55.  Motorola Accused Products for the '313 patent include, but are not limited to,

products that execute conditional floating point instructions that use condition code registers,

and/or products that execute conditional digital signal processing (DSP) extension instructions

that use condition code registers, including, for example, Motorola set top boxes, such as, upon

information and belief, Motorola's DCX (e.g., DCX 3200, DCX 3501), DCH (e.g. DCH

6412/6416), DCT (e.g., DCT 6412, DCT 3416), and/or QIP series (e.g., QIP 6416, QIP 7216) set

top boxes.

  56.  On August 28, 2003, Motorola obtained certain rights under the '628 and '313

patents in settlement of a previous litigation between Motorola and BIAX.  In a letter dated

December 8, 2004, Motorola notified BIAX that it transferred all of its rights under the '628 and

'313 patents.  Upon information and belief, Motorola continues to have knowledge of the claims

of the '313 patent and their coverage of Motorola's Accused Products for the '313 patent, but has

nonetheless engaged in the infringing conduct despite an objectively high likelihood that its

actions constituted infringement of a valid patent.  This objectively-defined risk was either

known or so obvious that it should have been known to Motorola, and therefore, Motorola's

infringement has been and/or continues to be willful, making this an exceptional case under 35

U.S.C. § 285 and entitling BIAX to treble damages under 35 U.S.C. § 284.

57.    Upon information and belief, Motorola has committed and continues to commit

acts of contributory infringement of one or more of the claims of the '313 patent under 35 U.S.C.

§ 271(c) in that Motorola has made, used, sold, offered to sell, and/or imported, or continues to

make, use, sell, offer to sell, and/or import products including but not limited to Motorola

Accused Products for the '313 patent, which have no substantial non-infringing uses, and

provides such products to its customers, whose use of such products constitutes direct

infringement of one or more claims of the '313 patent.

58.    Upon information and belief, Motorola has induced and continues to induce

others to infringe one or more claims of the '313 patent under 35 U.S.C. § 271(b) by, among

other things, actively and knowingly aiding and abetting others to infringe, including, but not

limited to consumers whose use of such products constitutes direct infringement of one or more

claims of the '313 patent.

59.    Because of Motorola's infringement, inducement of infringement, and

contributory infringement of the '313 patent, BIAX has suffered damages and will continue to

suffer damages in the future.

60.    Upon information and belief, Defendant Hewlett-Packard has infringed and

continues to infringe one or more claims of the '313 patent in this judicial district and elsewhere

by making, using, selling, offering for sale, and/or importing into the United States without

authority products that infringe and/or perform processes that infringe one or more claims of the
'313 patent ("Hewlett-Packard Accused Products for the '313 patent").

61.    Hewlett-Packard Accused Products for the '313 patent include, but are not limited
to, products that execute conditional floating point instructions that use condition code registers,
and/or products that execute conditional digital signal processing (DSP) extension instructions
that use condition code registers, including, for example, Hewlett-Packard printers such as
Hewlett-Packard's HP Color LaserJet 5550n, 5550dn series, HP Color LaserJet CP6015dn series,
HP LaserJet 9040dn series, HP M4345 series, HP Color LaserJet CM6030/6040 MPF series
printers.

62.    Upon information and belief, Hewlett-Packard has committed and continues to
commit acts of contributory infringement of one or more of the claims of the '313 patent under
35 U.S.C. § 271(c) in that Hewlett-Packard has made, used, sold, offered to sell, and/or
imported, or continues to make, use, sell, offer to sell, and/or import products including but not
limited to Hewlett-Packard Accused Products for the '313 patent, which have no substantial non-
infringing uses, and provides such products to its customers, whose use of such products
constitutes direct infringement of one or more claims of the '313 patent.

63.    Upon information and belief, Hewlett-Packard has induced and continues to
induce others to infringe one or more claims of the '313 patent under 35 U.S.C. § 271(b) by,
among other things, actively and knowingly aiding and abetting others to infringe, including, but
not limited to consumers whose use of such products constitutes direct infringement of one or
more claims of the '313 patent.

64.     Because of Hewlett-Packard's infringement, inducement of infringement, and contributory infringement of the '313 patent, BIAX has suffered damages and will continue to suffer damages in the future.

65.     Upon information and belief, Defendant Cisco has infringed and continues to infringe one or more claims of the '313 patent in this judicial district and elsewhere by making, using, selling, offering for sale, and/or importing into the United States without authority products that infringe and/or perform processes that infringe one or more claims of the '313 patent ("Cisco Accused Products for the '313 patent").

66.     Upon information and belief, Scientific Atlanta, acquired by Cisco, made, used, sold, offered for sale, and/or imported into the United States, without authority, products that perform processes that infringe one or more claims of the '313 patent, including but not limited to set top boxes.

67.     Upon information and belief, Cisco Accused Products for the '313 patent include, but are not limited to, products that execute conditional floating point instructions that use condition code registers, and/or products that execute conditional digital signal processing (DSP) extension instructions that use condition code registers, including, for example, Cisco and/or Scientific Atlanta set top boxes and Cisco Routers, such as Cisco's 7200 series, 7301 series, and 7600 series routers.

68.     Upon information and belief, Cisco has committed and continues to commit acts of contributory infringement of one or more of the claims of the '313 patent under 35 U.S.C. § 271(c) in that Cisco has made, used, sold, offered to sell, and/or imported, or continues to make, use, sell, offer to sell, and/or import products including but not limited to Cisco Accused Products for the '313 patent, which have no substantial non-infringing uses, and provides such

products to its customers, whose use of such products constitutes direct infringement of one or more claims of the '313 patent.

69.     Upon information and belief, Cisco has induced and continues to induce others to infringe one or more claims of the '313 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such products constitutes direct infringement of one or more claims of the '313 patent.

70.     Because of Cisco's infringement, inducement of infringement, and contributory infringement of the '313 patent, BIAX has suffered damages and will continue to suffer damages in the future.

71.     Upon information and belief, Canon has infringed and continues to infringe one or more claims of the '313 patent in this judicial district and elsewhere by making, using, selling, offering for sale, and/or importing into the United States without authority products that infringe and/or perform processes that infringe one or more claims of the '313 patent ("Canon Accused Products for the '313 patent").

72.     Canon Accused Products for the '313 patent include, but are not limited to, products that execute conditional floating point instructions that use condition code registers, and/or products that execute conditional digital signal processing (DSP) extension instructions that use condition code registers, including, for example, Canon's LBP 5976, LBP 5970, LBP 5460, and LBP 3560 series copiers.

73.     Upon information and belief, Canon has committed and continues to commit acts of contributory infringement of one or more of the claims of the '313 patent under 35 U.S.C. § 271(c) in that Canon has made, used, sold, offered to sell, and/or imported, or continues to make,

use, sell, offer to sell, and/or import products including but not limited to Canon Accused

Products for the '313 patent, which have no substantial non-infringing uses, and provides such

products to its customers, whose use of such products constitutes direct infringement of one or

more claims of the '313 patent.

74.     Upon information and belief, Canon has induced and continues to induce others to

infringe one or more claims of the '313 patent under 35 U.S.C. § 271(b) by, among other things,

actively and knowingly aiding and abetting others to infringe, including, but not limited to

consumers whose use of such products constitutes direct infringement of one or more claims of

the '313 patent.

75.     Because of Canon's infringement, inducement of infringement, and contributory

infringement of the '313 patent, BIAX has suffered damages and will continue to suffer damages

in the future.

76.     Upon information and belief, Defendant Brother has infringed and continues to

infringe one or more claims of the '313 patent in this judicial district and elsewhere by making,

using, selling, offering for sale, and/or importing into the United States without authority

products that infringe and/or perform processes that infringe one or more claims of the '313

patent ("Brother Accused Products for the '313 patent").

77.     Brother Accused Products for the '313 patent include, but are not limited to,

products that execute conditional floating point instructions that use condition code registers,

and/or products that execute conditional digital signal processing (DSP) extension instructions

that use condition code registers, including, for example, Brother's HL 3040CN, HL 3070CW,

HL 404CDN, HL 4070CDW, MFC 9010CN, DCP 9040CN, DCP 9045CDN, DCP 8080DN,

DCP 8085DN, HL 5240, HL 5470DW, HL 5340D, HL 5370DWT series printers.

78.     Upon information and belief, Brother has committed and continues to commit acts

of contributory infringement of one or more of the claims of the '313 patent under 35 U.S.C. §

271(c) in that Brother has made, used, sold, offered to sell, and/or imported, or continues to

make, use, sell, offer to sell, and/or import products including but not limited to Brother Accused

Products for the '313 patent, which have no substantial non-infringing uses, and provides such

products to its customers, whose use of such products constitutes direct infringement of one or

more claims of the '313 patent.

79.     Upon information and belief, Brother has induced and continues to induce others

to infringe one or more claims of the '313 patent under 35 U.S.C. § 271(b) by, among other

things, actively and knowingly aiding and abetting others to infringe, including, but not limited

to consumers whose use of such products constitutes direct infringement of one or more claims

of the '313 patent.

80.     Because of Brother's infringement, inducement of infringement, and contributory

infringement of the '313 patent, BIAX has suffered damages and will continue to suffer damages

in the future.

81.     Upon information and belief, Defendant Ricoh has infringed and continues to

infringe one or more claims of the '313 patent in this judicial district and elsewhere by making,

using, selling, offering for sale, and/or importing into the United States without authority

products that infringe and/or perform processes that infringe one or more claims of the '313

patent ("Ricoh Accused Products for the '313 patent").

82.     Ricoh Accused Products for the '313 patent include, but are not limited to,

products that execute conditional floating point instructions that use condition code registers,

and/or products that execute conditional digital signal processing (DSP) extension instructions

that use condition code registers, including, for example, Ricoh's MP C2050/MP C2550, MP

C2500, MP C3500/C4500, MP 2550B/MP 2550/MP 3350B/MP 3350, MP2851/MP3351, MP

4001/MP5001, MP 4000B/MP5000B, and MP C3000, series printers.

83.     Upon information and belief, Ricoh has committed and continues to commit acts

of contributory infringement of one or more of the claims of the '313 patent under 35 U.S.C. §

271(c) in that Ricoh has made, used, sold, offered to sell, and/or imported, or continues to make,

use, sell, offer to sell, and/or import products including but not limited to Ricoh Accused

Products for the '313 patent, which have no substantial non-infringing uses, and provides such

products to its customers, whose use of such products constitutes direct infringement of one or

more claims of the '313 patent.

84.     Upon information and belief, Ricoh has induced and continues to induce others to

infringe one or more claims of the '313 patent under 35 U.S.C. § 271(b) by, among other things,

actively and knowingly aiding and abetting others to infringe, including, but not limited to

consumers whose use of such products constitutes direct infringement of one or more claims of

the '313 patent.

85.     Because of Ricoh's infringement, inducement of infringement, and contributory

infringement of the '313 patent, BIAX has suffered damages and will continue to suffer damages

in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff BIAX demands judgment against Motorola, Hewlett-Packard, Cisco,

Canon, Brother, and Ricoh, and against their respective subsidiaries, affiliates, agents, servants,

employees, licensees, and all persons acting or attempting to act in active concert or participation

with them or acting on their behalf, granting the following relief:

A.     A judgment in favor of BIAX that Defendants have infringed, directly and/or

indirectly, by way of inducing and/or contributing to the infringement of the '313 and

'628 patents;

B.     An award of damages adequate to compensate BIAX for the infringement,

inducement of infringement, and contributory infringement, together with pre- and post-

judgment interest;

C.     Increased damages pursuant to 35 U.S.C. § 284;

D.     A finding that this case is exceptional and an award to BIAX of its attorneys fees,

expenses and costs pursuant to 35 U.S.C. § 285; and

E.     Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

BIAX demands a trial by jury.

Dated: December 13, 2010.                    Respectfully submitted,


                                             s/ Natalie Hanlon-Leh
                                             Natalie Hanlon-Leh
                                             Mary V. Sooter
                                             FAEGRE & BENSON LLP
                                             1700 Lincoln Street, Suite 3200
                                             Denver, Colorado 80203
                                             Telephone: 303.607.3639
                                             Facsimile: 303.607.3600
                                             E-mail: nhanlonleh@faegre.com
                                                     msooter@faegre.com


                                             FINNEGAN, HENDERSON, FARABOW,
                                             GARRETT & DUNNER, LLP

                                             Joseph E. Palys
                                             11955 Freedom Drive
                                             Reston, VA 20190
                                             Telephone: 571.203.2700
                                             Facsimile: 202.408.4400
                                             E-mail: Joseph.palys@finnegan.com

                                             Edward J. Naidich
                                             901 New York Ave., NW
                                             Washington, DC 20001
                                             Telephone: 202.408.4365
                                             Facsimile: 202.408.4400
                                             E-mail: Edward.naidich@finnegan.com

                                             Attorneys for Plaintiff
                                             BIAX Corporation

# EXHIBIT A

US005517628A

# United States Patent [19]

## Morrison et al.

[11] Patent Number: **5,517,628**

[45] Date of Patent: **May 14, 1996**

[54] **COMPUTER WITH INSTRUCTIONS THAT USE AN ADDRESS FIELD TO SELECT AMONG MULTIPLE CONDITION CODE REGISTERS**

[75] Inventors: **Gordon E. Morrison**, Denver; **Christopher B. Brooks; Frederick G. Gluck**, both of Boulder, all of Colo.

[73] Assignee: **Biax Corporation**, Palm Beach Gardens, Fla.

[21] Appl. No.: **254,687**

[22] Filed: **Jun. 6, 1994**

**Related U.S. Application Data**

[63] Continuation of Ser. No. 93,794, Jul. 19, 1993, abandoned, which is a continuation of Ser. No. 913,736, Jul. 14, 1992, abandoned, which is a continuation of Ser. No. 560,093, Jul. 30, 1990, abandoned, which is a division of Ser. No. 372,247, Jun. 26, 1989, Pat. No. 5,021,945, which is a division of Ser. No. 794,221, Oct. 31, 1985, Pat. No. 4,847,755.

[51] Int. Cl.$^6$ ........................................ G06F 9/06
[52] U.S. Cl. .......................................... 395/375
[58] Field of Search .............................. 395/375

[56] **References Cited**

U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| 3,611,306 | 10/1971 | Reigel . |
| 3,771,141 | 11/1973 | Culler . |
| 4,104,720 | 8/1978 | Gruner . |
| 4,109,311 | 8/1978 | Blum et al. . |
| 4,153,932 | 5/1979 | Dennis et al. . |
| 4,181,936 | 1/1980 | Kober . |
| 4,200,912 | 4/1980 | Harrington et al. ............. 364/200 |
| 4,228,495 | 10/1980 | Bernhard . |
| 4,229,790 | 10/1980 | Gilliland et al. ............. 364/DIG. 1 |
| 4,241,398 | 12/1980 | Caril . |

(List continued on next page.)

OTHER PUBLICATIONS

Bernhard, "Computing at the Speed Limit", IEEE Spectrum, Jul. 1982, pp. 26–31.
Davis, "Computer Architecture", IEEE Spectrum, Nov. 1983, pp. 94–99.
Dennis, "Data Flow Supercomputers", Computer, Nov. 1980, pp. 48–56.
Fisher et al., "Measuring the Parallelism Available for Very Long Instruction, Word Architectures", IEEE Transactions on Computers, vol. C–33, No. 11, Nov. 1984, pp. 968–978.
Fisher et al., "Microcode Compaction: Looking Backward and Looking Forward", National Computer Conference, 1981, pp. 95–102.
Fisher, A. T., "The VLIW Machine: A Multiprocessor for Compiling Scientific Code ", Computer, 1984, pp. 45–52.

(List continued on next page.)

*Primary Examiner*—Thomas M. Heckler
*Attorney, Agent, or Firm*—Fish & Richardson

[57] **ABSTRACT**

The invention features a computer with a condition code register file (the condition code register file is distinct from the computer's general purpose register file). The condition code register file has a plurality of addressable condition code registers. The computer executes condition-setting instructions that each produce a condition code value for storage in one of the condition code registers, and conditional branch instructions that branch to a target based on analysis of a condition code value from one of the condition code registers. The condition code registers are directly addressable by condition code address fields of the instructions. The invention finds primary expression in one of two embodiments (or in both simultaneously): either (a) at least some of the condition-setting instructions contain a direct address field that selects one, from among the plurality of condition code registers into which the condition code value is to be stored, or (b) at least some of the conditional branch instructions contain a direct address field that selects one, from among the plurality of the condition code registers from which a condition code value is to be selected for analysis.

**30 Claims, 17 Drawing Sheets**



**5,517,628**

Page 2

---

### U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| 4,247,894 | 1/1981 | Beismann et al. ...................... 364/200 |
| 4,250,546 | 2/1981 | Boney et al. ..................... 364/DIG. 1 |
| 4,270,167 | 5/1981 | Koehler et al. . |
| 4,334,268 | 6/1982 | Boney et al. ..................... 364/DIG. 1 |
| 4,338,661 | 7/1982 | Tredennick et al. .............. 364/DIG. 1 |
| 4,342,078 | 7/1982 | Tredennick et al. ..................... 364/200 |
| 4,430,707 | 2/1984 | Kim . |
| 4,435,758 | 3/1984 | Lorie et al. . |
| 4,466,061 | 8/1984 | DeSantis . |
| 4,468,736 | 8/1984 | DeSantis . |
| 4,514,807 | 4/1985 | Nogi . |
| 4,532,589 | 7/1985 | Shintani et al. ..................... 364/200 |
| 4,574,348 | 3/1986 | Scallon . |
| 4,598,400 | 7/1986 | Hillis ......................................... 370/60 |
| 4,833,599 | 5/1989 | Colwell et al. ..................... 364/200 |

### OTHER PUBLICATIONS

Fisher et al., "Using an Oracle to Measure Potential Parallelism in Single Instruction Stream Programs", IEEE No. 0194–1895/81/0000/0171, 14th Annual Microprogramming Workshop, Sigmicro, Oct., 1981, pp. 171–182.

Requa et al.; "The Piecewise Data Flow Architecture: Architectural Concepts"; IEEE Transactions on Computers; vol. C–32 No. 5, May 1983, pp. 425–438.

J. R. Vanaken et al., "The Expression Processor," IEEE Transactions on Computers, C–30, No. 8, Aug., 1981, pp. 525–536.

Chang et al.; "801 Storage Architecture and Programming"; ACM Transactions on Computer Systems; 6:28–50; 1988.

Colwell et al.; "A VLIW Architecture for a Trace Scheduling Compiler"; ACM; 1987.

Ellis, John R.; "Bulldog: A Compiler for VLIW Architectures"; MIT Press; 1986; Originally Published as a Yale University Doctoral Dissertation; 1985.

Gross et al.; "Optimizing Delayed Branches"; IEEE; 114–120; 1982.

Hagiwara, et al.; "A Dynamically Microprogrammable Computer With Low–Level Parallelism"; IEEE Transactions on Computers; C–29:577–594; 1980.

Heinrich et al.; "Including the R4400 MIPS R4000 Microprocessor R4000 User's Manual"; MIPS Technologies Inc.; 1993.

Hennessy et al., "The MIPS Machine"; Proceedings of IEEE Compcon; 2–7; 1982.

Hennessy et al.; "Postpass Code Optimization of Pipeline Constraints"; ACM Transactions on Programming Languages and Systems; 5:422–448; 1983.

Hennessy; "VLSI Processor Architecture"; IEEE; c–33:1221–1246; 1984.

Hennessy; "VLSI RISC Processors"; VLSI Systems Design; 22–32; 1985.

IBM; "PowerPC™ 601, RISC Microprocessor User's Manual"; IBM and Motorola; 1991 and 1993.

Intel Corporation; "MCS–80 User's Manual (With Introduction to MCS–85™)"; Oct. 1977.

McDowell Charles E.; "A Simple Architecture for Low–Level Parallelism"; Proceedings of 1983 International Conference on Parallel Processing; 472–477; 1983.

McDowell Charles E.; "SIMAC:A Multiple ALU Computer"; Dissertation Thesis; Univ. of California; San Diego; (111 pages); 1983.

McDowell et al.; "Processor Scheduling for Linearly Connected Parallel Processors"; IEEE Transactions on Computers; c–35:632–639; Jul. 1986.

Motorola; "MC68030 Enhanced 32–Bit Microprocessor User's Manual Second Edition"; 1989.

Patterson et al.; "The Case for the Reduced Instruction Set Computer"; Computer Architecture News; 8:132–191; 1980.

Patterson David A.; "Microprogramming"; Scientific American; 248:244; 1983.

Patterson David A.; "Reduced Instruction Set Computers"; Communications of the ACM; 28:8–21; 1985.

Radin George; "The 801 Minicomputer"; Proceedings of ACM Symposium on Architectural Support for Programming Languages and Operating Systems; 10:39–47, Mar. 1982.

Sites et al.; "Alpha Architecture Reference Manual"; Digital Press; 1992.

Tomita et al.; "A User–Microprogrammable Local Host Computer With Low–Level Parallelism"; ACM 0149–7111/83/0600/0151; 151–159; 1983.



FIG. 1

FIG. 2

PRIOR ART

FIG. 3.

**U.S. Patent**        May 14, 1996        Sheet 2 of 17        5,517,628

## FIG. 4



## FIG. 5



FIG. 6

**U.S. Patent**          May 14, 1996          Sheet 4 of 17          5,517,628



U.S. Patent          May 14, 1996          Sheet 5 of 17          5,517,628



FIG. 8

**U.S. Patent**      May 14, 1996      Sheet 6 of 17      5,517,628



FIG. 9



FIG. 10

U.S. Patent          May 14, 1996          Sheet 8 of 17          5,517,628





**FIG. 12**



**FIG. 13**



**FIG. 14**

**U.S. Patent**          May 14, 1996          Sheet 11 of 17          5,517,628



FIG. 15

U.S. Patent          May 14, 1996          Sheet 12 of 17          5,517,628



FIG. 16

**FIG. 17**



FIG. 18

**U.S. Patent**          May 14, 1996          Sheet 15 of 17          **5,517,628**



FIG. 19



FIG. 20

U.S. Patent          May 14, 1996          Sheet 16 of 17          5,517,628



FIG. 21

**U.S. Patent**          May 14, 1996          Sheet 17 of 17          **5,517,628**

## FIG. 22a

| OPCODE | SCSM | | PID | ISW |
| | PL | CI | | |

## FIG. 22b

| SCSM | | REG ID |
| CI | PL | |

## FIG. 22c

| SCSM | | CC ID |
| CI | PL | |

## FIG. 22d

| ADX | PID | CI | MISC |