# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03013-PAB-KLM

BIAX CORPORATION,

      Plaintiff,

v.

MOTOROLA SOLUTIONS, INC.,
MOTOROLA MOBILITY, INC.,
HEWLETT-PACKARD COMPANY,
CISCO SYSTEMS, INC.,
CANON U.S.A., INC.,
CANON INC.,
BROTHER INTERNATIONAL CORPORATION,
BROTHER INDUSTRIES, LTD.,
RICOH AMERICAS CORPORATION, and
RICOH COMPANY, LTD.,

      Defendants.

---

## PRELIMINARY SCHEDULING ORDER

### 1.   DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Scheduling Conference was held on May 5, 2011, at 10:00 a.m. before Magistrate

Judge Kristen L. Mix.  The following counsel appeared:

    E. Robert Yoches
    Edward J. Naidich
    Finnegan, Henderson, Farabow, Garrett, & Dunner, LLP
    901 NY Ave., NW
    Washington DC, 20001
    Tel:  202-408-4000
    Fax:  202-408-4400
    Email:  bob.yoches@finnegan.com
           edward.naidich@finnegan.com

Joseph E. Palys
Finnegan, Henderson, Farabow, Garrett, & Dunner, LLP
11955 Freedom Drive
Reston, VA 20190
Tel:  571-203-2700
Fax:  202-408-4400
Email:  joseph.palys@finnegan.com

Scott Browning
Rothgerber, Johnson & Lyons LLP
One Tabor Center
Suite 3000
1200 Seventeenth St.
Denver, CO 80202
Telephone: 303.623-9000
Facsimile: 303.623-9222
E-mail: cgoldberg@rothgerber.com
          sbrowning@rothgerber.com

**Attorneys for Plaintiff**
**BIAX Corporation**

David L. Witcoff
JONES DAY
77 W. Wacker Dr., Suite 3500
Chicago, IL 60601-1692
(312) 782-3939

Kenneth H. Lyman
HALL & EVANS, LLC
1125 Seventeenth Street, Suite 600
Denver, CO 80202
(303) 628-3300

**Attorneys for Defendant**
**Motorola Solutions, Inc.**

David L. Witcoff
JONES DAY
77 W. Wacker Dr., Suite 3500
Chicago, IL 60601-1692
(312) 782-3939

Kenneth H. Lyman
HALL & EVANS, LLC
1125 Seventeenth Street, Suite 600

Denver, CO 80202
(303) 628-3300

**Attorneys for Defendant**
**Motorola Mobility, Inc.**

Rick L. Rambo
David J. Levy
Preetam A. Shingavi
Morgan, Lewis & Bockius LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002
Telephone: (713) 890-5000
Facsimile: (713) 890-5001
rrambo@morganlewis.com
dlevy@morganlewis.com
pshingavi@morganlewis.com

**Attorneys for Defendant**
**Hewlett-Packard Company**

Bruce A. Featherstone
FEATHERSTONE PETRIE DESISTO LLP
600 17th Street, Suite 2400S
Denver, Colorado  80202-5424
(303) 626-7100

Adam R. Alper
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104-1501
(415) 439-1400
aalper@kirkland.com

John R. Edwards
KIRKLAND & ELLIS LLP
950 Page Mill Road
Palo Alto, California  94304
(650) 859-7000
john.edwards@kirkland.com

**Attorneys for Defendant**
**Cisco Systems, Inc.**

Rodger A. Sadler
ORRICK, HERRINGTON & SUTCLIFFE LLP

51 W. 52nd St.
New York, NY 10019-6142
(212) 506-5000

Roger P. Thomasch
BALLARD SPAHR LLP
1225 17th Street, Suite 2300
Denver, CO 80202
(303) 292-2400

**Attorneys for Defendants**
**Canon U.S.A., Inc. and**
**Canon Inc.**

Daniel M. Reilly
Jason M. Lynch
REILLY POZNER, LLP
1900 Sixteenth St., Suite 1700
Denver, Co 80202
(303) 893-6100

**Attorneys for Defendants**
**Brother International Corporation,**
**Brother Industries, Ltd.**

Bruce A. Featherstone
FEATHERSTONE PETRIE DESISTO LLP
600 17th Street, Suite 2400S
Denver, Colorado  80202-5424
(303) 626-7100

**Attorneys for Defendants**
**Ricoh Americas Corporation and**
**Ricoh Company, LTD.**

### 2.    STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction under 28 U.S.C. sections 1331 and 1338.

### 3.    STATEMENT OF CLAIMS AND DEFENSES

**a.    Plaintiff:**

This is a patent infringement action involving U.S. Patent Nos. 5,517,628 ("the '628 patent") and 6,253,313 ("the '313 patent").  BIAX is assignee of both patents.

Motorola Solutions and Motorola Mobility have infringed and continue to infringe one or more claims of the '628 and/or the '313 patents by making, selling, offering for sale, and/or using various products including ones that use multiple condition code registers.  These products, for example, execute condition-setting instructions, conditional floating-point instructions and/or conditional digital signal processing (DSP) extension instructions that use multiple condition code registers.  Examples of such products include set top boxes, such as, certain models of Motorola's DCX, DCH, DCT, and/or QIP series set top boxes and wireless broadband core management entities, such as the WBC 700 MME.  BIAX believes that Motorola Mobility and Motorola Solutions have committed and continue to commit acts of contributory infringement of one or more of the claims of the '628 and/or '313 patents and have induced and continue to induce others, such as consumers, whose use of such products constitutes direct infringement of claims of the '628 and/or '313 patents.  Moreover, Motorola Solutions' and Motorola Mobility's infringements have been willful because they had knowledge of the claims of the '628 and '313 patents since at least as early as September 5, 2001, the date of a lawsuit against a related company, and still chose to infringe.

HP has infringed and continues to infringe one or more claims of the '628 and/or the '313 patents by making, selling, offering for sale, and/or using various products, including products that use multiple condition code registers.  Such products execute condition-setting instructions, conditional floating-point instructions and/or conditional digital signal processing (DSP) extension instructions that use multiple condition code registers.  Examples of such products include HP printers, such as HP's 5550n, 5550dn, CP6015dn, 9040dn, M4345, CM6030/6040

MPF series printers.  BIAX believes HP has committed and continues to commit acts of contributory infringement of one or more of the claims of the '628 and/or '313 patents and also has induced and continues to induce others, such as consumers whose use of such products constitutes direct infringement of one or more claims of the '628 and/or '313 patents.

Cisco has infringed and continues to infringe one or more claims of the '628 and/or the '313 patents by making, selling, offering for sale, and/or using, various products, including products that use multiple condition code registers.  Such products execute condition-setting instructions, conditional floating-point instructions and/or conditional digital signal processing (DSP) extension instructions that use multiple condition code registers.  Examples of such products include Cisco's and/or Scientific Atlanta's set top boxes and Cisco's 7200, 7301, and 7600 series routers.  BIAX believes Cisco has committed and continues to commit acts of contributory infringement of one or more of the claims of the '628 and/or '313 patents and also induced and continues to induce others, such as consumers whose use of such products constitutes direct infringement of one or more claims of the '628 and/or '313 patents.

Canon has infringed and continues to infringe one or more claims of the '628 and/or the '313 patents by making, selling, offering for sale, and/or using, various products, including products that use multiple condition code registers.  Such products execute condition-setting instructions, conditional floating-point instructions, and/or conditional digital signal processing (DSP) extension instructions that use multiple condition code registers.  Examples of such products include Canon's LBP 5976, 5970, 5460, and 3560 series products.  BIAX believes Canon has committed and continues to commit acts of contributory infringement of one or more of the claims of the '628 and/or '313 patents and also induced and continues to induce others,

such as consumers whose use of such products constitutes direct infringement of one or more claims of the '628 and/or '313 patents.

Brother has infringed and continues to infringe one or more claims of the '628 and/or the '313 patents by making, selling, offering for sale, and/or using, various products, including products that use multiple condition code registers. Such products execute condition-setting instructions, conditional floating-point instructions, and/or conditional digital signal processing (DSP) extension instructions that use multiple condition code registers. Examples of such products include Brother's HL 3040CN, HL 3070CW, HL 404CDN, HL 4070CDW, MFC 9010CN, DCP 9040CN, DCP 9045CDN, DCP 8080DN, DCP 8085DN, HL 5240, HL 5470DW, HL 5340D, HL 5370DWT series printers. BIAX believes Brother has committed and continues to commit acts of contributory infringement of one or more of the claims of the '628 and/or '313 patents and also induced and continues to induce others, such as consumers whose use of such products constitutes direct infringement of one or more claims of the '628 and/or '313 patents.

Ricoh has infringed and continues to infringe one or more claims of the '628 and/or the '313 patents by making, selling, offering for sale, and/or using, various products, including products that use multiple condition code registers. Such products execute condition-setting instructions, conditional floating-point instructions, and/or conditional digital signal processing (DSP) extension instructions that use multiple condition code registers. Examples of such products include Ricoh's MP C2050/MP C2550, MP C2500, MP C3500/C4500, MP 2550B/MP 2550/MP 3350B/MP 3350, MP2851/MP3351, MP 4001/MP5001, MP 4000B/MP5000B, and MP C3000 series printers. BIAX believes Ricoh has committed and continues to commit acts of contributory infringement of one or more of the claims of the '628 and/or '313 patents and also

induced and continues to induce others, such as consumers whose use of such products constitutes direct infringement of one or more claims of the '628 and/or '313 patents.

**b.    Defendants:**

Motorola Solutions, Inc. ("Motorola Solutions"), Motorola Mobility, Inc. ( "Motorola Mobility"), Hewlett Packard Company ("HP"), Cisco, Inc. ("Cisco"), Canon U.S.A., Inc. and Canon Inc. (collectively "Canon"), Brother International Corporation and Brother Industries, Ltd. (collectively "Brother"), and Ricoh Americas Corp. and Ricoh Company, Ltd. (collectively "Ricoh") (collectively "Defendants") ("Motorola Solutions," "Motorola Mobility," "HP," "Cisco," "Canon," "Brother," and "Ricoh" each being a "Defendant Group") have not infringed and do not infringe any valid and enforceable claims of the '628 or '313 patents, either directly or indirectly. Motorola Solutions and Motorola Mobility also deny that they willfully infringe the asserted patents.

Although not specifically identified in the Complaint, BIAX now states that it intends to read its patent claims on MIPS-based processors. Defendants are merely purchasers of such processors and BIAX's lawsuit instead should have been brought against the manufacturers of the processors, rather than customers of the suppliers.

In addition, Defendants assert the following Affirmative Defenses and Counterclaims.

BIAX is precluded under the doctrine of prosecution history estoppel from asserting a construction of any of the claims of the '628 or '313 patents to cover any product manufactured, used, sold, offered for sale, and/or imported by Defendants.

The claims of the '628 or '313 patents are invalid for failure to meet the requisite criteria for patentability. For example, the claims of the '628 or '313 patents are invalid due to double patenting and as anticipated and made obvious under 35 U.S.C. §§ 102 and 103 respectively by prior art. As another example, the claims of the '628 or '313 patents are invalid because new

8

matter was improperly added to the specification of the patents in violation of the prohibition against new matter (35 U.S.C. § 132) and the claims do not find support within the originally filed specification (35 U.S.C. § 112).

The '628 or '313 patents are unenforceable under the doctrines of laches, estoppel unclean hands, and prosecution laches. Further, the '628 or '313 patents are unenforceable because of inequitable conduct committed during prosecution of the patents, including for the reasons Administrative Law Judge Sidney Harris found the parent patents unenforceable for inequitable conduct in the matter of *Certain Digital Processors and Digital Processing Systems, Components Thereof, and Products Containing Same*, Investigation Number 337-TA-559 in the International Trade Commission. Motorola Solutions and Motorola Mobility further assert that the '628 or '313 patents are unenforceable under the doctrine of patent misuse.

BIAX previously asserted the '628 and '313 patents against Motorola, Inc. in Civil Action No. 01-601 in the District of Delaware. That action was dismissed with prejudice and BIAX and Motorola, Inc. entered into a settlement and license agreement. BIAX's claims against Motorola Solutions and Motorola Mobility are barred, in whole or in part, pursuant to the dismissal with prejudice, settlement, and/or license agreement.

Although Defendants admit no liability for the reasons stated herein, even if granted, Plaintiff's claims for relief and prayer for damages are limited by the doctrines of full compensation, exhaustion, and/or first sale, and because the actions are licensed, the limitations period under 35 U.S.C. § 286, and further by the patent marking statute, 35 U.S.C. § 287, because BIAX neither provided notice of infringement to the Defendants prior to filing suit, nor marks or requires its licensees to mark any products made, sold, offered for sale or imported into the United States with the numbers of the patents-in-suit. Defendants request that the Court find

this case exceptional under 35 U.S.C. § 285 and award its costs and fees in this action, including reasonable attorneys' fees and pre-judgment interest thereon.

Some of the Defendants also assert counterclaims of non-infringement of the '628 or '313 patents, invalidity of the '628 or '313 patents for failure to meet the requisite criteria for patentability, and unenforceability of the '628 or '313 patents based on inequitable conduct committed during prosecution of the patents and under the doctrines of laches, estoppel, unclean hands and prosecution laches.  Defendants ask the Court for a declaration that the '628 or '313 patents are not infringed, are invalid, and are unenforceable.

### 4.     UNDISPUTED FACTS

The following facts are undisputed:

a)  BIAX filed its Complaint in this action on December 13, 2010.

b)  On April 4, 2011, Motorola Solutions, Inc. f/k/a Motorola Inc. filed an unopposed motion to substitute Motorola Mobility, Inc. and Motorola Solutions, Inc. for the named defendant Motorola, Inc., which motion was granted on April 5, 2011.

c)  Motorola Mobility is a corporation organized and existing under the laws of Delaware with its principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048.

d)  Motorola Solutions is a corporation organized and existing under the laws of Delaware with its principal place of business at 1303 East Algonquin Road, Schaumburg, Illinois, 60196.

e)  HP is a corporation organized and existing under the laws of Delaware with its principal place of business at 3000 Hanover Street, Palo Alto, CA, 94304-1185. HP is registered with the Colorado Secretary of State and has one or more offices or facilities within this judicial

district, including one located at 301 S. Rockrimmon Blvd., Colorado Springs, Colorado, 80919 and others in Boulder, Denver, Ft. Collins, Littleton, and Louisville, Colorado.

f) Cisco is a corporation organized and existing under the laws of California with its principal place of business at 170 West Tasman Dr., San Jose, CA 95134. Cisco is registered with the Colorado Secretary of State and has one or more offices or facilities within this judicial district, including one located at 4600 South Ulster Street, Denver, Colorado, 80237 and another located at 5330 Airport Boulevard, Boulder, Colorado, 80301.

g) Canon U.S.A., Inc. ("Canon USA") is a corporation organized and existing under the laws of New York with its principal place of business at One Canon Plaza, Lake Success, New York, 11042. Canon Inc. is a foreign corporation organized and existing under the laws of Japan, with its principal place of business at 30-2, Shimomaruko 3-chome, Ohta-ku,Tokyo 146-8501, Japan. Canon USA is registered with the Colorado Secretary of State.

h) Brother International Corporation is a corporation organized and existing under the laws of Delaware with its principal place of business at 100 Somerset Corporate Blvd., Bridgewater, New Jersey, 08807-0911. Brother Industries, Ltd. is a foreign corporation organized and existing under the laws of Japan with its principal place of business in Nagoya, Japan.

i) Ricoh Company, Ltd. is a foreign corporation organized and existing under the laws of Japan, with its principal place of business at Ricoh Building, 8-13-1 Ginza, Chuo-ku, Tokyo 104-8222, Japan. Ricoh Americas Corporation ("Ricoh Americas") is corporation organized and existing under the laws of Delaware with its principal place of business at 5 Dedrick Place, West Caldwell, New Jersey, 07006-6398. Ricoh Americas has one or more offices or facilities within this judicial district, including one located at 8055 E. Tufts Ave., Ste

100, Denver, Colorado, 80237, and others located at One Commerce Center 7222 Commerce Center Drive, Suite 237, Colorado Springs, Colorado, 80919, and 6455 South Yosemite Street, Suite 101, Englewood, CO 80111.

j)  BIAX has not marked any products made, sold, offered for sale or imported into the United States with the numbers of the patents-in-suit.

k)  BIAX has not required any of its licensees to mark any products made, sold, offered for sale or imported into the United States with the numbers of the patents-in-suit.

## 5.   COMPUTATION OF DAMAGES

BIAX seeks damages, pre- and post-judgment interest, increased damages pursuant to 35 U.S.C. § 284, an award of attorneys fees, costs and expenses in this exceptional case pursuant to 35 U.S.C. § 285.  However, at this early stage in this case, it is impossible to compute categories of damages sought or describe the basis and theory for calculating damages.

Defendants request that the Court find this case exceptional under 35 U.S.C. § 285 and award them their costs and fees in this action, including reasonable attorneys' fees and pre-judgment interest thereon.

## 6.   REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.   **Dates of Rule 26(f) meetings:**  April 14, 2011, April 21, 2011, April 26, 2011, and April 28, 2011

b.   **Names of each participant and party he/she represented.**

E. Robert Yoches (April 14, 21, 2011)
Edward Naidich
Joseph Palys
Scott Browning (April 14, 28, 2011)
Trevor Bartel (April 26, 28, 2011)

**Attorneys for Plaintiff**
**BIAX Corporation**

David L. Witcoff
Marc S. Blackman

**Attorneys for Defendant**
**Motorola Solutions, Inc.**

David L. Witcoff
Marc S. Blackman

**Attorneys for Defendant**
**Motorola Mobility, Inc.**

Rick L. Rambo
Mark W. Taylor

**Attorneys for Defendant**
**Hewlett-Packard Company**

Bruce A. Featherstone
Adam R. Alper
John R. Edwards (April 21, 26, 28, 2011)

**Attorneys for Defendant**
**Cisco Systems, Inc.**

Rodger A. Sadler
Donald E. Daybell (April 14, 2011)

**Attorneys for Defendants**
**Canon U.S.A., Inc. and Canon Inc.**

David M. Schlitz (April 21, 26, 28, 2011)
Kurt M. Pankratz (April 14, 2011)
Jason M. Lynch (April 26, 28, 2011)

**Attorneys for Defendants**
**Brother International Corporation and Brother Industries, LTD.**

Bruce A. Featherstone
David Rokach

**Attorneys for Defendants**
**Ricoh Americas Corporation and Ricoh Company, LTD.**

c.    **Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

The parties will make Rule 26(a)(1) disclosures on June 3, 2011.

d.   **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

Previous Litigation Materials:

In the matter of *BIAX Corp. v. Sun Microsystems, Inc.*, 2:06 CV 364 (E.D. Tex.), BIAX produced a hard drive (hereafter referred to as the "Sun hard drive") that included documents from previous BIAX lawsuits and containing information confidential to third parties that is subject to protective orders in those cases.  To address the confidential nature of those documents, the court in the matter of *BIAX Corp. v. NVidia Corp. et al.*, Case No. 09 CV 01257 PAB-MEH (D.Col.), issued an order allowing BIAX to produce the contents of the Sun hard drive, giving notice to each of the third parties to object to the production of its confidential documents.  To facilitate timely and efficient discovery in this matter, the parties request that this Court also issue an order allowing BIAX to produce the contents of the Sun hard drive to each of the parties in this matter within 30 days of such order, or within 14 days of issuance of a Protective Order in this case, whichever is later, absent objections from another party.  After receiving such an order, BIAX will provide immediate notice to the third parties of the Court's order and allow them time to object.  To the extent any third-party objects to the production of its confidential documents, BIAX will timely produce the contents of the Sun hard drive that have not been objected to by any third-party.

Also, in an effort to facilitate discovery of any additional relevant and confidential materials produced in the *BIAX Corp. v. NVidia Corp. et al.* matter, BIAX requests that this Court also issue an order allowing BIAX to produce such materials in accordance with the fact discovery schedule set forth in this

Scheduling Order.  A proposed order to address these issues is attached as Exhibit A.  BIAX requests that the court issue the order contemporaneously with this scheduling order.

e.    **Statement concerning any agreements to conduct informal discovery.**

None.

f.    **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

1.    <u>Agreement Concerning Disclosure of Asserted Claims and Infringement Contentions.</u>

<u>Agreed Positions</u>

By June 30, 2011, BIAX shall serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions."  Separately for each opposing party, the "Disclosure of Asserted Claims and Infringement Contentions" shall contain the following information:

(a) Each claim of each patent-in-suit that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted;

(b) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware.  This identification shall be as specific as possible.  Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;  *See additional*

*(copy) on p. 17.*

(c) A chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that perform(s) the claimed function.

(d) For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement.  Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described.

(e) Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

(f) For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

(g) If BIAX wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, BIAX shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

(h) The basis for BIAX's allegation of willful infringement.

Disputed Positions

BIAX's Position:

BIAX proposes adding the following sentence to subsection 1(b), above:

Each product, device, and apparatus shall be identified by name or model number, if known, or by the type of microprocessor used in the accused product or device (e.g., BIAX may identify the Accused Instrumentalities as those products having ~~one or more~~ MIPS-based microprocessors).

*a specific microprocessor identified by name or product #.*

Defendants' Position:

Defendants propose adding the following sentence to subsection 1(b), above:

Each product, ~~device,~~ and apparatus shall be identified by name or model ~~number, if known.~~

2.   Agreement Concerning Document Production Accompanying Disclosure.

Agreed Positions

With the "Disclosure of Asserted Claims and Infringement Contentions," or within two (2) weeks of issuance of a Protective Order in this case, whichever is later, BIAX shall produce to each opposing party or make available for inspection and copying:

(a) Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, or any public use of, the claimed invention prior to the date of application for the patent in suit.  A party's production of a document as required herein shall not

constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

(b) All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to subsection 1(f), above, whichever is earlier;

(c) A copy of the file history for each patent in suit; and

(d) All documents evidencing ownership of the patent rights by the party asserting patent infringement.

(e) If BIAX identifies instrumentalities pursuant to subsection 1(g), above, documents sufficient to show the operation of any aspects or elements of such instrumentalities BIAX relies upon as embodying any asserted claims.

The producing party shall separately identify by production number which documents correspond to each category.

3.    Agreement Concerning Invalidity Contentions

Agreed Positions

By September 30, 2011, each Defendant shall serve on all parties its "Invalidity Contentions" which shall contain the following information:

(a) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious.  Each prior art patent shall be identified by its number, country of origin, and date of issue.  Each prior art publication shall be identified by its title, date of publication, and where feasible, author and publisher.  Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took

place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

(b) Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness;

(c) A chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

(d) Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

4.     <u>Agreement Concerning Document Production Accompanying Invalidity Contentions.</u>

<u>Agreed Positions</u>

(a) By August 30, 2011, each Defendant shall produce or make available for inspection and copying: documents, including source code, object code, firmware, software, pseudo code, RTL, HDL, and other forms of microcode ("software, firmware, RTL, HDL, and microcode"), tutorials and other training materials, user guides, programming guides or manuals, instruction set architectures, hardware guides, specifications, schematics, flow charts, artwork, formulas, or other documentation, to the extent such documents are in the possession, custody, and control of the Defendant, sufficient to show the operation of any aspects or elements of each Accused Instrumentality identified by the patent claimant in its chart pursuant to subsection 1(c), above. To the extent such documents identified in this paragraph are not in the possession, custody, and control of the Defendant, the Defendant shall identify any third parties, of which it is aware, from which such documents may be requested.

(b) With the "Invalidity Contentions," each Defendant shall produce or make available for inspection and copying: a copy or sample of the prior art identified pursuant to subsection 3(a), above, which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon shall be produced.

The producing party shall separately identify by production number which documents correspond to each category.

5.      Amendment to Contentions.

Disputed Positions

BIAX's Position:

The parties may amend or supplement their Infringement Contentions or Invalidity Contentions under Federal Rule of Civil Procedure 26(e) if the party serving the amendment has a good-faith belief in the necessity of the change, such as: (a) a claim construction by the Court different from that proposed by the party seeking amendment; (b) recent discovery of material, prior art despite earlier diligent search; and (c) recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions. BIAX shall be permitted to amend its Infringement Contentions without leave of Court based on recent discovery from any Defendant or Third Party of source code, object code, firmware, software, pseudo code, RTL, HDL, and other forms of microcode ("software, firmware, RTL, HDL, and microcode"), tutorials and other training materials, user guides, programming guides or manuals, instruction set architectures, hardware guides, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation, use, configuration, and functionality of any aspects or elements of any Accused Instrumentality identified by BIAX in its chart pursuant to subsection 1(c), above, or any Accused Instrumentality or Accused Product identified in BIAX's Complaint (including, if filed, any amended Complaint(s)) or any discovery request served on the Defendant or Third Party.

Defendants' Position:

Except as specifically set forth below, amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court

upon a timely showing of good cause.  Non-exhaustive examples of

circumstances that may, absent undue prejudice to the nonmoving party, support a

finding of good cause include: (a) a claim construction by the Court different

from that proposed by the party seeking amendment; (b) recent discovery of

material, prior art despite earlier diligent search; and (c) recent discovery of

nonpublic information about the Accused Instrumentality which was not

discovered, despite diligent efforts, before the service of the Infringement

Contentions.  The duty to supplement discovery responses does not excuse the

need to obtain leave of court to amend contentions.  *Parties shall make all reasonable good faith efforts to stipulate to appropriate amendments.*

　　　To the extent a Defendant or third party, after BIAX provides its

Infringement Contentions, produces source code, object code, firmware, software,

pseudo code, RTL, HDL, and other forms of microcode ("software, firmware,

RTL, HDL, and microcode"), specifications, schematics, flow charts, artwork,

formulas, or other documentation showing the operation, use, configuration, and

functionality of any aspects or elements of any Accused Instrumentality identified

by BIAX in any chart provided pursuant to subsection 1(c), above, BIAX may

supplement its infringement charts for the Accused Instrumentality with

additional detail on which BIAX may rely concerning the accused aspects or

elements without seeking leave of Court.  Such additional detail shall include

identifying the source code lines in each source code file that BIAX contends

meets the asserted claim element.  Any such supplementation shall be within the

scope of BIAX's existing Infringement Contentions and must be served within 30

days of BIAX's receipt of the documents or materials.  If BIAX wishes to amend

its Infringement Contentions with new infringement theories that fall outside the

scope of its original Infringement Contentions, or identify additional Accused

Instrumentalities or asserted claims, BIAX must seek leave of court as set forth

above.  Nothing in this section prohibits a Defendant from seeking additional

detail from BIAX with respect to its Infringement Contentions.

6.    Privilege Log

The parties shall not be obligated to log privileged or work product

materials created after December 13, 2010, the date BIAX filed this lawsuit.

g.    **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

Disputed Positions:          *Parties anticipate that electronic discovery will be involved. Parties shall adhere to Sedona principles in relation to resolving disputes re electronic discovery. Parties may address need for a comprehensive order re elec. discovery with the court after production of the Sun hard drive.*

BIAX's Position:

BIAX anticipates that its claims will involve extensive electronically

stored information, and that a substantial amount of disclosure and discovery will

involve information and records stored in electronic form.  BIAX proposes that

the parties agree to the Default Standard for Discovery of Electronically Stored

Information (attached as Exhibit B), which the United States District Court for the

District of Delaware has issued.

Defendants' Position:

Defendants do not believe BIAX has justified discovery of "extensive"

ESI from Defendants at this time, because, *inter alia*, BIAX has not yet provided

infringement contentions with respect to any potentially accused products.  To the

extent ESI discovery may be extensive, Defendants make the following proposals

intended to avoid unnecessary burdens associated with such ESI discovery, and to focus Defendants' productions in this case on relevant documentation concerning accused products:

(i) Defendants propose that they not be required to produce emails or documents possessed by individual document custodians, to the extent technical and other documentation concerning accused products is produced from other sources, such as centralized document repositories.

(ii) If technical and other documentation concerning accused products is not available from other sources such as centralized document repositories from a particular Defendant, BIAX shall be entitled to discovery from up to three document custodians for that Defendant.

(iii) Regardless of whether a Defendant produces or does not produce email or custodian documents, if BIAX believes that particular emails or custodian documents and things may include relevant categories of information not available by other means, BIAX may be permitted to obtain such materials upon a particularized showing of need for a specific category(ies) of documents.

(iv) After BIAX serves its infringement contentions, Defendants will be in a better position to assess the scope of any ESI productions. Defendants propose that the parties meet and confer on additional appropriate limitations on such discovery at that time.

**h.**   **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties plan to discuss the possibilities for resolution of the case by alternative dispute resolution and will report the results of any such dispute resolution meeting to the magistrate judge.

## 7.   CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8.   DISCOVERY LIMITATIONS

**a.**   **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

Agreed Position on Depositions:

Defendants shall be permitted to take 5 common fact depositions of Plaintiff and each Defendant Group shall be permitted to take 2 additional fact depositions of Plaintiff. These limits do not apply to third-party and expert depositions.

Disputed Positions on Depositions:

BIAX's Position:

Plaintiff shall be permitted to take 7 fact depositions of each Defendant Group. Each witness may be deposed once subject to the time limitations specified in subsection (b), below.

Defendants' Position:

Plaintiff shall be permitted to take 5 fact depositions of each Defendant Group. The parties will make a good faith effort to schedule the deposition of an individual witness for consecutive days, if the witness is to be deposed for more than one day.

Disputed Positions on Interrogatories:

~~BIAX's Position:~~

~~No more than 50~~ interrogatories, including all discrete subparts, may be ~~served on any party.~~

~~Defendants' Position:~~

Each side shall be allowed to serve 15 common interrogatories per side, and each Defendant Group shall be permitted to serve 10 additional interrogatories on Plaintiff, and Plaintiff shall be permitted to serve 10 additional interrogatories on each Defendant Group.

**b.    Limitations which any party proposes on the length of depositions.**

Disputed Positions:

~~BIAX's Position~~:

Each deposition shall be limited to a single day with seven hours of questioning on the record, *except for inventors & Rule 30(b)(6) witnesses, + Gary Wolpert. Parties shall endeavor + agree on reasonable limits for such depositions.*

~~Defendants' Position:~~

Defendants shall be permitted to depose BIAX's 30(b)(6) witnesses for up to seven hours plus two additional hours for each Defendant Group. To the extent more time is required for any deposition, the parties shall negotiate reasonable time limits in good faith.

Agreed Positions:

BIAX shall be permitted to depose any Defendant expert witness for up to seven hours per report. To the extent an expert is shared by Defendant Groups for opinions of non-infringement or damages, BIAX may take the expert's deposition

for seven hours plus three additional hours per Defendant Group for whom that expert is offering a non-infringement or damages opinion for each report.

Defendants shall be permitted to depose any BIAX expert witness for up to seven hours per report.  To the extent any BIAX expert offers an opinion related to more than one Defendant Group, such Defendant Groups may take the expert's deposition for seven hours plus three additional hours per Defendant Group against whom that expert is offering an opinion for each report.

c.   **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

Requests for Production: No limitation.

Requests for Admission:  Each side shall be permitted to serve 30 common requests for admission.  Each Defendant shall be permitted to serve an additional 20 requests for admission on BIAX, and BIAX shall be permitted to serve an additional 20 requests for admission on each Defendant.  In addition, the parties shall be permitted to serve unlimited requests for admissions for authentication of documents.

d.   **Other Planning or Discovery Orders**

The parties shall submit a proposed Protective Order to the Court for its approval no later than May 20, 2011.

*See  Order #24  at p. 2, section E. #1.*

9.   **CASE PLAN AND SCHEDULE**

a.   **Deadline for Joinder of Parties and Amendment of Pleadings:**

Deadline for joinder of parties:  November 17, 2011

Deadline for amendment of pleadings:  December 15, 2011

b.   **Discovery Cut-off:**

Fact Discovery Cut-off: May 11, 2012

Expert Discovery Cut-off: October 4, 2012

c.  **Dispositive Motion Deadline:** November 19, 2012

d.  **Expert Witness Disclosure**

1.  Anticipated Fields of Expert Testimony:

BIAX:  BIAX presently anticipates the following fields of expert testimony:  computer architecture and design, damages, PTO practice and procedure and/or delay in prosecution of the patents-in-suit.

Defendants:  Defendants presently anticipate the following fields of expert testimony:  microprocessor architecture and design, damages, PTO practice and procedure, and delay in prosecution of the patents-in-suit.

2.  Limitations on the use or number of expert witnesses:

Disputed Positions:

BIAX's Position:  Each side shall be limited to ~~four~~ seven expert witnesses, absent for the leave of court.

~~Defendants' Position:  Each side shall be limited to ten expert witnesses.~~
~~Additional experts are warranted in this case due to the number of~~
~~Defendants and the variety of products identified by BIAX in its~~
~~complaint.  Defendants will attempt to share experts and otherwise~~
~~streamline expert discovery.~~

3.  The parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before June 5, 2012.

4.  The parties shall designate all rebuttal experts and provide opposing

counsel and any pro se party with all information specified in Fed. R. Civ.

P. 26(a)(2) on or before August 5, 2012.

e.  **Identification of Persons to Be Deposed:**

None at this time.

f.  **Deadlines for Interrogatories:**

Interrogatories shall be served no later than April 5, 2012.

g.  **Deadline for Requests for Production of Documents and/or Admissions:**

Requests for Documents shall be served no later than April 5, 2012.

h.  **Other Pretrial Deadlines:**

1.  Deadline for parties to notice fact witness depositions:  April 5, 2012.

2.  Claim Construction Hearing: ~~March 12, 2012 (or at another date more~~ *a date to be determined by Judge Brimmer.*

~~convenient for the Court).~~ *Counsel shall contact judge Brimmer's chambers re Markman hearing date by*

3.  The parties shall exchange lists of proposed claim terms for construction: *June 20, 2011.*

130 days before Claim Construction Hearing.

4.  The parties shall exchange preliminary proposed claim constructions and

preliminary identification of extrinsic evidence supporting same: 100 days

before Claim Construction Hearing.  The preliminary identification of

extrinsic evidence shall include dictionary definitions, citations to learned

treatises and prior art, and a brief description of the substance of any

proposed inventor or expert witness testimony the parties contend support

their respective claim constructions.

5.  The parties shall file a Joint Claim Construction Hearing Statement with

the Court: 80 days before Claim Construction Hearing.

6.    The parties shall file simultaneous opening claim construction briefs: 56 days before Claim Construction Hearing.

7.    The parties shall file simultaneous responsive claim construction briefs: 28 days before Claim Construction Hearing.

8.    Deadline for parties, if they desire, to provide Court with tutorials concerning technology involved in patents: 14 days before Claim Construction Hearing. The tutorials will be submitted on CD or DVD, be no more than 20 minutes in length, and will be non-argumentative.

## 10.    DATES FOR FURTHER CONFERENCES

a.    A settlement conference will be held on _a date to be determined_ at in the future. _____ o'clock ___.m. It is hereby ordered that all settlement conferences that take place before *Parties shall file a joint* the magistrate judge shall be confidential. *status report regarding expert discovery and settlement*

( )    Pro se parties and attorneys only need be present.

( )    Pro se parties, attorneys, and client representatives with authority to settle must be *conference scheduling within 30 days* present. (NOTE: This requirement is not fulfilled by the presence of counsel. If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.) *of the Markman Order.*

( )    Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

b.    Status conferences will be held in this case at the following dates and times:

_As needed._ _____

_____

c.      A final pretrial conference will be held in this case on ___February 25, 2013___ at _9:30_o'clock _a_m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five (5) days before the final pretrial conference.

## 11.    OTHER SCHEDULING MATTERS

a.      **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

Other than those set forth above, none.

b.      **Anticipated length of trial and whether trial is to the court or jury.**

Trial is to a jury.  BIAX anticipates that the length of trial will be five days.

Defendants anticipate that the length of trial will be fifteen days.

c.      **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facility at 212 N. Wahsatch Street, Colorado Springs, Colorado.**

Not applicable.

## 12.    NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a pro se party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

31

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

### 13.     AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED this __5__ day of  May, 2011.

BY THE COURT:

_____
Kristen L. Mix
United States Magistrate Judge

APPROVED:

_____

E. Robert Yoches
Edward J. Naidich
Finnegan, Henderson, Farabow, Garrett, & Dunner, LLP
901 NY Ave., NW
Washington DC, 20001
Tel:  202-408-4365
Fax:  202-408-4400
Email:  edward.naidich@finnegan.com

Charles Goldberg
Scott Browning
Rothgerber, Johnson &Lyons, LLP
One Tabor Center, Suite 3000
1200 Seventeenth Street
Denver, CO 80202

**Attorneys for Plaintiff**
**BIAX Corporation**

_____

David L. Witcoff
Marc S. Blackman
JONES DAY
77 W. Wacker Dr., Suite 3500
Chicago, IL 60601-1692
Tel: 312-782-3939
Fax: 312-782-8585
Email: dlwitcoff@jonesday.com
          msblackman@jonesday.com

Kenneth H. Lyman
HALL & EVANS, LLC
1125 Seventeenth Street, Suite 600
Denver, CO 80202
Tel:   303-628-3300
Fax:  303-293-3231
E-mail:  lymank@hallevans.com

**Attorneys for Defendant**
**Motorola Solutions, Inc.**

_____

David L. Witcoff

Marc S. Blackman
JONES DAY
77 W. Wacker Dr., Suite 3500
Chicago, IL 60601-1692
Tel: 312-782-3939
Fax: 312-782-8585
Email:  dlwitcoff@jonesday.com
         msblackman@jonesday.com

Kenneth H. Lyman
HALL & EVANS, LLC
1125 Seventeenth Street, Suite 600
Denver, CO 80202
Tel:   303-628-3300
Fax:   303-293-3231
E-mail:  lymank@hallevans.com

**Attorneys for Defendant
Motorola Mobility, Inc.**

Rick L. Rambo
David J. Levy
Preetam A. Shingavi
Morgan, Lewis & Bockius LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002
Telephone: (713) 890-5000
Facsimile: (713) 890-5001
rrambo@morganlewis.com
dlevy@morganlewis.com
pshingavi@morganlewis.com

**Attorneys for Defendant
Hewlett Packard Company**

Bruce A. Featherstone
FEATHERSTONE PETRIE DESISTO LLP
600 17th Street, Suite 2400S
Denver, Colorado  80202-5424
Telephone:  303 626-7100
Facsimile:  303 626-7101
bfeatherstone@featherstonelaw.com

Adam R. Alper
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104-1501
Telephone: (415) 439-1400
Facsimile:  (415) 439-1500
aalper@kirkland.com

John R. Edwards
KIRKLAND & ELLIS LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 859-7000
Facsimile:  (650) 859-7500
john.edwards@kirkland.com

**Attorneys for Defendant
Cisco Systems, Inc.**

---

Joseph A. Calvaruso
Rodger A. Sadler
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 W. 52nd St.
New York, NY 10019-6142
(212) 506-5000
jcalvaruso@orrick.com
rsadler@orrick.com

Donald E. Daybell
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2558
(949) 567-6700
ddaybell@orrick.com

Roger P. Thomasch
Jon Bernhardt
BALLARD SPAHR LLP
1225 17th Street, Suite 2300
Denver, CO 80202
(303) 292-2400
thomasch@ballardspahr.com
bernhardt@ballardspahr.com

**Attorneys for Defendants**
**Canon U.S.A., Inc.**
**Canon Inc.**

_____

Daniel M. Reilly
Jason M. Lynch
REILLY POZNER, LLP
1900 Sixteenth St., Suite 1700
Denver, Co 80202
(303) 893-6100
**Attorneys for Defendants**
**Brother International Corporation,**
**Brother Industries, Ltd.**

_____

Bruce A. Featherstone
FEATHERSTONE PETRIE DESISTO LLP
600 17th Street, Suite 2400S
Denver, Colorado  80202-5424
Telephone:  303 626-7100
Facsimile:  303 626-7101
bfeatherstone@featherstonelaw.com

**Attorney for Defendants**
**Ricoh Americas Corp.,**
**Ricoh Company, Ltd.**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03013-PAB-KLM

BIAX CORPORATION,

     Plaintiff,

v.

MOTOROLA SOLUTIONS, INC.,
MOTOROLA MOBILITY, INC.,
HEWLETT-PACKARD COMPANY,
CISCO SYSTEMS, INC.,
CANON U.S.A., INC.,
CANON INC.,
BROTHER INTERNATIONAL CORPORATION,
BROTHER INDUSTRIES, LTD.,
RICOH AMERICAS CORPORATION, and
RICOH COMPANY, LTD.,

     Defendants.

---

### ORDER REQUIRING PLAINTIFF BIAX CORPORATION TO PRODUCE CONFIDENTIAL DOCUMENTS RELATING TO PREVIOUS LITIGATIONS

---

THIS MATTER, having come before the court upon request by Plaintiff BIAX Corporation ("BIAX") in the parties' proposed Scheduling Order filed on April 29, 2011, that Plaintiff BIAX is in possession of a hard drive that contains information confidential to third parties involved in previous BIAX litigations, and to facilitate discovery in this matter, BIAX requests that this Court issue an order allowing BIAX to produce the contents of the hard drive to the Defendants and BIAX's current counsel in this matter.

After considering BIAX's request and being fully advised in the premises, it is

ORDERED that,



EXHIBIT
A

Plaintiff BIAX produce the contents of the hard drive to BIAX's current counsel and the Defendants in this matter within thirty (30) days of this order or within fourteen (14) days of issuance of a Protective Order in this case, whichever is later, absent any objections from another party who has confidential information contained in the hard drive.

BIAX shall provide notice to any such party within ten (10) days of this order to allow them time to object to the production of its confidential information contained in the hard drive. To the extent any such party objects to the production of its designated materials, BIAX will timely produce the contents of the hard drive that have not been objected to.

BIAX shall also timely produce any additional relevant materials previously produced or filed in the *BIAX Corp. v. NVidia Corp. et al.* matter.

DATED this _____ day of May, 2011.

BY THE COURT:

_____
Kristen L. Mix
United States Magistrate Judge

## Ad Hoc Committee for Electronic Discovery

The Ad Hoc Committee for Electronic Discovery has developed a default standard for the discovery of electronically stored information.  The Ad Hoc Committee includes the following members:

Chief Judge Sue L. Robinson

Kevin F. Brady, Esquire, Connolly Bove Lodge & Hutz

Mary B. Graham, Esquire, Morris Nichols Arsht & Tunnell

Richard K. Herrmann, Esquire, Morris James Hitchens & Williams

William F. Lee, Esquire, Wilmer Hale

Michael A. O'Shea, Esquire, Akin Gump

George F. Pappas, Esquire, Covington & Burling

Matthew D. Powers, Esquire, Weil Gotshal & Manges

Paul A. Ainsworth, Esquire, Covington Burling

Janet A. Gongola, Esquire, Associate Solicitor, United States Patent and Trademark Office


Chief Judge Robinson expresses her gratitude to the Ad Hoc Committee members for their continuing work on this project.


Revised:  3/2/07



EXHIBIT
B

**DEFAULT STANDARD FOR DISCOVERY OF
ELECTRONICALLY STORED INFORMATION ("E-DISCOVERY")**

1.   **Introduction.**   It is expected that parties to a case
will cooperatively reach agreement on how to conduct e-discovery
consistent with Fed. R. Civ. p. 34.[1]  In the event that such
agreement has not been reached by the Fed. R. Civ. P. 16
scheduling conference, however, the following default standards
**shall apply** until such time, if ever, the parties conduct
e-discovery on a consensual basis.

2.   **Discovery conference.**  Parties shall discuss the
parameters of their anticipated e-discovery at the Fed. R. Civ.
P. 26(f) conference, as well as at the Fed. R. Civ. P. 16
scheduling conference with the court, consistent with the
concerns outlined below.  More specifically, prior to the Rule
26(f) conference, the parties shall exchange the following
information:

• A list of the most likely custodians of relevant
electronically stored information, including a brief description
of each person's title and responsibilities.

• A list of each relevant electronic system that has
been in place at all relevant times[2] and a general description of

---

[1] See also the references to electronic discovery in Rules
26, 37, and 45.

[2] For instance, in a patent case, the relevant times for a
patent holder may be the date the patent(s) issued or the
effective filing date of each patent in suit.

each system including, but not limited to, the nature, scope, character, organization, and formats employed in each system. The parties should also discuss whether their electronically stored information is reasonably accessible.  Electronically stored information that is not reasonably accessible may include information created or used by electronic media no longer in use, maintained in redundant electronic storage media, or for which retrieval otherwise involves undue burden or substantial cost.

- The name of the individual responsible for retention of that party's electronically stored information ("the retention coordinator"), as well as a general description of that party's retention policies for the systems identified above (see ¶ 7).

- The name of the individual who shall serve as that party's liaison for e-discovery ("e-discovery liaison") (see ¶ 3).

- Provide notice of any problems reasonably anticipated to arise in connection with e-discovery, e.g., email duplication.

To the extent that the state of the pleadings does not permit a meaningful discussion of the above by the time of the Rule 26(f) conference, the parties shall either agree on a date by which this information will be mutually exchanged or submit the issue for resolution by the court at the Rule 16 scheduling

conference.

3. **E-discovery liaison.** In order to promote communication and cooperation between the parties, each party to a case shall designate an e-discovery liaison through which all e-discovery requests and responses shall be made. Regardless of whether the e-discovery liaison is an attorney (in-house or outside counsel), a third party consultant, or an employee of the party, he or she must be:

- Familiar with the party's electronic systems and capabilities in order to explain these systems and answer relevant questions.

- Knowledgeable about the technical aspects of e-discovery, including the storage, organization, and format issues relating to electronically stored information.

- Prepared to participate in e-discovery dispute resolutions.

The court notes that, at all times, the attorneys of record shall be responsible for compliance with e-discovery requests. However, the e-discovery liaisons shall be responsible for organizing each party's e-discovery efforts to insure consistency and thoroughness and, generally, to facilitate the e-discovery process.

4. **Timing of e-discovery.** Discovery of electronically stored information shall proceed in a sequenced fashion.

3

- After receiving requests for production under Fed. R. Civ. P. 34, the parties shall search their electronically stored information, other than that identified as not reasonably accessible due to undue burden and/or substantial cost, and produce responsive information in accordance with Fed. R. Civ. P. 26(b).

- Electronic searches of information identified as not reasonably accessible shall not be conducted until the initial search has been completed. Requests for electronically stored information that is not reasonably accessible must be narrowly focused with good cause supporting the request. See Fed. R. Civ. P. 26(b)(2), Advisory Committee Notes, December 2006 Amendment (good cause factors).

- Requests for on-site inspections of electronic media under Fed. R. Civ. P. 34(b) shall be reviewed to determine if good cause and specific need have been demonstrated.

5. **Search methodology.** If the parties intend to employ an electronic search to locate relevant electronically stored information, the parties shall disclose any restrictions as to the scope and method which might affect their ability to conduct a complete electronic search of such information. The parties shall reach agreement as to the method of searching, and the words, terms, and phrases to be searched with the assistance of the respective e-discovery liaisons, who are charged with

4

familiarity with the parties' respective systems.  The parties
also shall reach agreement as to the timing and conditions of any
additional searches which may become necessary in the normal
course of discovery.  To minimize the expense, the parties may
consider limiting the scope of the electronic search (e.g., time
frames, fields, document types).

6.  **Format**.  If, during the course of the Rule 26(f)
conference, the parties cannot agree to the format for
production of their electronically stored information, as
permitted by Fed. R. Civ. P. 34, such information shall be
produced to the requesting party as text searchable image files
(e.g., PDF or TIFF), unless unduly burdensome or cost-prohibitive
to do so.  When a text searchable image file is produced, the
producing party must preserve the integrity of the underlying
electronically stored information, i.e., the original formatting,
the metadata and, where applicable, the revision history.  After
initial production in text searchable image file format is
complete, a party must demonstrate particularized need for
production of electronically stored information in native format.

7.  **Retention**.  Within the first thirty (30) days of
discovery, the parties should work towards an agreement (akin to
the standard protective order) that outlines the steps each party
shall take to segregate and preserve the integrity of all
relevant electronically stored information.  In order to avoid

5

later accusations of spoliation, a Fed. R. Civ. P. 30(b)(6) deposition of each party's retention coordinator may be appropriate.

The retention coordinators shall:

- Take steps to ensure that e-mail of identified custodians shall not be permanently deleted in the ordinary course of business and that all other electronically stored information maintained by the identified custodians shall not be altered.

- Provide notice as to the criteria used for spam and/or virus filtering of e-mail and attachments; e-mails and attachments filtered out by such systems shall be deemed non-responsive so long as the criteria underlying the filtering are reasonable.

Within seven (7) days of identifying the relevant custodians, the retention coordinators shall implement the above procedures, and each party's counsel shall file a statement of compliance as such with the court.

8.   **Privilege.**   Electronically stored information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced or, if there is notice of the inadvertent production, within thirty (30) days of such notice.

6

9. **Costs.** Generally, the costs of discovery shall be borne by each party. However, the court will apportion the costs of electronic discovery upon a showing of good cause.

10. **Discovery disputes and trial presentation.** At this time, e-discovery disputes shall be resolved and trial presentations shall be conducted consistent with each individual judge's guidelines.