## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. 1:10-CV-03013-PAB-KLM

BIAX CORPORATION,

        Plaintiff,

    v.

MOTOROLA SOLUTIONS, INC.,
MOTOROLA MOBILITY, INC.,
HEWLETT-PACKARD COMPANY,
CISCO SYSTEMS, INC.,
CANON U.S.A., INC.,
CANON INC.,
BROTHER INTERNATIONAL,
BROTHER INDUSTRIES, LTD.,
RICOH AMERICAS CORPORATION, and
RICOH COMPANY, LTD.,

        Defendants.

---

## AMENDED PROTECTIVE ORDER

---

To expedite the flow of discovery material, to facilitate the prompt resolution of

disputes over confidentiality of discovery materials, to adequately protect information

the parties are entitled to keep confidential, to ensure that only materials the parties are

entitled to keep confidential are subject to such treatment, and to ensure that the parties

are permitted reasonably necessary uses of such materials in preparation for and in the

conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

## A.   <u>Definitions</u>

1.     "Party": any party to this action, including all of its officers, directors, employees, consultants, (and their support staff).

2.     "Material": all information, documents and things produced, served or otherwise provided in this action by the Parties or by non-parties.

3.     "CONFIDENTIAL Material": information, documents, or things the Designating Party believes in good faith is not generally known to others, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

4.     "ATTORNEYS' EYES ONLY Material": information, documents, and things the Designating Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. The designation is reserved for information that constitutes proprietary financial or technical or commercially sensitive competitive information that the Producing Party maintains as highly confidential in its business, including information obtained from a nonparty pursuant to a current

{00977729 / 1}

Nondisclosure Agreement ("NDA"), information relating to future products, strategic plans, non-public financial data, documents that would reveal trade secrets, licensing documents and licensing communications, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Producing Party.

      5.    "ATTORNEYS' EYES ONLY -RTL, HDL, Microcode": RTL, HDL, microcode, source or object code or similarly sensitive software code (collectively, "RTL, HDL, Microcode") that the Designating Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party (i) would not normally reveal to third parties except in confidence or as undertaken with others to maintain in confidence, or (ii) believes in good faith is significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

      6.    "Producing Party": a Party or non-party that produces Material in this action.

      7.    "Receiving Party": a Party that receives Material from a Producing Party.

      8.    "Designated Material": Material that is designated "CONFIDENTIAL", "ATTORNEYS' EYES ONLY", or "ATTORNEYS' EYES ONLY - RTL, HDL, Microcode" under this Order.

9.     "Designating Party": a Party or non-party that designates information, documents or things that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY -RTL, HDL, Microcode" under this Order.

10.    "Counsel of Record": (i) outside counsel who appear on the court's civil docket sheet as counsel for a Party, and (ii) partners, associates, and employees of such counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters.

11.    "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or Counsel of Record to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or of a competitor of the opposing Party and who, at the time of retention, is not anticipated to become an employee of a Party or of a competitor of the opposing Party.

12.    "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; shorthand or other transcription; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors. This definition includes a professional jury or trial consultant retained in connection with this litigation and mock jurors retained by such a consultant to assist

{00977729 / 1}

them in their work. Professional vendors do not include employees of a Party or consultants who fall within the definition of Outside Consultant.

**B.    Scope**

13.    The protections conferred by this Order cover not only Designated Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure or the Court's deadlines provided in the Scheduling Order. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules of Practice for the United States District Court for the District of Colorado ("D.C.COLO.LCivR.") and any deadlines provided the Scheduling Order, or any other Order of the Court.

**C.    Access To Designated Material**

14.    CONFIDENTIAL Material: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, document or thing designated "CONFIDENTIAL" only to:

(a)    employees of the Receiving Party to whom disclosure is reasonably necessary for the management, supervision, or oversight of this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

(b)     persons who appear on the face of Designated Material as an author, addressee or recipient thereof;

(c)     Counsel of Record of the Receiving Party;

(d)     Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification Of Consultant" attached hereto as Exhibit B, and to which disclosure is permitted pursuant to Paragraphs 18 and 19 below.

(e)     witnesses at deposition and/or trial, provided that such witnesses may not retain copies of Designated Material unless permitted by other provisions of this Order;

(f)     the Court and its personnel;

(g)     any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff, who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification of Consultant" attached hereto as Exhibit B;

(h)     court reporters; and

(i)     Professional Vendors to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A.

15.     ATTORNEYS' EYES ONLY Material: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

disclose any information, documents or things designated "ATTORNEYS' EYES ONLY" Material only to the following persons in addition to those identified in Paragraphs 30-31 below:

(a)     persons who appear on the face of Designated Material as an author, addressee or recipient thereof;

(b)     Counsel of Record of the Receiving Party;

(c)     Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification Of Consultant" attached hereto as Exhibit B and to which disclosure is permitted pursuant to Paragraphs 18 and 19 below;

(d)     the Court and its personnel;

(e)     any designated arbitrator or mediator who is assigned to hear this matter, and his or her staffs, who have signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification of Consultant" attached hereto as Exhibit B;

(f)     court reporters; and

(g)     Professional Vendors to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A.

16.     Each person to whom Designated Material may be disclosed, and who is required to sign the "Agreement To Be Bound By Protective Order" attached

hereto as Exhibit A shall do so, prior to the time such Designated Material is disclosed to him or her. Counsel for a party who makes any disclosure of Designated Material shall retain each original executed certificate and, upon written request, shall provide copies to counsel for all other parties at the termination of this action.

17.    At the request of the Designating Party, persons not permitted access to Designated Material under the terms of this Protective Order shall not be present at depositions while the Designating Party's Designated Material is discussed or otherwise disclosed. Pre-trial and trial proceedings shall be conducted in a manner, subject to the supervision of the Court, to protect Designated Material from disclosure to persons not authorized to have access to such Material. Any Party intending to disclose or discuss Designated Material at pretrial or trial proceedings must give advance notice to the Court, other Parties, and the Designating Party to assure the implementation of the terms of this Protective Order.

### D.    Access By Outside Consultants

18.    **Notice**.  If a Receiving Party wishes to disclose another party's Designated Material to any Outside Consultant, such Receiving Party must provide notice to counsel for the Designating Party, which notice shall include: (a) the individual's name and business title; (b) business address; (c) business or profession; (d) the individual's CV; (e) any previous or current relationship (personal or professional) with any of the Parties; (f) a list of other cases in which the individual has testified (at trial or deposition) within the last four years; (g) a list of all companies with which the individual has consulted or by which the individual has been employed within the last

{00977729 / 1}

four years; (h) a list of all of the individual's pending patent applications and issued patents involving microprocessors, and (i) a signed copy of the Agreement To Be Bound By Protective Order attached as Exhibit A and the "Certification of Consultant" attached hereto as Exhibit B.

19.   **Objections**.  The Designating Party shall have ten (10) calendar days from receipt of the notice specified in Paragraph 19 to object in writing to such disclosure (plus three (3) extra days if notice is given other than by hand delivery, e-mail transmission or facsimile transmission). Any such objection must set forth in detail the grounds on which it is based. After the expiration of the 10-day (plus 3-days, if appropriate) period, if no objection has been asserted, then Designated Material may be disclosed to the Outside Consultant pursuant to the terms of this Order. However, if the Designating Party objects within the 10-day (plus 3-days, if appropriate) period, the Receiving Party may not disclose Designated Material to the challenged individual absent resolution of the dispute or Court Order. In the event the Designating Party makes a timely objection, the parties shall meet and confer to try to resolve the matter by agreement. If the parties cannot reach an agreement, the Objecting Party may within ten (10) days following its objection initiate a conference call to the Court pursuant to Magistrate Judge Mix's discovery procedures to seek a protective order preventing disclosure of Designated Material to the Outside Consultant or for other appropriate relief.  If the objecting party fails to initiate a conference call within the prescribed period, any objection to the Outside Consultant is waived, and Designated Material may thereafter be disclosed to such individual (upon signing the "Agreement To Be Bound

{00977729 / 1}

By Protective Order" attached hereto as Exhibit A and the "Certification Of Consultant"

attached hereto as Exhibit B).  If the Objecting Party timely initiates a conference call,

Designated Material shall not be disclosed to the challenged individual until and unless

a final ruling allowing such disclosure is made by this Court or by the consent of the

Objecting Party, whichever occurs first.

  **E.**  **ATTORNEYS' EYES ONLY -RTL, HDL, Microcode Material**

   20.  Unless otherwise agreed to in writing between the Producing Party

and the Receiving Party, source code, RTL, HDL, Microcode or other code designated

as "ATTORNEYS' EYES ONLY - RTL, HDL, Microcode" shall only be provided on

stand-alone computers (that is, computers not connected to a network, Internet or a

peripheral device) (referred to herein as "Source Code Computers") at secure locations,

to be made available during regular business hours (including Monday through Friday,

excluding Federal Holidays, between at least 9:00 am to 5:00 pm), on reasonable

notice, at the Receiving Party's choice (i) for Motorola Solutions, any office of Kilpatrick

Townsend & Stockton LLP in the United States; (ii) for Motorola Mobility, any office of

Kilpatrick Townsend & Stockton LLP in the United States; (iii) for Hewlett-Packard, any

office of Morgan, Lewis & Bockius LLP in the United States; (iv) for Cisco, any office of

Kirkland & Ellis LLP in the United States; (v) for Canon, any office of Orrick, Herrington

& Sutcliffe LLP in the United States; (vi) for Brother, any office of Baker Botts LLP in the

United States or Reilly Pozner LLP in Denver, Colorado; (vii) for Ricoh, any office of

Kirkland & Ellis LLP in the United States; and (viii) for BIAX, any office of Finnegan

Henderson in the United States. Beginning one week prior to the beginning of trial and

continuing through the end of trial, access to RTL, HDL, microcode or other designated code shall be provided under the same conditions and with the same limitations and restrictions at (i) for Motorola Solutions, the offices of Kilpatrick Townsend & Stockton LLP, 1400 Wewatta Street, Suite 600, Denver, CO 80202; (ii) for Motorola Mobility, the offices of Kilpatrick Townsend & Stockton LLP, 1400 Wewatta Street, Suite 600, Denver, CO 80202; (iii) for Hewlett-Packard, at a location in Denver to be determined at a later time; (iv) for Cisco, the offices of Featherstone, Petrie, DeSisto, LLP, 600 17th Street, #2400 South, Denver, CO 80202; (v) for Canon the offices of Ballard, Spahr, Andrews & Ingersoll, LLP, 1225 17th Street, Suite 2300, Denver, CO 80202; (vi) for Brother, the offices of Reilly Pozner LLP, 1900 Sixteenth Street, Suite 1700, Denver, CO 80202; (vii) for Ricoh, the offices of Featherstone, Petrie, DeSisto, LLP, 600 17th Street, #2400 South, Denver, CO 80202; and (viii) for BIAX, the offices of Rothberger, Johnson & Lyons, LLP, One Tabor Center, Suite 3000, 1200 17th Street, Denver, CO 80202. Recording devices, recordable media, or other electronic devices (including but not limited to sound recorders, computers, PDAs, land line or cellular telephones, peripheral equipment, cameras, CDs, DVDs, floppy drives, zip drives, thumb drives, USB memory sticks, portable hard drives, BlackBerry devices, or Dictaphones) shall not be permitted inside the secure room containing the stand-alone computer.

   21. The Producing Party shall make any source code, RTL, HDL, Microcode or other code designated as "ATTORNEYS' EYES ONLY - RTL, HDL, Microcode" produced in this litigation available for inspection on a computer running a reasonably current version of the Microsoft Windows operating system. Should it be

necessary, other mutually agreed upon operating systems, such as Linux, may instead be made available by the Producing Party. Within three (3) business days after any RTL, HDL, Microcode or other code is made available for inspection on the Source Code Computer, the Producing Party shall inform the Receiving party of the programming language (e.g., C or Verilog) primarily used in the "ATTORNEYS' EYES ONLY - RTL, HDL, Microcode" material. Within three (3) business days after any RTL, HDL, Microcode or other code is made available for inspection on the Source Code Computer, the Producing Party shall produce to the Receiving Party a paper printout of the original directory structure of any RTL, HDL, Microcode or other code made available for inspection on the Source Code Computer.

22.    The Producing Party will produce material designated "ATTORNEYS' EYES ONLY - RTL, HDL, Microcode" in computer searchable format pursuant to the provisions in Paragraphs 20-21 above. If the Producing Party produces software in assembly language format, the Producing Party need not produce executable format absent further agreement of the parties or order of the Court.

23.    The Receiving Party may use appropriate software tools on the Source Code Computer, which shall be installed by the Producing Party, including tools to create PDF documents, text editors, and multi-file text search tools such as "grep." Specific tools may include (but not be limited to): Adobe Acrobat, Visual Studio, Visual Slick Edit, Source-Navigator, PowerGrep, and ExamDiff Pro, or similar programs. The Receiving Party may also request that its own custom software tools or other commercially available software tools (including but not limited to compilers,

interpreters, or simulators) to assist in evaluating, reviewing and searching the electronic source code be installed on the Source Code Computer; provided, however, that such tools are mutually agreed upon and reasonably necessary for the Receiving Party to perform its review and/or evaluation of the "ATTORNEYS' EYES ONLY - RTL, HDL, Microcode" consistent with the purposes and protections herein. The Producing Party shall not deny such request absent a compelling justification pertaining to the confidentiality and security of the "ATTORNEYS' EYES ONLY - RTL, HDL, Microcode." The Receiving Party shall provide the Producing Party with such software tool(s) at least ten (10) days in advance of the date upon which the Receiving Party wishes to have the additional agreed upon tools available for use on the Source Code Computer and the Receiving Party shall bear any and all costs arising from or associated with licensing, installing, or otherwise using the tools. Tools for reviewing "ATTORNEYS' EYES ONLY - RTL, HDL, Microcode" shall not be used to circumvent the protections of this Order. The Producing Party shall promptly address any software or hardware problems with the Source Code Computer or any installed software that will or does prevent the Receiving Party from inspecting the RTL, HDL, Microcode or other code made available for inspection. The Producing Party shall also provide a representative (e.g., attorney or legal assistant) who will be available during business hours of each scheduled inspection of the RTL, HDL, Microcode or other code to promptly address any software or hardware problems that may occur that prevents the Receiving Party from inspecting the RTL, HDL, Microcode or other code.

{00977729 / 1}

24.    The Receiving Party may save on the Source Code Computer in PDF document format specific portions of RTL, HDL, microcode or other code designated as "ATTORNEYS' EYES ONLY - RTL, HDL, Microcode" at the time of inspection by the Receiving Party. These PDF documents shall not be removed from the Source Code Computer by the Receiving Party. At the Receiving Party's request, the Producing Party will print paper copies of the requested PDF documents. If the Receiving Party requests printing more than 1000 pages of any Producing Party's total software code, then the Producing Party may request that the Parties meet and confer before releasing the copy, but must do so promptly and shall not unreasonably withhold the copy. The 1000 pages is not a presumptive limit, and the parties may revisit this issue. The Receiving Party shall be entitled to printouts of only the routines that are reasonably necessary for the Receiving Party's testifying expert to provide supporting documentation in an expert report, infringement contentions, or for the Receiving Party to reference it in a deposition, motion, court hearing, or trial. Upon receiving the Receiving Party's request for printouts, the Producing Party shall Bates number, label "ATTORNEYS' EYES ONLY - RTL, HDL, Microcode," and provide a copy of any printed portions to the Receiving Party within three (3) business days, unless the Producing Party objects that such portions are not reasonably necessary for these purposes. Any such objection or request for additional pages must be made in good faith, for good cause, and set forth in detail the grounds on which it is based. In the event the Producing Party objects or the Receiving Party requests additional pages, within three (3) business days the parties shall meet and confer regarding the request to try to

resolve the matter by agreement. If no agreement is reached regarding the Producing Party's objection or the Receiving Party's request for additional pages, the parties shall schedule a time to present the dispute to the Court for resolution within three (3) business days after the meet and confer in accordance with the discovery dispute procedures set forth by Magistrate Judge Mix during the Scheduling Order hearing on May 5, 2011. The Producing Party shall also retain copies of any printed portions. The Party receiving paper copies of any code designated as "ATTORNEYS' EYES ONLY - RTL, HDL, Microcode" must keep that code when not in use at the Receiving Party's Outside Counsel of Record at all times, except as needed for use in depositions or hearings, and must keep that code in a secured container when not in use. The Receiving Party may not make copies of any code designated as "ATTORNEYS' EYES ONLY - RTL, HDL, Microcode," except as necessary to attach as an exhibit to a court filing, infringement contentions, expert report, or deposition transcript, or for use at a deposition, hearing, or trial. Copies of any code designated as "ATTORNEYS' EYES ONLY - RTL, HDL, Microcode" utilized during a deposition or marked as an exhibit at a deposition will be retrieved by the party conducting the deposition at the end of the day. The Receiving Party shall maintain a complete log of Bates numbered pages printed or copied, the dates of such printing or copying, and persons who have reviewed those pages, and shall produce such log at the time its first expert reports relating to RTL, HDL, Microcode or other code designated as "ATTORNEYS' EYES ONLY - RTL, HDL, Microcode" are delivered, regardless of the restrictions on expert discovery below. For security purposes, this log must be produced to the Producing Party regardless of any

other stipulation limiting expert discovery. Further, the log will be supplemented with each new expert report relating to RTL, HDL, Microcode or other code designated as "ATTORNEYS' EYES ONLY - RTL, HDL, Microcode" 10 days after trial, and at the termination of this action. The Producing Party shall not videotape or otherwise monitor review or inspection of RTL, HDL, Microcode or other code designated as "ATTORNEYS' EYES ONLY - RTL, HDL, Microcode" by the Receiving Party.

###   F.   **Financial Summaries**

25.   For the mutual convenience of the parties, Defendants may generate certain financial summaries for the purpose of this litigation; which may include the reproduction of other financial summaries generated for the purpose of certain collateral actions. To the extent Defendants produce such financial summaries in a digital format (e.g., PDF, TIFF, Word file), or to the extent BIAX puts any such financial summary or the information from any such financial summary into a document in a digital format, BIAX shall password protect that document on an encrypted media. To the extent that any such financial summaries are transmitted from or to authorized recipients outside of the offices of Counsel of Record for the Receiving Party, the transmission shall be by hand, by a secure transport carrier (e.g., Federal Express), or by encrypted electronic means.

###   G.   **Prosecution Bar**

26.   Unless otherwise agreed to in writing between the Producing Party and the Receiving Party, any individual (including, but not limited to, experts, consultants, or attorneys of the Receiving Party) who personally receives any material

designated "SUBJECT TO PROSECUTION BAR" by the Defendants and labeled as such at the time of production to the Receiving Party shall not personally prosecute or personally prepare any patent application or personally participate in the drafting of patent claims for the Receiving Party specifically directed to processors of any kind from the time of receipt of such material through and including one year following the first to occur of (i) the complete resolution of this case through entry of a final non-appealable judgment or order for which appeal has been exhausted or (ii) the complete settlement of all claims against all the Parties in this action. This prosecution bar shall not apply to a device, method, or process merely because it contains or requires one or more processors to operate. The Defendants may not designate and label material as "SUBJECT TO PROSECUTION BAR" unless it (i) is also appropriately labeled "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY - RTL, HDL, Microcode" and (ii) is from a technical custodian (e.g., a programmer, an engineer or a scientist) or otherwise discloses confidential technical information.

27.     Should any Defendants' attorneys receive materials designated "SUBJECT TO PROSECUTION BAR," those individuals may certify, in writing to the Producing Party, that they will not personally review such materials. Any individual making such a certification shall (1) return any materials designated "SUBJECT TO PROSECUTION BAR" to the Producing Party in his or her possession, (2) destroy any copies of such materials in his or her possession and (3) make a written certification of compliance with (1) and (2) to the Producing Party. Any individual making such a certification will not be subject to the prosecution bar of paragraph 26. Such a

{00977729 / 1}

certification may be made bye-mail. And, any Defendant may make such a certification on behalf of all attorneys representing that Defendant.

**H.   Use Of Designated Material**

28.   **Use Of Designated Material By Receiving Party**. Unless otherwise ordered by the Court or agreed to in writing by the Parties, all Designated Material shall be used by the Receiving Party only for purposes of this litigation and shall not be used in any other way. Information contained or reflected in Designated Materials shall not be disclosed in conversations, presentations by parties or counsel, in court or in other settings that might reveal Designated Material, except in accordance with the terms of this Order.

29.   **Use Of Designated Material By Designating Party.** Nothing in this Order shall limit any Designating Party's use of its own documents and information, nor shall it prevent the Designating Party from disclosing its own confidential information, documents or things to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

30.   **Use of Designated Material at Depositions.** Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Designated Material of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

(a)     A present director, officer, employee, designated Rule 30(6)(b) witness, and/or Outside Consultant of a Producing Party may be examined and may testify concerning all Designated Material which has been produced by that party.

(b)     A former director, officer, agent and/or employee of a Producing Party may be interviewed, examined and may testify concerning all Designated Material of which he or she has prior knowledge, including any Designated Material that refers to matters of which the witness has personal knowledge, which has been produced by that party and which pertains to the period or periods of his or her employment; and

(c)     Non-parties may be examined or testify concerning any document containing Designated Material of a Producing Party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the Producing Party, or a representative of such Producing Party.

(d)     Any person other than the witness, his or her attorney(s), and any person qualified to receive Designated Material under this Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney shall be requested to provide a Confidentiality Agreement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of

{00977729 / 1}

Designated Material disclosed during the course of the examination. In the event that

such attorney declines to sign such an Agreement To Be Bound By Protective Order,

prior to the examination, the parties, by their attorneys, shall jointly seek a protective

order from the Court prohibiting such attorney from disclosing such Designated Material,

pursuant to Magistrate Judge Mix's discovery procedures.

      31.    A witness who previously had access to a document designated

ATTORNEYS' EYES ONLY or ATTORNEYS' EYES ONLY - RTL, HDL, Microcode but

who is not under a present non-disclosure agreement with the Producing Party that

covers that document, may be shown the document if a copy of this Protective Order is

attached to any subpoena or notice or request served on the witness for the deposition;

and the witness is advised on the record of the existence of the Protective Order and

that the protective order requires the parties to keep confidential any questions,

testimony or documents that are designated as "CONFIDENTIAL", "ATTORNEYS'

EYES ONLY", or "ATTORNEYS' EYES ONLY - RTL, HDL, Microcode." The witness

may not copy, take notes on or retain copies of any Designated Material used or

reviewed at the deposition. The witness may not take out of the deposition room any

Exhibit that is marked "CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or

"ATTORNEYS' EYES ONLY - RTL, HDL, Microcode". The Producing Party of any

Designated Material used at the deposition may also require that the transcript and

exhibits not be copied by the witness or his counsel, that no notes may be made of the

transcript or the exhibits, and that the transcript and exhibits may only be reviewed by

the witness in the offices of one of the counsel representing a party in this case (or

{00977729 / 1}

another firm acting for one of the counsel representing a party in his case and under the supervision of one of the lawyers who is bound by the terms of this Order).

I.   **Procedure for Designating Materials**

32.   Subject to the limitations set forth in this Order, a Designating Party may designate as "CONFIDENTIAL" information the Designating Party believes in good faith meets the definition set forth in Paragraph 3 above, a Designating Party may designate as "ATTORNEYS' EYES ONLY" information the Designating Party believes in good faith meets the definition set forth in Paragraph 4 above, a Designating Party may designate as "ATTORNEYS' EYES ONLY - RTL, HDL, Microcode" information the Designating Party believes in good faith meets the definition set forth in Paragraph 5 above, a Designating Party may designate as "SUBJECT TO PROSECUTION BAR" information the Designating Party believes in good faith meets the requirements set forth in Paragraph 27 above.

33.   Except as referred to in Section E with respect to "ATTORNEYS' EYES ONLY - RTL, HDL, Microcode" Material, any material (including physical objects) made available for initial inspection by counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute "ATTORNEYS' EYES ONLY" information and shall be subject to this Order. Thereafter, the Producing Party shall have ten calendar days from the inspection to review and designate the appropriate documents as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information prior to furnishing copies to the Receiving Party.

34.  Except as otherwise provided in this Order or as otherwise stipulated or ordered, Material that qualifies for protection under this Order must be designated in accordance with this Section I before the material is disclosed or produced.

35.  Designation in conformity with this Order requires:

(a)  For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY - RTL, HDL, Microcode" and, if appropriate "SUBJECT TO PROSECUTION BAR," on each page that contains Designated Material.

(b)  For testimony given in deposition or in other pretrial or trial proceedings, the Designating Party shall specify any portions of the testimony that it wishes to designate as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY - RTL, HDL, Microcode". In the case of depositions, the Designating Party may also designate any portion of a deposition transcript as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by informing the reporter and opposing party in writing within thirty (30) calendar days of receipt of the deposition transcript of the designations to be applied. However, regarding "ATTORNEYS' EYES ONLY - RTL, HDL, Microcode" Material, the Designating Party must designate portions of a deposition transcript as "ATTORNEYS' EYES ONLY - RTL, HDL, Microcode" at the time of the deposition. All deposition transcripts should be treated as "ATTORNEYS' EYES ONLY " until the thirty (30) day period has expired. Transcript pages containing

Designated Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY - RTL, HDL, Microcode," as instructed by the Designating Party.

        (c)     For information produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or thing is stored the legend "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY - RTL, HDL, Microcode" and, if appropriate, "SUBJECT TO PROSECUTION BAR."

J.    **No Waiver of Privilege**

        36.     Production or disclosure of documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the work product immunity or any other applicable privilege. A Producing Party may notify the Receiving Party in writing that produced documents or information are subject to the attorney-client privilege, work product immunity, or any other applicable privilege. Within five (5) business days of this notice, the Receiving Party shall return or destroy all such documents or information and all copies thereof, including those that have been shared with experts, consultants, and vendors, and confirm in writing that all such documents or information have been returned or destroyed. Unless production is subsequently compelled (see below), no use shall be

{00977729 / 1}

made of such documents or information. In the case of such returned production, the Producing Party shall provide a privilege log identifying such documents or information within ten (10) business days of its original notice to the Receiving Party. The Receiving Party may move the Court for an Order compelling production of any such documents or information in accordance with the Federal Rules of Civil Procedure. The motion shall be filed under seal and shall not disclose or otherwise use the content of the previously produced and returned documents or information in any way (beyond any information appearing on the above-referenced privilege log).

**K.**   **Inadvertent Failure To Designate**

37.   An inadvertent failure to designate qualified information, documents or things as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "ATTORNEYS' EYES ONLY - RTL, HDL, Microcode," or "SUBJECT TO PROSECUTION BAR" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon discovery of an inadvertent failure to designate or misdesignation, a Producing Party may notify the Receiving Party in writing that the material is to be designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY - RTL, HDL, Microcode" with the factual basis for the assertion of designation as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY - RTL, HDL, Microcode," and, if appropriate, "SUBJECT TO PROSECUTION BAR." Upon receipt of such notice, the Receiving Party must treat the material in accordance with the terms of this Order as if it had been initially so designated, subject to the right to challenge the propriety of such designation(s). If, prior

{00977729 / 1}

24

to receiving such notice, the Receiving Party has disseminated the material to individuals not authorized to receive hereunder, it shall make a reasonable effort to retrieve the material or to otherwise assure that the recipient(s) properly mark the material and maintain the confidentiality of the material, but shall have no other responsibility or obligation with respect to the information disseminated. The Producing Party shall provide substitute copies of documents bearing the confidentiality designation.

### L. Filing Designated Material

38.    Without written permission from the Designating Party or a Court Order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Designated Material but must file such Designated Material under seal in conformance with the Court's rules and procedures. Designated Material filed via the Court's ECF e-filing system shall be filed under seal, pursuant to procedures for sealed filings using the ECF system. Material filed under seal shall bear the title of this matter, an indication of the nature of the contents of such sealed envelope or other container, the words "CONFIDENTIAL INFORMATION - UNDER PROTECTIVE ORDER," "ATTORNEYS' EYES ONLY INFORMATION - UNDER PROTECTIVE ORDER," or "ATTORNEYS' EYES ONLY - RTL, HDL, Microcode" INFORMATION - UNDER PROTECTIVE ORDER", as appropriate, and for material filed in paper form, a statement substantially in the following form:

This envelope contains confidential information filed in this

case by (name of party) and is not to be opened nor the

{00977729 / 1}

contents thereof to be displayed or revealed except by order

of the Court presiding over this matter.

39.     The Court will determine the propriety of any requests to seal

information in this patent infringement action pursuant to D.C. COLO.LCIVR 7.2 and

applicable law.

**M.     Challenges to Confidentiality Designations**

40.     The parties will use reasonable care when designating documents

or information as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS'

EYES ONLY -RTL, HDL, Microcode" and "SUBJECT TO PROSECUTION BAR."

Nothing in this Order shall prevent a Receiving Party from contending that any or all

documents or information designated as "CONFIDENTIAL" material, "ATTORNEYS'

EYES ONLY" material, or "ATTORNEYS' EYES ONLY - RTL, HDL, Microcode" material

and "SUBJECT TO PROSECUTION BAR" material have been improperly designated. A

Receiving Party may at any time request that the Producing Party cancel or modify the

confidentiality designation with respect to any document or information contained

therein.

41.     A party shall not be obligated to challenge the propriety of a

"CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "ATTORNEYS' EYES ONLY - RTL,

HDL, Microcode" and "SUBJECT TO PROSECUTION BAR" designation at the time

made, and the failure to do so shall not preclude a subsequent challenge thereto. Such

a challenge shall be written, shall be served on counsel for the Producing Party, and

shall particularly identify the documents or information that the Receiving Party

contends should be differently designated. The parties shall use their best efforts to

resolve promptly and informally such disputes. If agreement cannot be reached,

pursuant to D.C.COLO. Local Civil Rules, the Receiving Party shall request that the

Court cancel or modify a "CONFIDENTIAL," "ATTORNEYS' EYES ONLY,"

"ATTORNEYS' EYES ONLY - RTL, HDL, Microcode" and if applicable, "SUBJECT TO

PROSECUTION BAR" designation.  All such requests shall be made pursuant to

Magistrate Judge Mix's discovery procedures.

### N.      Protected Material Subpoenaed or Ordered Produced In Other Litigation

42.     If a Receiving Party is served with a subpoena or a court order that

would compel disclosure of any information, documents or things designated in this

action as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES

ONLY - RTL, HDL, Microcode," the Receiving Party must so notify the Designating

Party, in writing (by fax and email) promptly and in no event more than ten (10) calendar

days after receiving the subpoena or order. Such notification must include a copy of the

subpoena or order. The Receiving Party also must immediately inform in writing the

party who caused the subpoena or order to issue that some or all the material covered

by the subpoena or order is the subject of this Protective Order. In addition, the

Receiving Party must deliver a copy of this Protective Order promptly to the Party in the

other action that caused the subpoena or order to issue. The purpose of imposing these

duties is to alert the interested parties to the existence of this Protective Order and to

afford the Designating Party in this case an opportunity to try to protect its confidentiality

interests in the court from which the subpoena or order issued. The Designating Party

{00977729 / 1}

shall bear the burdens and the expenses of seeking protection in that court of its Designated Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**O.   Unauthorized Disclosure Of Designated Material**

43.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**P.   Non-Party Use of this Protective Order**

44.    A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any party to this lawsuit.

45.    A non-party's use of this Protective Order to protect its "CONFIDENTIAL" information, "ATTORNEYS' EYES ONLY" information, or "ATTORNEYS' EYES ONLY - RTL, HDL, Microcode" information does not entitle that non-party access to "CONFIDENTIAL" information, "ATTORNEYS' EYES ONLY"

{00977729 / 1}

information, or "ATTORNEYS' EYES ONLY - RTL, HDL, Microcode" information produced by any party in this case.

**Q.    Discovery from Outside Consultants**

46.    Testifying experts shall not be subject to discovery of any draft of their reports in this case, nor any notes or outlines for such draft reports.

47.    Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony or any opinion in this case. No discovery can be taken from any consulting expert who does not testify except to the extent that consulting expert has provided information, opinions or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his or her final report, trial or deposition testimony or any opinion in this case.

48.    No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

49.    Materials, communications and other information exempt from discovery under the foregoing Paragraphs shall be treated as attorney-work product for the purposes of this litigation and Protective Order.

**R.    Duration**

50.    Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**S.    Final Disposition**

51.    Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days after the final termination of this action, each Receiving Party must destroy or return all Designated Material to the Producing Party. As used in this Paragraph, "all Designated Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Designated Material. The Receiving Party must submit a written confirmation of the return or destruction to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline. Notwithstanding this provision, Counsel of Record may retain archival copies of all pleadings, motion papers, deposition transcripts (including exhibits), transcripts of other proceedings (including exhibits), expert reports (including exhibits), discovery requests and responses (including exhibits), exhibits offered or introduced into evidence at trial, legal memoranda, correspondence or attorney work product, even if such materials contain Designated Material. Any such archival copies that contain or constitute Designated Material remain subject to this Protective Order as set forth in Section R (Duration), above.

**T.  Miscellaneous**

52.  Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the Counsel of Record for the Party against whom such waiver will be effective.

53.  This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires. Nothing in this Order abridges the right of any person to seek to assert other objections. No Party waives any right it otherwise would have to object to disclosing or producing any information, documents or things on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order. The Court shall take appropriate measures to protect Designated Material at trial and any hearing in this case.

54.  This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

55.  The United States District Court for the District of Colorado is responsible for the interpretation and enforcement of this protective order. All disputes concerning Designated Material produced under the protection of this Protective Order shall be resolved by the United States District Court for the District of Colorado. Every individual who receives any Designated Material agrees to subject himself or herself to

the jurisdiction of this Court for the purpose of any proceedings related to performance under, compliance with, or violation of this Order.

DATED at Denver, Colorado, this 3rd day of October , 2011.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**
**BY PROTECTIVE ORDER**

I, _____, state:

1.      I reside at _____;

2.      My present employer is _____;

3.      My present occupation or job description is _____;

4.      I agree to keep confidential all information provided to me in the matter of BIAX Corporation v. Motorola Solutions, Inc., Motorola Mobility, Inc., Hewlett-Packard Company, Cisco Systems, Inc., Canon U.S.A., Inc., Canon Inc., Brother International, Brother Industries, Ltd., Ricoh Americas Corporation, and Ricoh Company, Ltd., Case No. 10-CV-03013-PEB-KLM in the United States District Court for the District of Colorado, and to be subject to the authority of that Court in the event of any violation or dispute related to this agreement.

5.      I agree to use any confidential information provided to me in this matter for the purposes of this litigation only, and will not use such information in any other way.

6.      I have been informed of and have reviewed the Protective Order entered in this case, and I will not divulge any information, documents or things that are subject to the Protective Order except in accordance with the provisions of the Order;

7.      I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

[Signature Page Follows]

{00977729 / 1}

Executed on _____

_____
[Printed name]

_____
[Signature]

**EXHIBIT B**
**CERTIFICATION OF CONSULTANT**

I, _____ [print or type full

name], of _____ am not an employee of

the Party who retained me, or of a competitor of the opposing Party. If at any time after I

execute this Certificate of Consultant and during the pendency of the Action I become

an employee of a competitor of the opposing Party, I will promptly inform the counsel for

the party who retained me in the Action, and I will not thereafter review any Designated

Materials marked by the opposing Party as "ATTORNEYS' EYES ONLY" unless and

until the Parties agree or the Court orders otherwise.

I state under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

Executed on  _____

_____

[Printed Name]

_____

[Signature]