IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03013-PAB-KLM

BIAX CORPORATION,

    Plaintiff/Counterclaim Defendant,

v.

BROTHER INTERNATIONAL CORPORATION,
BROTHER INDUSTRIES, LTD.,

    Defendants,

and

MOTOROLA SOLUTIONS, INC.,
HEWLETT-PACKARD COMPANY,
CISCO SYSTEMS, INC.,
RICOH AMERICAS CORPORATION, and
RICOH COMPANY, LTD.,

    Defendants/Counterclaimants,

and

MOTOROLA MOBILITY, INC.,

    Defendant/Counterclaimant/Third Party Plaintiff,

v.

BROADCOM CORPORATION,

    Third Party Defendant.

---

**ORDER**

---

This matter is before the Court on **Plaintiff's oral Motion to Compel** and **Defendant Hewlett-Packard Company's ("HP") oral Motion for Protective Order**

1

relating to Plaintiff's designation of Dr. Shahid Bokhari as an expert witness in this case (the "Motions"). The Court heard oral argument on the Motions on October 27, 2011. Docket No. 206. For the reasons set forth below, Defendant Hewlett-Packard Company's oral Motion for Protective Order is **granted in part**. Plaintiff's oral Motion to Compel is **granted in part**. Except as set forth below, the Motions are otherwise **denied**.

## I. Background

Pursuant to my discovery dispute procedures, this matter was handled by the parties' submissions of relevant information in advance of the hearing held on October 27, 2011. I considered the following information provided by the parties: "BIAX's Statement of Discovery Dispute With HP" with attached exhibits (attached in pertinent part to this Order as **Attachment A**) and a letter from counsel for Defendant HP to the court dated October 24, 2011 with attached exhibits (attached in pertinent part to this Order as **Attachment B**). I have also considered applicable case law and am fully advised in the premises.

This is a patent infringement action. Plaintiff, the assignee of two patents, alleges that Defendant HP has infringed and continues to infringe one or more claims of the patents by making and selling products that use multiple condition code registers, like printers. According to HP, "the accused HP products often incorporate or integrate third party technology or components. Because of this, HP has in its possession, custody or control third party confidential information in the form of documents and source code." Attachment B at 2.

Pursuant to a Preliminary Scheduling Order entered by the Court on May 5, 2011, each Defendant, including HP, agreed to produce documents including source code.

Docket No. 128 at 20. The deadline for HP to produce its source code was eventually extended to September 14, 2011. Docket No. 189. On October 3, 2011, Plaintiff notified HP that its technical expert, Dr. Bokhari, would inspect HP's source code during the weeks of October 17 and 24, 2011.

The Court entered a stipulated Protective Order in this matter on June 1, 2011 [Docket No. 146], and an Amended Protective Order on October 3, 2011 [Docket No. 200]. The Amended Protective Order contains a number of provisions designed "to adequately protect information the parties are entitled to keep confidential." [#200] at 1. The Amended Protective Order also includes provisions designed to insure that expert witnesses retained by the parties respect the confidentiality of information produced in the litigation. *Id.* at 7-10. However, apparently due to an oversight, the Amended Protective Order does not contain provisions which allow for notice and objection when confidential information is produced from or by a third-party.

HP objected to Dr. Bokhari's proposed source code inspection. Ultimately, HP contended that it would not produce its source code without additional agreed-upon protections for third-party confidential information. HP further demanded that Dr. Bokhari agree to additional assurances limiting his ability to work for non-practicing entities or to perform work adverse to HP for a period of years after trial of this case. Attachment B at 4. The Motions followed.

Plaintiff seeks an order compelling HP to make its source code available for Dr. Bokhari's inspection and to produce technical documentation for its accused infringing products. Attachment A at 2. HP seeks a protective order denying Dr. Bokhari access to HP confidential information unless he agrees to additional assurances which HP contends will adequately protect its confidential information. HP further seeks further amendment

3

of the Amended Protective Order to include protection for confidential information produced by or from third parties. Attachment B at 6.

## II. Analysis

HP's obligation to produce its source code and technical documentation is beyond dispute. Not only have the parties agreed to their production, but HP has failed to assert any argument against their production. The source code and technical documentation are relevant to the subject matter of the litigation and properly discoverable. See Fed. R. Civ. P. 26(b)(1); see also [#128] at 20 (the parties' agreement to produce source code, in addition to other forms of code, and certain technical documentation).

As indicated above, HP requests that the Court require Dr. Bokhari to provide additional assurances before he can review its source code. HP asks the Court to add provisions to the Amended Protective Order that require Dr. Bokhari to attest that he is not "working for any entity in a capacity of reviewing patents or products, services, or targets for non-practicing entities, other than as related to this litigation," and that he will not do so for four years after trial of this lawsuit. Attachment B at 4. HP further requests that Dr. Bokhari promise "not to perform any work related to the prosecution of a patent directed to or related to the field of computer processor architecture for a period of four years following trial," and "not to perform any work adverse to HP for a period of three years following trial." Id.

The breadth and scope of these proposed "assurances" is stunning. In essence, HP asks that in exchange for being permitted to work as an expert for the opposing party in a patent infringement lawsuit, the expert agree not to do any work on patents in the field for four years after trial. Setting aside the arrogance of the request, HP has failed to

sufficiently explain why these assurances are needed to protect its confidential information. Aside from general malaise relating to the likelihood that Dr. Bokhari's involvement will lead to more litigation between Plaintiff BIAX and HP ("Dr. Bokhari has analyzed patents and products to identify targets for patent infringement lawsuits. . . [and] Dr. Bokhari's consultations can grow into lawsuits where he is rehired"), HP has failed to identify a meaningful basis for preventing Dr. Bokhari from working as an expert witness for four years after trial. The assurances sought by HP require unprecedented judicial interference in selection and employment of individuals who accept work as expert witnesses. Although it may be entirely appropriate for the parties to agree to such limitations depending on the case at issue, it is not appropriate for the Court to impose them. The limitations are too stiff and the parties did not freely negotiate them, despite their negotiation of a 35-page Amended Protective Order which contains specific provisions relating to expert witnesses' promises regarding use of confidential information. [#200] at 8-10.

HP's desire to restrict Dr. Bokhari's right to work in his chosen profession because he will be exposed to HP's source code is unduly prejudicial both to Dr. Bokhari and to Plaintiff. *See generally BASF Corp. v. United States,* 321 F. Supp. 2d 1373, 1378 (Ct. Int'l Trade 2004) (identifying test balancing the interest of a party in selecting its own third-party consultant against the opposing party's interest in protecting confidential commercial information). Imposition of conditions that would limit an expert witness' ability to work may be inappropriate for a number of reasons, not the least of which is the law's general preference against such restrictions. *E.g.,* Colo. Rev. Stat. § 8-2-113(2) (addressing validity of covenants not to compete). Moreover, the effect of imposing such conditions on expert witnesses may not only deprive a party of its chosen expert, but may also seriously limit the available pool of expert witnesses, in contradiction to Fed. R. Civ. P. 1 and the

purposes of the American civil justice system. See *English Feedlot, Inc. v. Norden Labs., Inc.*, 833 F. Supp. 1498, 1504-05 (D. Colo. 1993) (The courts should ensure "that parties have access to expert witnesses who possess specialized knowledge and allow[ ] experts to pursue their professional calling.").

The Court balances Plaintiff's strong interest in selecting an appropriate expert against HP's interest in protecting confidential information. As stated above, HP's argument that Dr. Bokhari's work may lead to other litigation is unavailing. The same may be said of experts in products liability, medical malpractice and securities fraud litigation, for example, and the restrictions sought by HP are unknown in those types of cases. HP's mistrust of Dr. Bokhari because of his previous work history is hardly uncommon, and simply does not warrant the relief sought here. Although HP's confidential information is entitled to protection, HP's interest in protecting it *by the means advocated here* is outweighed by Plaintiff's interest in selecting an appropriate expert.

Finally, HP's interest in protecting third parties' confidential information can be met without undermining Plaintiff's interest in selecting an expert who meets its needs. HP tendered specific language to modify the Amended Protective Order to provide protections for confidential information which is produced from or by a third-party. Attachment B at 7. Neither Plaintiff nor any other party has objected to HP's request to add provisions to the Amended Protective Order to provide for notice and objections to production of confidential information by or from third parties. Plaintiff's specific objections to the proposed language relate to which party will bear the burden of notifying third parties regarding use of an expert to review their confidential information, and the length of time allowed for the notice and objections contemplated by the proposed language. To the extent that these

objections have merit, they are addressed in the language ordered below. Accordingly,

IT IS HEREBY **ORDERED** as follows:

The Amended Protective Order [#200] is modified by insertion of the following language:

18-1. **Notice of Production of Confidential Information of Others.** Because a Designating Party's Designated Materials may contain another person or entity's Confidential Information under this Protective Order (including non-parties), within five (5) calendar days from receipt of the notice specified in Paragraph 18, a Designating Party shall notify a Receiving Party by e-mail transmission of any other person or entity whose Confidential Information is contained within the materials and information that have been produced by the Designating Party. Any notice under this provision must contain the following information for each person or entity in question: (1) his/her/its name, and if he/she/it is not a party, (2) his/her/its contact information, including e-mail address and telephone number.

18-2. **Notice to Other Parties.** Within five (5) business days after receipt of notice pursuant to Paragraph 18-1, the Receiving Party shall provide notice to all disclosed parties of the Outside Consultant, which notice shall include: (a) the Outside Consultant's name and business title; (b) business address; (c) business or profession; (d) CV; (e) any previous or current relationship (personal or professional) with any of the parties; (f) a list of other cases in which the individual has testified (at trial or deposition) within the last four years; (g) a list of all companies with which the individual

7

has consulted or by which the individual has been employed within the last four years; (h) a list of all of the individual's pending patent applications and issued patents involving microprocessors, and (i) a signed copy of the "Acknowledgment and Agreement To Be Bound By Protective Order," attached hereto as Exhibit A, and the "Certification of Consultant," attached hereto as Exhibit B.

**19-1. Objections By Others.** Any person or entity possessing confidential information who receives notice pursuant to Paragraph 18-2 shall have five (5) business days from receipt of the notice to object by e-mail transmission to disclosure of its confidential information. Any such objection must set forth in detail the grounds on which it is based. If no objection is made within the five (5)-business-day period, then Designated Material may be disclosed to the Outside Consultant pursuant to the terms of this Order. However, if any objection is timely made, the Receiving Party may not disclose the objecting party's confidential information to the Outside Consultant absent resolution of the dispute or Court order. If an objection is timely made, the objecting party and the Receiving Party shall meet and confer in an attempt to resolve the matter. If a resolution is not reached, the objecting party may, within five (5) business days following its objection, initiate a conference call to the Court pursuant to Magistrate Judge Mix's discovery procedures to seek a protective order preventing disclosure of the confidential information to the Outside Consultant or other appropriate relief. If the objecting party fails to initiate a conference call within the prescribed

period, any objection to the Outside Consultant is waived, and Designated Material may thereafter be disclosed to the Outside Consultant upon execution of Exhibits A and B. If the objecting party timely initiates a conference call, Designated Material shall not be disclosed to the Outside Consultant except pursuant to Court order or by consent of the objecting party, whichever occurs first.

IT IS FURTHER **ORDERED** that the Order issued July 13, 2011 [#174] is modified as follows:

### *MARKMAN* SCHEDULE

| MATTER | DATE |
| --- | --- |
| HP shall produce information set forth in section 6(f)(4)(a) of the Preliminary Scheduling Order [#128] | 11/4/11 |
| The parties shall exchange terms to be construed | 11/14/11 |
| The parties shall exchange proposed constructions | 11/28/11 |
| The parties shall exchange joint claim construction statements | 12/16/11 |
| The parties shall file simultaneous opening *Markman* briefs | 1/13/12 |
| The parties shall file simultaneous responsive *Markman* briefs | 2/17/12 |

Dated: November 1, 2011

BY THE COURT:

*/s/ Kristen L. Mix*

Kristen L. Mix
United States Magistrate Judge