IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-03013-PAB-KLM

BIAX CORPORATION,

    Plaintiff,

v.

MOTOROLA SOLUTIONS, INC., et al.,

    Defendants.

## ORDER

This matter is before the Court on the motions to dismiss [Docket Nos. 81, 82] filed by defendants Brother Industries, Ltd. and Brother International Corporation (the "Brother defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6). The motions are fully briefed and ripe for disposition.

## I. BACKGROUND

In its complaint, plaintiff alleges direct infringement, contributory infringement, and inducement of direct infringement of U.S. Patent Nos. 5,517,628 (the "'628 patent") and 6,253,313 (the "'313 patent") by all defendants. Plaintiff's factual averments regarding the Brother defendants in support of its claims for contributory infringement and inducement of direct infringement of the patents are as follows:

> • "Upon information and belief, Brother has committed and continues to commit acts of contributory infringement of one or more of the claims of the [patents] under 35 U.S.C. § 271(c) in that Brother has made, used, sold, offered to sell, and/or imported, or continues to make, use, sell, offer to sell, and/or import products including but not limited to Brother Accused Products for the [patents], which have no substantial non-infringing uses, and provides such products to its

customers, whose use of such products constitutes direct infringement of one or more claims of the [patents]." Docket No. 1 at 13, ¶ 42; Docket No. 1 at 22, ¶ 78.

• "Upon information and belief, Brother has induced and continues to induce others to infringe one or more claims of the [patents] under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such products constitutes direct infringement of one or more claims of the [patents]." Docket No. 1 at 13, ¶ 43; Docket No. 1 at 22, ¶ 79.

In their motions to dismiss, the Brother defendants argue these allegations fail to state viable claims against them.

## II. STANDARD OF REVIEW

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's Complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted). In doing so, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation marks and citation omitted). At the same time, however, a court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

As a general matter, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (omission marks, internal quotation marks, and citation omitted). The "plausibility" standard requires that relief must plausibly follow

customers, whose use of such products constitutes direct infringement of one or more claims of the [patents]." Docket No. 1 at 13, ¶ 42; Docket No. 1 at 22, ¶ 78.

• "Upon information and belief, Brother has induced and continues to induce others to infringe one or more claims of the [patents] under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such products constitutes direct infringement of one or more claims of the [patents]." Docket No. 1 at 13, ¶ 43; Docket No. 1 at 22, ¶ 79.

In their motions to dismiss, the Brother defendants argue these allegations fail to state viable claims against them.

## II. STANDARD OF REVIEW

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's Complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted). In doing so, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation marks and citation omitted). At the same time, however, a court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

As a general matter, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (omission marks, internal quotation marks, and citation omitted). The "plausibility" standard requires that relief must plausibly follow

from the facts alleged, not that the facts themselves be plausible. *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (internal quotation marks and alteration marks omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (quotation marks and citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

## III. DISCUSSION

"A claim of indirect patent infringement may be predicated on either infringement by inducement or contributory infringement." *Technology Licensing Corp. v. Technicolor USA, Inc.*, 2010 WL 4070208, at *2 (E.D. Cal. Oct. 18, 2010).

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). To ultimately succeed on its induced infringement claim, plaintiff must "prove that once the defendants knew of the patent, they 'actively and knowingly aid[ed] and abett[ed] another's direct infringement.'" *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (quoting *Water Technologies Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988) (emphasis omitted)). "However, 'knowledge of

the acts alleged to constitute infringement' is not enough." *Id.* (quoting *Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1363 (Fed. Cir. 2003) (citation omitted)). Ultimately, "specific intent and action to induce infringement must be proven." *Id.* (citing *Warner-Lambert*, 316 F.3d at 1364).

To succeed on its contributory infringement claim, BIAX will have to show that the Brother defendants have sold "a component with knowledge that the component is especially designed for use in a patented invention, and is not a staple article of commerce suitable for substantial non-infringing use." *Spansion, Inc. v. ITC*, 629 F.3d 1331, 1353 (Fed. Cir. 2010); *see* 35 U.S.C. § 271(c) ("Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.").

Plaintiff contends that its pleadings meet the threshold provided by Form 18 to Federal Rule of Civil Procedure 84, which is entitled "Complaint for Patent Infringement." *See* Fed. R. Civ. P. 84 ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate."). In reliance upon *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007), plaintiff argues that courts have "have found Form 18 sufficient for direct, contributory, and induced infringement claims[.]" Docket No. 113 at 7. While the "Federal Circuit and a range of

district courts have concluded that the sample complaint of Form 18 meets the *Twombly* standard," *Sharafabadi v. University of Idaho*, 2009 WL 4432367, at *2 (W.D. Wash. Nov. 27, 2009) (citing, *inter alia*, *McZeal*, 501 F.3d at 1356-58), plaintiff's reliance here on *McZeal* , which was decided after *Twombly* but before *Iqbal*, is misplaced. *McZeal* addressed the adequacy of a pro se plaintiff's allegations of *direct* infringement. See 501 F.3d at 1356-58; *see Asentinel LLC v. The Info Group, Inc., et al.*, 2011 WL 3667517, at *4 (W.D. Tenn. Aug. 3, 2011) (Report and Recommendation) ("*McZeal* did not address the applicability of Form 18 to indirect infringement claims. Moreover, *McZeal* was decided before *Iqbal*.), *adopted by Asentinel LLC v. Anchorpoint, Inc.*, 2011 WL 3667651 (W.D. Tenn. Aug. 22, 2011).[1] Form 18, outlining the elements of a *direct* infringement claim, only requires "(1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that the defendant has been infringing the patent by making, selling, and using the device embodying the patent; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages." *Asentinel*, 2011 WL 3667517, at *3. Indirect infringement claims, however, contain additional elements left entirely unaddressed by Form 18. Consequently, the Court identifies no persuasive reason not to apply *Twombly* and *Iqbal* to plaintiff's claims of indirect infringement. *See Asentinel LLC*, 2011 WL 3667517, at *3 ("'Both types of indirect infringement include additional elements, none of which Form 18 even purports to address. In the absence

---

[1] *Cf. Wistron Corp. v. Phillip M. Adams & Associates, LLC*, 2011 WL 4079231, at *3 (N.D. Cal. Sep. 12, 2011) ("Numerous district courts have recognized that there is an apparent tension between what Form 18 and what *Twombly* and *Iqbal* deem sufficient.").

of any other form that addresses indirect infringement and is made binding on the courts through Rule 84, the Court must apply the teachings of *Twombly* and *Iqbal*.'") (quoting *Elan Microelecs. Corp. v. Apple, Inc.*, 2009 WL 2972374, at *2 (N.D. Cal. Sep. 14, 2009); *see also Technology Licensing Corp. v. Technicolor USA, Inc.*, 2010 WL 4070208, at *2 (E.D. Cal. Oct. 18, 2010) ("No adequate justification exists for holding indirect infringement claims, which contain additional elements not found in direct infringement claims, to the standard of *McZeal* and Form 18.") (internal footnote omitted).[2]

Upon applying the governing pleading standards, it is clear that plaintiff's averments of indirect infringement against the Brother defendants are insufficient. In regard to the induced infringement claim, plaintiff's conclusory allegation that the Brother defendants "actively and knowingly aid[ed] and abett[ed] others to infringe," Docket No. 1 at 13, ¶ 43, without any facts in support of that allegation, is insufficient to state a viable claim for relief. *See Iqbal*, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Plaintiff fails to allege any facts "to plausibly state a claim that [the Brother defendants] . . . are specifically intending to induce others . . . to infringe [plaintiff's] patent." *In re Bill of Lading Transmission and Processing System Patent Litigation*, 695 F. Supp. 2d 680, 685 (S.D. Ohio 2010) (emphasis omitted); *see DSU Med. Corp.*, 471

---

[2]*Cf. Technology Licensing*, 2010 WL 4070208, at *2 n.5 ("The cases on which plaintiff relies in opposition to the motion appear to assume that the pleading requirements for direct and indirect infringement are identical, without providing any explanation. Having found no support for this assumption, and in light of the additional elements required for success on an indirect infringement claim, the court will decline to follow the cases plaintiff cites.") (citation omitted).

F.3d at 1305; *Air Vent, Inc. v. Owens Corning Corp.*, 2011 WL 2601043, at *4 (W.D. Pa. June 30, 2011) (dismissing induced infringement claim in part because of the complaint's failure to "contain any averments that [defendant] acted with the specific intent to induce or encourage any third party to infringe" plaintiff's patents). Indeed, plaintiff alleges no facts indicating that the Brother defendants had any knowledge of the patents. Instead, plaintiff essentially contends that merely including the word "knowingly" is sufficient. *See* Docket No. 113 at 9. The Court disagrees. *See Wistron Corp. v. Phillip M. Adams & Associates, LLC*, 2011 WL 4079231, at *5 (N.D. Cal. Sep. 12, 2011) ("Post-*Twombly* and *Iqbal*, courts have typically rejected conclusory allegations of knowledge."); *Xpoint Technologies, Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010) ("[P]laintiff . . . fails to allege sufficient facts that would allow the court to infer that [defendants] had any knowledge of the . . . patent at the time they were committing the allegedly infringing activities."); *see also Trading Technologies Int'l, Inc. v. BCG Partners, Inc.*, 2011 WL 3946581, at *4 (N.D. Ill. Sep. 2, 2011) (noting, in a case where plaintiff alleged sufficient facts in support of knowledge, that plaintiff had "allege[d] generally that the defendants had actual knowledge of the patents at issue" which, "[b]y itself, . . . would likely be too conclusory and not set out a plausible claim").[3]

---

[3]Plaintiff argues that, upon filing of the suit, the Brother defendants "cannot dispute that it has had knowledge of the Patents-in-Suit at least as early as the filing of [plaintiff's] Complaint." Docket No. 113 at 5 (citing *Schindler Elevator Corp. v. Otis Elevator Co.*, 2010 WL 1032651, at *9-10 (D.N.J. March 16, 2010)). Even assuming that were true, *cf. Xpoint*, 730 F. Supp. 2d at 357 ("[K]nowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement") (citing *Mallinckrodt, Inc. v. E-Z-Em Inc.*, 670 F. Supp. 2d 349, 354 n.1 (D. Del. 2009)); *Aguirre v. Powerchute Sports, LLC*, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011), mere knowledge is not enough to support a claim for induced infringement. *See DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006);

As for plaintiff's contributory infringement claim, the complaint lacks any non-conclusory allegations indicating that the Brother defendants have sold "a component with knowledge that the component is especially designed for use in a patented invention, and is not a staple article of commerce suitable for substantial non-infringing use." *Spansion, Inc. v. ITC*, 629 F.3d 1331, 1353 (Fed. Cir. 2010). Rather, plaintiff again merely recites statutory language from 35 U.S.C. § 271(c) without allegations of "knowledge of [defendant] that [its product] was 'especially made or especially adapted for use in an infringement.'" *Air Vent*, 2011 WL 2601043, at *5; *see In re Bill of Lading*, 695 F. Supp. 2d at 687; *see also Weiland Sliding Doors and Windows, Inc. v. Panda Windows and Doors, LLC*, 2011 WL 3490471, at *4 (S.D. Cal. Aug. 10, 2011) (concluding that allegation of contributory infringement that did "nothing more than mirror statutory language" was insufficient). In the absence of such minimally sufficient allegations, plaintiff's contributory negligence claim must be dismissed. *Cf. California Institute of Computer Assisted Surgery, Inc. v. Med-Surgical Services, Inc.*, 2011 WL 672709, at *5 (N.D. Cal. Feb. 16, 2011) ("The Court finds that CICAS has satisfied this requirement because it asserted that the items were 'material' and 'specifically adapted' for use in [defendant's product].").

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Brother defendants' motions to dismiss [Docket Nos. 81, 82] are GRANTED. Plaintiff's claims for contributory infringement and inducement of direct

---

*Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1363 (Fed. Cir. 2003).

infringement against defendants Brother Industries, Ltd. and Brother International Corporation are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). BIAX may file an amended complaint on or before February 29, 2012 addressing these deficiencies.

DATED February 15, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge