IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-03013-PAB-KLM

BIAX CORPORATION,

      Plaintiff/Counterclaim Defendant,

v.

BROTHER INTERNATIONAL CORPORATION,
BROTHER INDUSTRIES, LTD.,

      Defendants,

and

MOTOROLA SOLUTIONS, INC.,
MOTOROLA MOBILITY, INC.,
HEWLETT-PACKARD COMPANY,
CISCO SYSTEMS, INC.,
RICOH AMERICAS CORPORATION, and
RICOH COMPANY, LTD.,

      Defendants/Counterclaimants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on **Defendants Motorola Mobility Inc.'s, Motorola Solutions, Inc.'s, and Hewlett-Packard Company's Expedited Motion to Modify the Scheduling Order, or in the Alternative for a Status Conference** [Docket No. 270; Filed April 25, 2012] (the "Motion").  The Court ordered an expedited briefing schedule on April 26, 2012 [#274].  Plaintiff filed a Response in opposition to the Motion on May 8, 2012 [#277], and Defendants Motorola Mobility Inc., Motorola Solutions, Inc., and Hewlett-

1

Packard Company (the "Motorola/HP Defendants") filed a Reply on May 14, 2012 [#278]. The Motion is thus ripe for review.

The Motorola/HP Defendants ask the Court to modify the discovery schedule entered on April 24, 2012 [#268].  The basis of the Motorola/HP Defendants' request is the bifurcation of claim construction by the District Judge.  The District Judge limited the *Markman* Hearing to "the construction of the terms 'condition code register' and 'condition storage'," for the purposes of determining whether those terms are dispositive as to the infringement allegations.  *Tr.*, [#263] at 18, 6.  More specifically, the terms pertain to the issue of "shared access," which was dispositive in another case concerning the same patents, *BIAX Corp. v. NVIDIA Corp.*, No. 09-cv-01257-PAB-MEH, 2012 WL 503519 (D. Colo. Feb. 15, 2012).

The Motorola/HP Defendants ask the Court to phase expert discovery and the filing of motions for summary judgment in two parts: first, addressing the issue of "shared access", and second, addressing the remaining issues (*i.e.*, "other technical theories, invalidity, inequitable conduct, and damages").  [#270] at 6.  Plaintiff opposes the request, and contends that it needs full discovery "to demonstrate that [the disputed products] satisfy the shared-access properties of the asserted claims of the patents-in-suit." [#277] at 3.  Additionally, Plaintiff states that bifurcating discovery and dispositive motions would result in prolonged proceedings, inefficiencies, and higher costs.  *Id.* at 7.  The parties agree that the District Judge is conducting the *Markman* Hearing in two stages.

The Court agrees with the Motorola/HP Defendants' reasoning and adopts its suggested schedule, in part.  The District Judge has already decided that first addressing the "shared access" issue is more efficient and preferable to adjudicating all aspects of this

2

case at once, as evidenced by his approach to the *Markman* Hearing.  The Court follows the logic of this determination, as requiring the parties to engage in expensive expert discovery that could ultimately prove unnecessary is imprudent given the bifurcation of claim construction in this matter.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#270] is **GRANTED IN PART** and **DENIED IN PART**.  The Preliminary Scheduling Order entered May 5, 2011 [#128], and amended on November 14, 2011 [#210] and April 24, 2012 [#268], is further modified as follows:

| | |
|---|---|
| Fact discovery cut-off: | **June 15, 2012**, for the purposes of completing depositions and responding to discovery requests already issued |
| Initial expert reports: | The later of **July 16, 2012**, or 30 days after the *Markman* ruling, and limited to the "shared access" issue |
| Rebuttal expert reports: | The later of **August 15, 2012**, or 30 days after the initial expert reports deadline, and limited to the "shared access" issue |
| Expert discovery cut-off: | The later of **September 14, 2012**, or 30 days after the rebuttal expert reports deadline, and limited to the "shared access" issue |

IT IS FURTHER **ORDERED** that the dispositive motions deadline is **VACATED**.  At the *Markman* Hearing, the District Judge indicated his intent to "take up the issue of whether [to] set a summary judgment schedule" after the issuance of the claim construction order.  *Tr.*, [#263] at 19.

IT IS FURTHER **ORDERED** that these deadlines are subject to change, either *sua sponte* by the Court or on motion by the parties, dependent on the outcome of the claim

construction order.

Dated:  May 16, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge