IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-03013-PAB-KLM

BIAX CORPORATION,

        Plaintiff/Counterclaim Defendant,

v.

BROTHER INTERNATIONAL CORPORATION,
BROTHER INDUSTRIES, LTD.,

        Defendants,

and

MOTOROLA SOLUTIONS, INC.,
MOTOROLA MOBILITY, INC.,
HEWLETT-PACKARD COMPANY,
CISCO SYSTEMS, INC.,
RICOH AMERICAS CORPORATION, and
RICOH COMPANY, LTD.,

        Defendants/Counterclaimants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

       This matter is before the Court on **Plaintiff BIAX's Motion for Clarification of the Preliminary Scheduling Order Regarding its Infringement Contentions against HP and Motion to Compel Related Discovery** [Docket No. 282; Filed May 21, 2012]; **Defendants Motorola Mobility, Inc., Motorola Solutions, Inc., Hewlett-Packard Company, Ricoh Americas Corporation, and Ricoh Company, LTD.'s Motion to Compel** [Docket No. 298; Filed May 31, 2012]; **Plaintiff BIAX's Second Motion to**

**Restrict Access** [Docket No. 309; Filed June 4, 2012]; **Plaintiff BIAX and Third Parties Broadcom Corp. and NetLogic Microsystems, Inc.'s Motion for Entry of Supplemental Broadcom and NetLogic Protective Order** [Docket No. 311; Filed June 4, 2012] and **Plaintiff BIAX's Motion to Extend Fact Discovery Deadline for the Limited Purpose of Taking Third Party LSI Corporation's Deposition** [Docket No. 319; Filed June 8, 2012]. The Motions are referred to this Court for resolution. [## 286, 302, 312, 313, 320]. The Court addresses each Motion in turn, and *sua sponte* addresses the outstanding discovery disputes presented by the parties.

I.     **Plaintiff BIAX's Motion for Clarification of the Preliminary Scheduling Order Regarding its Infringement Contentions against HP and Motion to Compel Related Discovery [#282]**

A.     **Background**

Plaintiff BIAX served its first set of infringement contentions on June 30, 2011, and identified Defendant Hewlett-Packard Company's ("HP") products by the type of microprocessor, *i.e.*, MIPS32 and MIPS64, and in part by product name. *See* [#282-1]. After obtaining discovery regarding more of HP's products utilizing the microprocessors at issue, BIAX moved to amend its infringement contentions in an unopposed motion, which the Court granted on December 8, 2011 [#217]. BIAX now moves to compel HP's discovery responses as to "financial or sales information" related to the products identified in a second set of amended infringement contentions (third set in total); BIAX avers that HP refused to provide responses on May 17, 2012, because HP believes that the products are outside of the scope of the infringement contentions. BIAX further requests that the Court clarify that the Scheduling Order does not require supplementation of BIAX's infringement

contentions, because BIAX sufficiently identified HP's disputed products by type of microprocessor in the first instance.

In response, HP explains that it has disputed the infringement contentions since service of the first set in June 2011, and conferred with BIAX regarding the second set in December 2011. *See* [#287]. HP attests that BIAX must include the source code lines in each source code file at issue in the infringement contentions and has not done so, despite the fact that BIAX had access to the source code for over 120 days (including through March 2012). HP states that BIAX attempted to serve second amended infringement contentions (the third set of infringement contentions in total) without leave of court on April 16, 2012, and that these contentions include citations to source code produced as early as September 2011. HP argues that the second amended infringement contentions are untimely, and that instead of filing a motion to amend in April, BIAX improperly waited until the end of May to file the instant motion to "clarify." HP asserts that BIAX cannot establish good cause for allowing late amendment, because it has had all of the necessary information, and nonetheless waited until April to provide it.

In sum, HP argues that

BIAX's lack of due diligence is apparent because: (1) BIAX did not list any HP nonprinter products despite admitting it performed a diligent investigation of all potentially infringing products before this case began; (2) BIAX does not change its list of accused products in its proposed Second Amended [accused claims and infringement contentions ("ACICs")] despite conceding that HP has provided discovery on these products (including interrogatory responses that expressly listed the non-printer products that BIAX claims are "included"); (3) BIAX has reviewed printer product source code almost nine months ago and reviewed the source code for unaccused products more than two months ago, yet BIAX still hasn't changed its description of what is accused in this case; and (4) BIAX affirmatively elected not to include any non-printer products despite HP's repeated and longstanding objections that these products were not within the scope of accused products.

3

[#287] at 12.

In reply, BIAX claims that the Scheduling Order permits it to identify the accused products only by the type of microprocessor, and that it is not necessary for BIAX to identify the accused products by HP product model name and number. *See* [#308]. BIAX argues that it was HP's discovery obligation to fully respond to its written discovery requests (namely, Interrogatory Nos. 1 and 2) by identifying all HP products with MIPS32 or MIPS64 microprocessors, but HP did not do so. Thus, to the extent that the Court may believe that amendment of BIAX's infringement contentions is necessary, good cause exists to allow amendment in light of the delay caused by HP.

**B.    Analysis**

The Preliminary Scheduling Order provides that BIAX's infringement contentions must contain the following information: "Separately for each asserted claim, each accused apparatus, product, device, process, method, act or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;" . . . "Each product, device, and apparatus shall be identified by name or model number, if known, ***or by the type of microprocessor used in the accused product or device*** (e.g., BIAX may identify the Accused Instrumentalities as those products having a specific microprocessor identified by name or product #.)." [#128] at 15, 17 (emphasis added).

Construing the above-stated language plainly, the Court agrees with BIAX that it may identify HP's accused products by type of microprocessor only, without further identifying the product's name or number.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion for Clarification [#282] is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**.  The Motion is GRANTED to the extent that the Court finds that BIAX properly identified HP's accused products by type of microprocessor, pursuant to the instructions stated in the Preliminary Scheduling Order. The Motion is DENIED WITHOUT PREJUDICE to the extent that BIAX requests that the Court enter an order compelling production of financial information related to the accused products.  The parties shall follow the below-stated discovery dispute procedure (*see* Section VI) with regard to this request.

II. **Defendants Motorola Mobility, Inc., Motorola Solutions, Inc., Hewlett-Packard Company, Ricoh Americas Corporation, and Ricoh Company, LTD.'s Motion to Compel [#298]**

Defendants Motorola Mobility, Inc., Motorola Solutions, Inc., Hewlett-Packard Company, Ricoh Americas Corporation, and Ricoh Company, LTD ("Defendants") contend that BIAX has not disclosed its theory on the "shared access" requirement, and that its infringement contentions are thus deficient.  *See* [#298].  Defendants state that they should not have to wait to learn about BIAX's shared access infringement theory until BIAX discloses its expert reports, which are due on July 16, or 30 days after the District Judge's *Markman* ruling.  More specifically, Defendants attest that BIAX has failed to:

1) "identify the complete list of claimed 'processor elements' (or 'circuits') for any single accused product or group of products";

2) "identify the complete list of claimed 'condition code registers' (or 'condition storage') for any single accused product or group of products";

3) "explain how or why it instead cherry-picks **particular** memory locations or circuitry as 'examples' of 'processor elements' or 'condition storage' for purposes of its infringement analysis"; or

4) allege that "all 'processor elements' or 'circuits' share access to all 'condition code registers' or 'condition storage,' much less explain the basis for such allegation." *Id.* at 7 (emphasis in original).

Defendants ask the Court to enter an order compelling BIAX to amend its infringement contentions and discovery responses to include any additional "shared access" infringement theory within seven days of the issuance of such order. In the absence of amended infringement contentions, Defendants request entry of an order stating that BIAX is bound by its existing infringement contentions.

Also in their Motion, Defendants anticipated BIAX's request restated below regarding third party disclosure of source code. Defendants argue that BIAX may use the disclosure of third party source code to substantiate its infringement theories, but that BIAX still maintains the obligation to have disclosed those infringement theories in the first instance. *Id.* at 4. Defendants aver that BIAX has had access to the relevant source code "for weeks," and in any event, "the purpose of infringement contentions is to crystallize theories early so as to focus the case, not to delay disclosing theories until fact discovery closes." *Id.* at 11.

On June 4, 2012, the Court instructed BIAX to file a Response on or before June 11, 2012, and that no reply would be permitted. [#307]. BIAX timely filed its Response, and

concedes its agreement to "provide additional details about its infringement positions on the 'shared access' claim construction issue." [#321] at 2.  BIAX construes the dispute at issue as over timing, and asks the Court to set a date for BIAX to supplement its infringement contentions at either two weeks after the District Judge's *Markman* ruling or 30 days after the production of source code by third-party chip manufacturers PMC-Sierra and Broadcom, whichever is later.  *Id.*  BIAX cites to the Preliminary Scheduling Order in support of its request.  *Id.* at 2-3.

Alternately, BIAX attests that it should supplement its infringement contentions after the District Judge issues the *Markman* ruling, because at that time, BIAX will not have to speculate as to the construction of the shared access claim construction terms.  *Id.* at 3. BIAX cites to the transcript of the Status Conference held on March 8, 2012 before the District Judge, in which he asked counsel for BIAX how long it would take for BIAX to provide "a more definite statement as to the issue of shared access."  *Tr.*, [#263] at 17. Counsel for BIAX clarified the question as inquiring into how long it would take BIAX "to explain to the defendants what the two processors are and why they have shared access," and responded that such explanation would take one to two weeks to prepare.  *Id.* at 18. The District Judge then stated that the issues of a summary judgment schedule as well as a more definite statement from BIAX (referring to the shared access contentions) would be reviewed once the matter of claim construction had been resolved.  *Id.* at 18-19 ("But we won't decide that either today or, of course, next week either, but we will simply see what construction is adopted and then go from there.").

In light of the District Judge's statements on the record as to the issue presented by Defendants' Motion to Compel,

IT IS HEREBY **ORDERED** that the Motion to Compel [#298] is **DENIED WITHOUT PREJUDICE**.  BIAX shall supplement its infringement contentions *two weeks* after the District Judge's *Markman* ruling, as discussed during the Status Conference on March 8, 2012, absent an Order of the Court instructing otherwise.  The Court declines to set an alternate due date contingent on production of source code, as it finds persuasive Defendants' position that source code is intended to substantiate, not support disclosure of, infringement contentions.  This conclusion is consistent with the instruction stated in the Preliminary Scheduling Order.[1]

### III.    Plaintiff BIAX's Second Motion to Restrict Access [#309]

In accordance with D.C.COLO.LCivR 7.2C., the Motion to Restrict Access [#309], which is unopposed, was publicly posted to allow for any objections to the sealing of the documents.  No timely objections were filed.  Pursuant to D.C.COLO.LCivR 7.2, the Court finds that the presumption of public access to Court files is outweighed by the parties' interest in privacy, and the parties have shown that a less restrictive alternative is not practicable.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Restrict Access [#309] is **GRANTED**.

---

[1]  The Preliminary Scheduling Order provides as follows:

To the extent a Defendant or third party, after BIAX provides its Infringement Contentions, produces source code, . . . BIAX may supplement its infringement charts for the Accused Instrumentality with *additional detail* on which BIAX may rely concerning the accused aspects or elements without seeking leave of Court. Such additional detail shall include identifying the source code lines in each source code file that BIAX contends meets the asserted claim element.  Any supplementation shall be within the scope of BIAX's existing Infringement Contentions and must be served within 30 days of BIAX's receipt of the documents or materials.

[#128] at 22 (emphasis added).

IT IS FURTHER **ORDERED** that the Clerk of the Court is directed to maintain the following documents **UNDER RESTRICTION** at **LEVEL 2**:[2] Exhibits 13 and 20 of BIAX's Reply in Support of Motion for Clarification, located at Docket No. 310.

**IV.    Plaintiff BIAX and Third Parties Broadcom Corp. and NetLogic Microsystems, Inc.'s Motion for Entry of Supplemental Broadcom and NetLogic Protective Order [#311]**

BIAX represents that Cisco Systems, Inc., the Ricoh Defendants, and Motorola Mobility, Inc. do not oppose the relief requested, but that Motorola Solutions, Inc. and HP are opposed.  Broadcom and NetLogic agree to the terms of the proposed supplemental protective order included with this Motion, which is intended to protect the disclosure of certain source code that these entities have agreed to make available for inspection, as responsive to a third-party subpoena served by BIAX.  The Court thus finds good cause for entry of the proposed "Consented Supplemental Protective Order Re Broadcom and NetLogic Source Code."  *See Int'l Bhd. of Teamsters, Airline Div. v. Frontier Airlines, Inc.*, Case No. 11-cv-02007-MSK-KLM, Min. Ord. No. 44 (D. Colo. Mar. 7, 2012) (permitting amendment of stipulated protective order to include nonparty responding to a subpoena). Accordingly,

IT IS HEREBY **ORDERED** that the Motion for Entry of Supplemental Broadcom and NetLogic Protective Order [#311] is **GRANTED**.  The proposed Consented Supplemental Protective Order Re Broadcom and NetLogic Source Code is accepted with interlineations and entered contemporaneously with this Order.

---

[2]   Level 2 limits access to the documents to the filing party and the Court.  *See* D.C.COLO.LCivR 7.2B.5.

V.     **Plaintiff BIAX's Motion to Extend Fact Discovery Deadline for the Limited Purpose of Taking Third Party LSI Corporation's Deposition [#319]**

BIAX asks the Court for a four-day extension of the fact discovery deadline for the sole purpose of conducting the technical deposition of third party LSI Corporation.  BIAX states that Defendants oppose the requested relief.  Pursuant to the representations of diligence made by BIAX in the Motion, the Court finds that good cause exists to permit the brief extension for the identified purpose.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Extend Fact Discovery Deadline [#319] is **GRANTED** as follows.  The fact discovery deadline is extended up to and including **June 19, 2012**, for the sole purpose of conducting the deposition of third party LSI Corporation.

VI.    **Discovery Disputes**

On June 7, 2012, the Court held a hearing regarding the issue of whether damages discovery should be bifurcated from other fact discovery in this matter.  *See* [#317].  The Court has determined that it will not *sua sponte* bifurcate fact discovery at this late stage of the litigation.  Accordingly,

IT IS HEREBY **ORDERED** that the Minute Order entered May 31, 2012 [#304] is **REINSTATED**.  Counsel for Plaintiff and the Ricoh Defendants shall brief the issues in regard to Plaintiff's oral Motion to Compel made at the May 31, 2012 hearing.  Plaintiff's brief in support of its oral Motion to Compel shall be filed on or before **June 20, 2012**.  The Ricoh Defendants may respond to Plaintiff's brief on or before **July 5, 2012**, or within **14 days** of the filing of Plaintiff's brief, if filed before June 20, 2012.  The Court will take the matter under advisement and enter a written order in due course.

IT IS FURTHER **ORDERED** that the undersigned's Telephonic Discovery Dispute Procedure is **SUSPENDED** in this matter.  Discovery disputes shall be handled by motions and briefing on the record.  The parties need not call Chambers before filing any opposed discovery motion.  Any motion must comply with all applicable federal and local rules.

IT IS FURTHER **ORDERED** that all fact discovery disputes must be presented to the Court by motion filed on or before **June 20, 2012**.  Any response shall be due within ***14 days*** of the filing of a discovery motion, or no later than **July 5, 2012**.  No replies will be permitted, absent an Order of the Court directing otherwise.  Motions and responses are limited to ***no more than 15 pages***, not including the Certificate of Service.  The Court advises the parties to employ **brevity** and **clarity** when stating any request for relief.  If appropriate, the Court will adjust the case management dates and deadlines as needed. *See* [#280].

Dated:  June 13, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge