IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03013-PAB-KLM

BIAX CORPORATION,

    Plaintiff/Counterclaim Defendant,

v.

MOTOROLA SOLUTIONS, INC.,
MOTOROLA MOBILITY, INC.,
HEWLETT-PACKARD COMPANY,
RICOH AMERICAS CORPORATION, and
RICOH COMPANY, LTD.,

    Defendants/Counterclaimants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion for Leave to File a Motion to Compel** [Docket No. 374; Filed August 10, 2012] and **Motion to Compel** [Docket No. 375; Filed August 10, 2012] (the "Motions"). The Motions were filed with the Court on August 10, 2012. In the Motions, Plaintiff requests that the Court order Defendant Hewlett-Packard Company to supplement its discovery responses by August 16, 2012, and that the Court allow additional depositions of Defendant HP until August 24, 2012.

The Court has developed discovery dispute resolution procedures which are designed to provide quick access to the Court and, if all goes well, quick rulings on discovery disputes. If these procedures were utilized, there would be a chance that a ruling might be issued before the dates invoked by Plaintiff. These procedures were in place in

1

this case for a certain period of time. However, the Court eventually abandoned the discovery procedures due to the voluminous, interrelated and complex discovery issues repeatedly raised by the parties. In doing so, the Court ordered the parties to present "all fact discovery disputes. . . by motion on or before June 20, 2012." [#322] at 11.

Plaintiff contends that it could not have raised the dispute presented in the Motions by June 20, 2012. That may be true, but as a practical matter, it is impossible for the Court to grant the relief sought by Plaintiff. Pursuant to the Court's previous Order regarding briefing on fact discovery motions (which allows the filing of responses within fourteen days), *see* [#322], Defendant's response to the Motions is due on August 24, 2012. In the event that there is a question as to whether the Court's previous Order remains applicable because the Motions were not filed by June 20, Local Rule 7.1C. governs the response time allocated to Defendant. Pursuant to Local Rule 7.1C., Defendant's response to the Motions is due on or before August 31, 2012. Either way, the deadline for Defendant's response is on or after the dates by which Plaintiff wants the Court to order Defendant to do certain things. Apparently Plaintiff either expects the Court to rule without hearing from Defendant, or failed to consider the timing of a Response. In my view, neither possibility is acceptable. When the Court cannot, as a practical matter, grant the relief sought by a party in its motion, the motion is frivolous.

In light of the above, Plaintiff has three options: (1) to file amended Motions by no later than **August 16, 2012** stating reasonable dates for the requested relief, taking into account a fourteen-day period for the filing of Defendant's response; or (2) to withdraw the Motions; or (3) to prepare to argue against the imposition of sanctions for the filing of frivolous discovery motions.

SO ORDERED.

Dated: August 15, 2012

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge